UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL CASES | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**DISCOVERY ORDER NO. 1 – AUTHORIZING NARROW PRODUCTION OF MATERIALS PREVIOUSLY PRODUCED IN CONNECTION WITH STATE INVESTIGATIONS** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court has been engaged in an ongoing discussion with the parties since the first case management conference concerning an initial production of materials that certain defendants have already produced in connection with state investigations overlapping with the allegations at issue here. At the last case management conference, the defendants were ordered to submit the information requests under seal for the Court to review *in camera*. Submissions were filed on behalf of the Meta defendants,[1] and TikTok, Inc. and ByteDance, Inc. collectively. (Dkt. Nos. 114, 116.) As to the remaining defendants, the Court understands that there have been no relevant productions, obviating the need for a submission.

---

[1] Those defendants are: Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg.

Consistent with discussions on the record and prior orders, the Court finds that a narrow production of previously-produced relevant materials imposes little burden on the defendants and promotes judicial efficiency in this multi-district litigation. The defendants' invocation of the Communications Decency Act ("CDA") to stay an initial production also does not persuade since the scope of the CDA is pending Supreme Court review, and there are genuine disputes about how the defendants' platforms functioned with respect to the claims and harms asserted in these proceedings. A fulsome master complaint(s) at this juncture will streamline these proceedings at their conception, including how the CDA relates to the underlying claims, if at all.

The Court's review of the submissions further confirms that any burdens are minor or *de minimis* at this juncture and are significantly outweighed by the efficiencies created. The Meta defendants submitted 13 information requests (8 of which are duplicative), whereas TikTok, Inc. and ByteDance, Inc. submitted 10 (8 of which are duplicative). Since the Court understands that this case is not about content specifically and is instead about the unique creation and use of algorithms to target and addict adolescents, the Court reviewed the individual requests and identified those focused on the defendants' development of their products,[2] development of those products in connection with youth engagement, adolescents' general use of those products, and the defendants' knowledge of unique issues and harms impacting adolescent users. Requests that would not be relevant to the anticipated allegations in the complaint are excluded. Based upon an exacting review, the Court finds that production of materials in connection with the following requests is appropriate:

---

[2] The Court uses the word product because it was used in many of the information requests to discuss the defendants' platforms. This use shall not be construed as having any meaning with respect to the product liability claims that will be litigated in this case.

| META DEFENDANTS ||
| --- | --- |
| **DKT. NO.** | **DOCUMENT REQUEST NOS.** |
| Dkt. No. 116-1,[3] Ex. No. 1 | 10, 14, 18, 19-20, 23, & 28 |
| Dkt. No. 116-1, Ex. No. 2 | 1, 11, 15-17, 19-20, 26-27, 29, & 31 |
| Dkt. No. 116-1, Ex. 3[4] | 2-6, 11, & 14 |

| TIKTOK, INC. AND BYTEDANCE, INC. ||
| --- | --- |
| **DKT. NO.** | **DOCUMENT REQUEST NOS.** |
| 114-4[5] | 3-4, 6, 11, 21, 24, & 26 |

Because the requests were submitted for *in camera* review and have been sealed, plaintiffs do not know their contents. The Court expects the parties to promptly stipulate to a protective order as the Northern District has model orders. The relevant defendants shall produce redacted versions of the information requests to plaintiffs' counsel. The unredacted portions shall include (i) sufficient introductory content to identify the source of the requests and (ii) the specific numbered requests identified in this Order. Productions pursuant to this Order shall occur no later than 10:00 a.m. on January 17, 2023.

---

[3] The Meta defendants filed all files as one PDF. Pursuant to the local rules, individual files should be separately attached in ECF. These filings rules exist to help identify individual documents on the record and streamline review.

[4] Since Exhibits 3 through 10 are duplicates, the Court understands that the productions would largely overlap. In order to mitigate any burdens, the Meta defendants are only being directed to produce documents from one investigation. The Court is not ordering any productions from Exhibits 11 through 13 on the grounds that they appear duplicative of other requests and responses. In total, out of 357 total individual document requests, the Court is ordering production as to 25.

[5] Since Docket Numbers 114-4 through 114-11 are duplicative, the Court understands that the productions would largely overlap. In order to mitigate any burdens, TikTok, Inc. and ByteDance, Inc. are only being directed to produce documents from one investigation. The Court does not direct production from the remaining requests because they are either irrelevant or duplicative of the authorized production. In total, out of 279 total individual document requests, the Court is ordering production as to 7.

Now that the Court has authorized a narrow set of initial discovery, any future disputes that may arise in connection with discovery shall be submitted to Magistrate Judge Hixson consistent with his preferred processes and procedures.

**IT IS SO ORDERED.**

Dated: December 29, 2022

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

4