[*Parties and Counsel Listed on Signature Pages*]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>Honorable Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING DISCOVERY LIMITATIONS** |

Plaintiffs and Defendants (each a "Party" and collectively the "Parties") hereby submit the following Stipulation and [Proposed] Order Governing Discovery Limitations.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE COURT'S APPROVAL:

1. Plaintiffs as a group (including the JCCP Plaintiffs)[1] are allotted a combined total of up to 45 Interrogatories for each of the four main Defendant groups (*i.e.*, Meta, TikTok, Snap, and

---

[1] "Plaintiffs" refers to the MDL Personal Injury ("PI") Plaintiffs, MDL School District and Local Government Entity ("SD") Plaintiffs (together with the PI Plaintiffs, the "PI/SD Plaintiffs"), the MDL State Attorneys General ("State AGs"), and the JCCP Plaintiffs.

YouTube). The State AGs are further allotted a combined total of eight (8) additional Interrogatories for the Meta Defendants.

2. Plaintiffs as a group (including the JCCP Plaintiffs) are allotted a combined total of up to 45 Requests for Admission ("RFAs") for each of the four main Defendant groups (*i.e.*, Meta, TikTok, Snap, and YouTube).[2] The State AGs are further allotted a combined total of up to eight (8) additional RFAs for the Meta Defendants.

3. The Meta Defendants are allotted a combined total of up to 32 identical Interrogatories for each State AG. The Meta Defendants are further allotted a combined total of up to six (6) additional State-specific Interrogatories for each State AG.[3]

4. The Meta Defendants are allotted a combined total of up to 32 identical RFAs for each State AG. The Meta Defendants are further allotted a combined total of up to six (6) additional State-specific RFAs for each State AG.

**Depositions**

5. In addition to the 35 hours of depositions of each bellwether SD Plaintiff permitted by the Court, Defendants are allotted a combined total of up to ten (10) hours for Rule 30(b)(6) depositions of each bellwether SD Plaintiff.

6. Depositions of treating providers in any given bellwether PI case may not exceed five (5) hours of questioning by the Defendants.

7. With the exception of minors and treating providers, depositions of all other witnesses in any given bellwether PI case may not exceed seven (7) hours of questioning by the Defendants, and depositions of all other witnesses in any given bellwether SD case may not exceed ten (10) hours of questioning by the Defendants. The Parties shall meet and confer in advance of each deposition regarding estimated time lengths.

---

[2] The limitations on RFAs set forth in this Order do not include any RFAs that may be needed for purposes of authentication (to the extent the Parties are not able to stipulate to the authentication of documents through other means).

[3] The State AGs note that their agreements regarding interrogatories and RFAs on the State AGs are subject to their understanding that party discovery—including interrogatories and RFAs—is appropriate only as to the State AGs and not as to State agencies.

8. For good cause shown, a Party may seek an expansion or contraction of the discovery limits set forth above on a case-by-case basis or in a specific instance. Any Party seeking an expansion or contraction of the hours limit for a particular deposition shall meet and confer with the other side in advance of the deposition and, if the Parties are unable to agree on the requested expansion or contraction, the Party seeking the modification may raise the dispute with the Court in accordance with the Court's procedures for resolving discovery disputes. However, nothing in this agreement shall be used to delay or alter the ordered limitations of a properly noticed deposition should the dispute not be resolved before the date of the noticed deposition.[4]

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: March 6, 2024                            Respectfully Submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel*

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR

---

[4] The Parties further reserve the right to advocate for modifications of discovery limitations, including depositions and other discovery, in the event discovery on a particular Party becomes disproportionate, taking into account relevant factors.

RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

*Counsel to Co-Lead Counsel*

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

*Liaison Counsel*

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey LA, 70058
Telephone: (504) 227–8100
raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL

**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333

Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 */s/ Bianca E. Miyata*

Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 */s/ Bernard Eskandari*
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*pro hac vice*
Assistant Section Chief, Deputy Attorney General
Gina F. Pittore (NJ Bar No. 323552019),
*pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Gina.Pittore@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Division of Consumer Affairs*

COVINGTON & BURLING LLP

By: /s/ Ashley M. Simonsen
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

FAEGRE DRINKER LLP
By: /s/ Andrea Roberts Pierson
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

## **ATTESTATION**

I, Ashley Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 6, 2024

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen

**[PROPOSED] ORDER**

The Court hereby ORDERS the following limitations on discovery, pursuant to the Parties' Stipulation above and the Court's Discovery Management Order No. 3 (ECF 667).

**Interrogatories and Requests for Admission**

1. Plaintiffs as a group (including the JCCP Plaintiffs)[5] are allotted a combined total of up to 45 Interrogatories for each of the four main Defendant groups (*i.e.*, Meta, TikTok, Snap, and YouTube). The State AGs are further allotted a combined total of eight (8) additional Interrogatories for the Meta Defendants.

2. Plaintiffs as a group (including the JCCP Plaintiffs) are allotted a combined total of up to 45 Requests for Admission ("RFAs") for each of the four main Defendant groups (*i.e.*, Meta, TikTok, Snap, and YouTube).[6] The State AGs are further allotted a combined total of up to eight (8) additional RFAs for the Meta Defendants.

3. The Meta Defendants are allotted a combined total of up to 32 identical Interrogatories for each State AG. The Meta Defendants are further allotted a combined total of up to six (6) additional State-specific Interrogatories for each State AG.

4. The Meta Defendants are allotted a combined total of up to 32 identical RFAs for each State AG. The Meta Defendants are further allotted a combined total of up to six (6) additional State-specific RFAs for each State AG.

5. Defendants are allotted a combined total of up to fifteen (15) Interrogatories for each bellwether SD Plaintiff, ten (10) interrogatories for each minor (under age eighteen) bellwether PI Plaintiff, and seven (7) interrogatories for all other bellwether PI Plaintiffs. Defendants are further allotted a combined total of up to 15 RFAs for each bellwether PI Plaintiff and 17 RFAs for each bellwether SD Plaintiff.

---

[5] "Plaintiffs" refers to the MDL Personal Injury ("PI") Plaintiffs, MDL School District and Local Government Entity ("SD") Plaintiffs (together with the PI Plaintiffs, the "PI/SD Plaintiffs"), the MDL State Attorneys General ("State AGs"), and the JCCP Plaintiffs.

[6] The limitations on RFAs set forth in this Order do not include any RFAs that may be needed for purposes of authentication (to the extent the Parties are not able to stipulate to the authentication of documents through other means).

**Depositions**

6. The PI/SD Plaintiffs are allotted a combined total of up to 240 hours for fact and Rule 30(b)(6) depositions with respect to each of the four main Defendant groups (*i.e.*, Meta, Snap, TikTok, and YouTube). The State AGs are allotted up to an additional 48 hours for such depositions of the Meta Defendants. The length of any such deposition shall not exceed twelve hours per deponent. The Parties shall meet and confer in advance of each deposition regarding estimated time lengths.

7. Hours allotments for fact and Rule 30(b)(6) depositions with respect to the State AGs shall be set forth in a separate, further order.

8. Defendants are allotted a combined total of up to 30 hours for fact depositions of each bellwether PI Plaintiff and a combined total of up to 35 hours for depositions of each bellwether SD Plaintiff. Defendants are allotted a combined total of up to ten (10) hours for Rule 30(b)(6) depositions of each bellwether SD Plaintiff. Depositions of minor bellwether PI Plaintiffs (where minors are those persons under age eighteen (18)) shall be limited to a maximum of three (3) hours in single-defendant cases and a maximum of four (4) hours in multi-defendant cases. Depositions of treating providers in any given bellwether PI case may not exceed five (5) hours of questioning by the Defendants.

9. Depositions of all other witnesses in any given bellwether PI case may not exceed seven (7) hours of questioning by the Defendants, and depositions of all other witnesses in any given bellwether SD case may not exceed ten (10) hours of questioning by the Defendants. The Parties shall meet and confer in advance of each deposition regarding estimated time lengths.

10. For good cause shown, a Party may seek an expansion or contraction of the discovery limits set forth above on a case-by-case basis or in a specific instance. Any Party seeking an expansion or contraction of the hours limit for a particular deposition shall meet and confer with the other side in advance of the deposition and, if the Parties are unable to agree on the requested expansion or contraction, the Party seeking the modification may raise the dispute with the Court in accordance with the Court's procedures for resolving discovery disputes. However, nothing in this agreement shall be used to delay or alter the ordered limitations of a properly noticed deposition should the dispute not be resolved before the date of the noticed deposition.

**IT IS SO ORDERED.**

Dated: _____          _____
                                   MAGISTRATE JUDGE PETER H. KANG