1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: *Social Media Adolescent*              Case No.:  4:22-md-03047-YGR
     *Addiction/Personal Injury Products Liability*
12   *Litigation*                                  MDL No. 3047

13   This document relates to:                     **STIPULATION AND [PROPOSED]**
     All Actions                                   **ORDER REGARDING PROTECTED**
14                                                  **COUNSEL COMMUNICATIONS AND**
                                                    **GOVERNING PRIVILEGE LOG**
15                                                  **PROTOCOL**

16

17

18          This Stipulation and Order Regarding Protected Counsel Communications and Governing

19   Privilege Log Protocol ("Order") shall apply to certain protected communications between

20   counsel or govern the procedures for withholding documents from discovery based on a

21   recognized claim of privilege or protection of responsive documents that would otherwise be

22   subject to discovery. This Order applies equally to all parties, who for the purposes of below

23   shall be designated in their various roles as either the "Producing Party" or "Receiving Party"

24   (defined below). All deadlines and timeframes in this order that reference "days" are referring to

25   calendar days and not business days.

26   **I.     DEFINITIONS**

27          All capitalized terms are defined as in the Protective Order (ECF No. 665) entered in the

28   Action unless otherwise defined below.

A.  <u>JCCP 5225</u>: JCCP 5225 shall refer to the actions currently included in JCCP 5225, any other action hereafter added or transferred to JCCP 5225, and all actions later remanded to their respective transferor courts from JCCP 5225.

B.  <u>Discovery Material</u>: all items, documents, or other information, regardless of the medium or manner in which it is generated, stored, or maintained, that is subject to discovery.

C.  <u>Government Counsel</u>: attorneys, as well as their support staff, supervisors, law clerks, investigators, and any other employees of a government law office or consumer protection agency that represents a Party to the Action, JCCP 5225, or a Related Litigation.

D.  <u>Non-Filing Government Counsel</u>: attorneys, as well as their support staff, supervisors, law clerks, investigators, and any other employees of a government law office or consumer protection agency, that were part of the multistate coalition investigating the claims and allegations related to this Action and Related Litigation, and that have not brought suit in this Action or a Related Litigation.

E.  <u>Outside Legal Counsel</u>: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action or JCCP 5225 (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action, JCCP 5225, or a Related Litigation but are retained to represent a Party to this Action, JCCP 5225, or a Related Litigation or to advise a Party with respect to this Action, JCCP 5225, or a Related Litigation.

F.  <u>Privileged Material</u>: Discovery Material to the extent it is protected from discovery based on a claim of attorney-client privilege, work product protection, or any other applicable privilege or claim of protection.

G.  <u>Receiving Party</u>: a Party that receives Discovery Material or a description of Discovery Material which is designated as whole or in part as Privileged Material.

H.  <u>Related Litigation</u>: litigations listed by caption in Appendix A, or as supplemented.

II.  **PROTECTED COUNSEL COMMUNICATIONS**

Cooperation by and among Plaintiffs' Outside Legal Counsel, including Government

Counsel, and by and among Defendants' Outside Legal Counsel, is essential for the orderly and expeditious resolution of this Action and JCCP 5225. The communication of information (A) among and between Plaintiffs' Outside Legal Counsel, including Government Counsel, and (B) among and between Defendants' Outside Legal Counsel, shall not be deemed a waiver of the attorney-client privilege or the protections afforded for attorney work product. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

### III.    PRIVILEGE LOG PROTOCOL

To the extent that Discovery Material is withheld from production on the basis of a good faith claim that it contains Privileged Material, the Producing Party shall produce a privilege log as set forth below within 45 days of the date by which the documents would otherwise have been produced if not for the claim of privilege or protection, unless another time is agreed to by the parties. Privilege logs shall be produced on a rolling basis.

A.    Exclusions from Logging Documents Reflecting Privileged Communications or Work Product:  To the extent that they contain Privileged Material, the following materials presumptively need not be logged on a privilege log:

1.    Communications with Counsel, including Government Counsel, expressly regarding this Action, JCCP 5225, or a Related Litigation after date of initial complaint filing;[1]

2.    Communications exclusively between and among any Plaintiffs' Outside Legal Counsel expressly regarding this Action or JCCP 5225, including pre-filing investigations regarding the allegations and claims asserted therein;

3.    Communications between and among Government Counsel and Non-Filing Government Counsel, including their Outside Legal Counsel, during the period encompassing the pre-suit investigation that culminated in this matter and Related Litigation regarding their investigations of the allegations and

---

[1] "[E]xpressly regarding this Action, JCCP 5255, or a Related Litigation" means a communication about the litigation activities themselves, not the subject matter of the lawsuits.

1        claims asserted in this Action. This exclusion from logging also applies to

2        their pre-suit investigations of other Defendants related to allegations and

3        claims asserted in this Action and Related Litigation, regardless of whether

4        any Government Counsel names the Defendant in a complaint.

5        4.    Work product regarding this Action, JCCP 5225, or a Related Litigation,

6        created by an attorney or at the direction of an attorney, who is part of a

7        Party's Counsel, including Government Counsel;

8        5.    Communications expressly regarding this Action, JCCP 5225, or a Related

9        Litigation exclusively between a Party and their Outside Legal Counsel or

10        Government Counsel;

11        6.    Communications expressly regarding this Action, JCCP 5225, or a Related

12        Litigation exclusively between and among either a Party's Outside Legal

13        Counsel or Government Counsel, including their Outside Legal Counsel, and

14        their Experts or professional vendors, and attorney work product created by

15        Experts or professional vendors, except (with respect to Communications

16        between and among a Party's Outside Legal Counsel or Government Counsel,

17        including their Outside Legal Counsel, and their testifying Experts) to the

18        extent the Communications:

19        a.   relate to compensation for the Expert's study or testimony;

20        b.   identify facts or data that the party's attorney provided and that the

21        expert considered in forming the opinions to be expressed;

22        c.   identify assumptions that the party's attorney provided and that the

23        expert relied on in forming opinions to be expressed.

24    Notwithstanding the foregoing, if a Party asserts that communications regarding interactions or

25    communications with any regulator or government agency, if any, are Privileged Material, other

26    than communications included in Section III.A.3, and those subject to the common interest

27    privilege such as those between Plaintiffs' counsel and State Attorneys General, such

28    communications shall be logged, irrespective of the involvement of counsel, including Outside

Legal Counsel who were retained for this Action. Nothing herein prohibits a Party from requesting a privilege log for materials presumptively excepted from logging upon a showing of good cause.

B.    Redacted Documents.  Any Discovery Material that contains both Privileged Material and non-privileged material must be disclosed with the purportedly privileged portion redacted. The redacted portion shall be indicated on the Discovery Material itself with the appropriate redaction type reflected in the metadata.  The Parties will not be required to log privilege redactions.

C.    Format.  Privilege logs shall be produced in Excel format that allows for text searching, sorting, and organization of data, and shall be produced in a cumulative manner, so that each subsequent privilege log includes all privilege claims from prior logs. No listings, therefore, shall be deleted from the log. If a privilege claim is withdrawn in whole or in part, the listing shall indicate that the claim was withdrawn in whole or in part.  The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies.

D.    Identification of Counsel.  The Producing Party shall identify on the privilege log the attorney, legal staff or personnel with an "ATTY" or exclamation mark.

E.    Metadata-Plus-Topic Log. For documents withheld on the basis of privilege or work product, the Producing Party shall provide a metadata log containing the below metadata fields (as defined in the ESI Order, ECF 690), a field or column indicating the privilege log volume, a category/topic field for the Privileged Material (*see* Appendix B), and a column to indicate if an entry was downgraded, modified, or withdrawn (*see* Section IV, *supra*).  The Producing Party shall review and analyze each document for privilege and will not rely solely on the metadata to make the determination.

1.   PRIV LOG ID

2.    BEGBATES

3.   ENDBATES

      4.  BEGATTACH

      5.  ENDATTACH

      6.  ALLCUSTODIANS

      7.  PRIV TYPE (e.g., Attorney-Client Privilege, Attorney Work Product, Common Interest)

      8.  FILENAME

      9.  EMAILSUBJECT

      10. AUTHOR

      11. TO/FROM/CC/BCC

      12. DATETIMESENT

      13. DATETIMERECEIVED

      14. DOCDATE

      15. DOCUMENT TYPE

      16. HASHVALUE

      17. ALLFILEPATHS

      18. DATELASTMODIFIED

      19. THREADID

    F.    <u>Narrative Log</u>. Alternatively, a Producing Party may elect to produce a narrative privilege log for documents withheld from production, which would contain a description field describing each document and the basis for the privilege assertion, in addition to the metadata fields listed in Section III.E above. Appendix B shall not apply to narrative logs.

    G.    <u>Listserv or Group Email</u>. To the extent that Listserv or group email addresses are identified on the privilege log, the Producing Party shall work in good faith to identify individuals and/or groups of individuals and/or groups of individuals who make up such Listserv or group email upon request, which may follow the production of the log.

H.     <u>Families of Discovery Material</u>. If an attachment (parent or child) to a Discovery Material or communication is being withheld, such attachment(s) shall be identified in the privilege log as separate entries. Families of Discovery Material shall be logged together in sequence with the parent document followed by any other withheld documents in the Discovery Material family to the extent multiple family members are privileged. A Producing Party shall not assert that Discovery Material constitutes Privileged Material on the sole basis that it is part of a family containing other Privileged Material or is attached to a communication with Outside Legal Counsel or its In-House Legal Department.

I.     <u>Lesser Inclusive Emails</u>. A Producing Party need not log lesser inclusive emails within the same email chain so long as the most-inclusive email record is logged.

J.     To the extent documents require a log format that differs from the requirements outlined above, the parties will meet and confer in good faith, and endeavor to agree upon an appropriate log format for such documents.

## IV.     <u>PRIVILEGE CHALLENGE PROTOCOLS</u>

Resolution of disputes regarding claims of privilege shall be in accordance with Section H of the Court's Standing Order for Discovery in Civil Cases.

A.     <u>Challenges to Privilege Claim</u>s: Following the receipt of a privilege log or documents that have been redacted for privilege, a Receiving Party may identify, in writing (by PRIV LOG ID or Bates number), the particular documents that it believes require further explanation. The Producing party shall use reasonable efforts to respond to requests within 10 days for challenges totaling 50 documents and under. If the challenge exceeds 50 documents, the Parties will meet and confer regarding a response time frame. The Parties shall meet and confer to try to reach a mutually agreeable solution.

B.     <u>Changes to Redactions or Privilege Designations</u>: To the extent that any privilege assertions are downgraded, modified, or withdrawn by the Producing Party as a result of meet and confer in accordance with the process above, the Producing Party shall within 14 days, or within a time frame as agreed to by the Receiving and Producing Parties, produce any such downgrades as production overlays and indicate the same in the production cover letter to be served with a "key"

that indexes the privilege identification number with the assigned Bates Number for each

downgraded document. In the event any privilege assertion is downgraded, modified, or

withdrawn by the Producing Party with respect to documents to be used in an upcoming

deposition, the Parties shall meet and confer and the Producing Party shall use reasonable efforts

to produce the documents in advance of the deposition.

## V.    **MODIFICATION**

This Order may be modified at any time by the Court on its own motion, for good cause

shown on motion of a party, or by agreement of the parties with the Court's approval.

Compliance with this Protocol satisfies the Producing Party's obligations under Federal Rule of

Civil Procedure 26(b)(5) to expressly claim a privilege or protection and describe the nature of

Privileged Material for other parties to assess the claim.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: April 1, 2024                              Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100

1     Facsimile: 973-679-8656
2     cseeger@seegerweiss.com

3     Counsel to Co-Lead Counsel

4     JENNIE LEE ANDERSON
      **ANDRUS ANDERSON, LLP**
5     155 MONTGOMERY STREET, SUITE 900
      SAN FRANCISCO, CA 94104
6     Telephone: 415-986-1400
7     jennie@andrusanderson.com

8     Liaison Counsel

9     RON AUSTIN
      **RON AUSTIN LAW**
10    400 Manhattan Blvd.
      Harvey LA, 70058
11    Telephone: (504) 227–8100

12    raustin@ronaustinlaw.com
13    MATTHEW BERGMAN
      GLENN DRAPER
14    **SOCIAL MEDIA VICTIMS LAW CENTER**
      821 SECOND AVENUE, SUITE 2100
15    SEATTLE, WA 98104
      Telephone: 206-741-4862
16    matt@socialmediavictims.org
17    glenn@socialmediavictims.org

18    JAMES J. BILSBORROW
      **WEITZ & LUXENBERG, PC**
19    700 BROADWAY
      NEW YORK, NY 10003
20    Telephone: 212-558-5500
      Facsimile: 212-344-5461
21    jbilsborrow@weitzlux.com

22
      PAIGE BOLDT
23    **WATTS GUERRA LLP**
      4 Dominion Drive, Bldg. 3, Suite 100
24    San Antonio, TX 78257
      T: 210-448-0500
25    PBoldt@WattsGuerra.com

26
      THOMAS P. CARTMELL
27    **WAGSTAFF & CARTMELL LLP**
      4740 Grand Avenue, Suite 300
28    Kansas City, MO 64112

1    T: 816-701 1100
     tcartmell@wcllp.com
2

3    JAYNE CONROY
     **SIMMONS HANLY CONROY, LLC**
4    112 MADISON AVE, 7TH FLOOR
     NEW YORK, NY 10016
5    Telephone: 917-882-5522
     jconroy@simmonsfirm.com
6

7    CARRIE GOLDBERG
     **C.A. GOLDBERG, PLLC**
8    16 Court St.
     Brooklyn, NY 11241
9    T: (646) 666-8908
     carrie@cagoldberglaw.com
10

11   SIN-TING MARY LIU
     **AYLSTOCK WITKIN KREIS &**
12   **OVERHOLTZ, PLLC**
     17 EAST MAIN STREET, SUITE 200
13   PENSACOLA, FL 32502
     Telephone: 510-698-9566
14   mliu@awkolaw.com
15

     ANDRE MURA
16   **GIBBS LAW GROUP, LLP**
     1111 BROADWAY, SUITE 2100
17   OAKLAND, CA 94607
     Telephone: 510-350-9717
18   amm@classlawgroup.com
19

     EMMIE PAULOS
20   **LEVIN PAPANTONIO RAFFERTY**
     316 SOUTH BAYLEN STREET, SUITE 600
21   PENSACOLA, FL 32502
     Telephone: 850-435-7107
22   epaulos@levinlaw.com
23

     ROLAND TELLIS
24   DAVID FERNANDES
     **BARON & BUDD, P.C.**
25   15910 Ventura Boulevard, Suite 1600
     Encino, CA 91436
26   Telephone: (818) 839-2333
     Facsimile: (818) 986-9698
27   rtellis@baronbudd.com
     dfernandes@baronbudd.com
28

1

2     ALEXANDRA WALSH
      **WALSH LAW**
3     1050 Connecticut Ave, NW, Suite 500
      Washington D.C. 20036
4     T: 202-780-3014
      awalsh@alexwalshlaw.com
5
      MICHAEL M. WEINKOWITZ
6     **LEVIN SEDRAN & BERMAN, LLP**
7     510 WALNUT STREET
      SUITE 500
8     PHILADELPHIA, PA 19106
      Telephone: 215-592-1500
9     mweinkowitz@lfsbalw.com

10    DIANDRA "FU" DEBROSSE ZIMMERMANN
      **DICELLO LEVITT**
11    505 20th St North
12    Suite 1500
      Birmingham, Alabama 35203
13    Telephone: 205.855.5700
      fu@dicellolevitt.com
14
15    HILLARY NAPPI
      **HACH & ROSE LLP**
16    112 Madison Avenue, 10th Floor
      New York, New York 10016
17    Tel: 212.213.8311
      hnappi@hrsclaw.com
18
19    JAMES MARSH
      **MARSH LAW FIRM PLLC**
20    31 HUDSON YARDS, 11TH FLOOR
      NEW YORK, NY 10001-2170
21    Telephone: 212-372-3030
      jamesmarsh@marshlaw.com
22
23    *Attorneys for Individual Plaintiffs*

24

25

26

27

28

- 11 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Bianca E. Miyata*
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Nayha Ahora (CA SBN 250467)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

1

2

*Attorneys for Plaintiff the People of the State of California*

3    **RUSSELL CAMERON**
     Attorney General

4    Commonwealth of Kentucky

5    */s/ J. Christian Lewis*

6    J. Christian Lewis (KY Bar No. 87109),
     *Pro hac vice*

7    Philip Heleringer (KY Bar No. 96748),
     *Pro hac vice*

8    Zachary Richards (KY Bar No. 99209),
     *Pro hac vice*

9    Daniel I. Keiser (KY Bar No. 100264)
     *Pro hac vice*

10   Assistant Attorneys General

11   1024 Capital Center Drive, Suite 200
     Frankfort, KY 40601

12   CHRISTIAN.LEWIS@KY.GOV
     PHILIP.HELERINGER@KY.GOV

13   ZACH.RICHARDS@KY.GOV
     DANIEL.KEISER@KY.GOV

14   Phone: (502) 696-5300

15   Fax: (502) 564-2698

16   *Attorneys for Plaintiff the Commonwealth of Kentucky*

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

1                                        COVINGTON & BURLING LLP

2                                        By:  */s/ Ashley M. Simonsen*

3                                        Ashley M. Simonsen, SBN 275203
                                        COVINGTON & BURLING LLP

4                                        1999 Avenue of the Stars
                                        Los Angeles, CA 90067

5                                        Telephone: (424) 332-4800
                                        Facsimile: + 1 (424) 332-4749

6                                        Email: asimonsen@cov.com

7

8                                        Phyllis A. Jones, *pro hac vice*
                                        Paul W. Schmidt, *pro hac vice*

9                                        COVINGTON & BURLING LLP
                                        One City Center

10                                      850 Tenth Street, NW
                                      Washington, DC 20001-4956

11                                      Telephone: + 1 (202) 662-6000
                                      Facsimile: + 1 (202) 662-6291

12                                      Email: pajones@cov.com

13                                      *Attorney for Defendants Meta Platforms, Inc.*

14                                      *f/k/a Facebook, Inc.; Facebook Holdings,*
                                      *LLC; Facebook Operations, LLC; Facebook*

15                                      *Payments, Inc.; Facebook Technologies, LLC;*
                                      *Instagram, LLC; Siculus, Inc.; and Mark Elliot*

16                                      *Zuckerberg*

17                                      FAEGRE DRINKER LLP

18                                      *By: /s/ Andrea Roberts Pierson*
                                      Andrea Roberts Pierson, pro hac vice

19                                      FAEGRE DRINKER LLP
                                      300 N. Meridian Street, Suite 2500

20                                      Indianapolis, IN 46204
                                      Telephone: + 1 (317) 237-0300

21                                      Facsimile: + 1 (317) 237-1000

22                                      Email: andrea.pierson@faegredrinker.com

23                                      Amy R. Fiterman, pro hac vice
                                      FAEGRE DRINKER LLP

24                                      2200 Wells Fargo Center
                                      90 South Seventh Street

25                                      Minneapolis MN 55402
                                      Telephone: +1 (612) 766 7768

26                                      Facsimile: + 1 (612) 766 1600

27                                      Email: amy.fiterman@faegredrinker.com

28                                      Geoffrey M. Drake, pro hac vice

- 14 -

1

KING & SPALDING LLP
2
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
3
Telephone: +1 (404) 572 4726
Email: gdrake@kslaw.com
4

David P. Mattern, pro hac vice
5
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
6
Washington, D.C. 20006
7
Telephone: +1 (202) 626 2946
Email: dmattern@kslaw.com
8

*Attorneys for Defendants TikTok Inc., ByteDance*
9
*Inc., TikTok Ltd., ByteDance Ltd. and TikTok*
*LLC.*
10

11
MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
12
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
13
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
14
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
15
Email: jonathan.blavin@mto.com
16

Rose L. Ehler, SBN 2965)
17
Victoria A. Degtyareva, SBN 284199
Laura M. Lopez, SBN 313450
18
Rowley J. Rice, SBN 313737
Ariel T. Teshuva, SBN 324238
19
Faye Paul Teller, SBN 343506
20
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
21
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
22
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
23
Email: victoria.degtyareva@mto.com
Email: laura.lopez@mto.com
24
Email: rowley.rice@mto.com
Email: ariel.teshuva@mto.com
25
Email: faye.teller@mto.com
26

27

Lauren A. Bell (*pro hac vice*)
28
MUNGER, TOLLES & OLSON LLP

- 15 -

1    601 Massachusetts Ave., NW St.,
     Suite 500 E
2    Washington, D.C. 20001-5369
3    Telephone: (202) 220-1100
     Facsimile: (202) 220-2300
4    Email: lauren.bell@mto.com

5    *Attorneys for Defendant Snap Inc.*

6    WILSON SONSINI GOODRICH & ROSATI
7    Professional Corporation
     By: */s/ Brian M. Willen*
8    Brian M. Willen (*pro hac vice*)
     WILSON SONSINI GOODRICH & ROSATI
9    1301 Avenue of the Americas, 40th Floor
     New York, New York 10019
10   Telephone: (212) 999-5800
     Facsimile: (212) 999-5899
11   Email: bwillen@wsgr.com

12
     Lauren Gallo White
13   Samantha A. Machock
     WILSON SONSINI GOODRICH & ROSATI
14   One Market Plaza, Spear Tower, Suite 3300
15   San Francisco, CA 94105
     Telephone: (415) 947-2000
16   Facsimile: (415) 947-2099
     Email: lwhite@wsgr.com
17   Email: smachock@wsgr.com

18
     Christopher Chiou
19   WILSON SONSINI GOODRICH & ROSATI
     953 East Third Street, Suite 100
20   Los Angeles, CA 90013
     Telephone:  (323) 210-2900
21   Facsimile:  (866) 974-7329
     Email: cchiou@wsgr.com
22

23   *Attorneys for Defendants YouTube, LLC, Google
     LLC, and Alphabet Inc.*
24

25   WILLIAMS & CONNOLLY LLP
     By: */s/ Joseph G. Petrosinelli*
26   Joseph G. Petrosinelli (*pro hac vice*)
     jpetrosinelli@wc.com
27   Ashley W. Hardin (*pro hac vice*)
     ahardin@wc.com
28   680 Maine Avenue, SW

PROTECTED COUNSEL COMMUNICATIONS AND
                                                      PRIVILEGE LOG ORDER
                                                      MDL NO. 3047

Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google
LLC, and Alphabet Inc.*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Stephanie Schuster*
Stephanie Schuster (*pro hac vice*)
stephanie.schuster@morganlewis.com
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Brian Ercole (*pro hac vice*)
brian.ercole@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416

*Attorneys for Defendants YouTube, LLC and
Google LLC*

PURSUANT TO STIPULATION,
**IT IS SO ORDERED** that the foregoing Agreement is approved**.**

DATED: April 2, 2024

PETER H. KANG
UNITED STATES MAGISTRATE JUDGE

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

## <u>Appendix A</u>

The Parties agree the below litigations are within the scope of Related Litigation*:

Meta

- *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*, Case No. 57CV-23-47 (Arkansas Circuit Court, Polk County).

- *District of Columbia v. Meta Platforms, Inc. and Instagram, LLC*, Case No. 2023 CAB 006550 (D.C. Superior Court).

- *Commonwealth of Massachusetts v. Meta Platforms, Inc. and Instagram, LLC*, Case No. 2384CV02397 (Massachusetts Superior Court, Suffolk County).

- *State of Mississippi, ex rel. Lynn Fitch, Attorney General v. Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc., and Meta Platforms Technologies, LLC*, Case No. 25CH1:23-cv-01205 (Mississippi Chancery Court, First Judicial District).

- *State of New Hampshire v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 217-2023-CV-00594 (New Hampshire Superior Court, Merrimack, SS).

- *State of Oklahoma, ex rel. Gentner Drummond, Attorney General of Oklahoma v. Meta Platforms, Inc., and Instagram, LLC*, Case No. CJ-2023-00180 (Oklahoma District Court, Osage County).

- *State of Tennessee, ex rel. Jonathan Skrmetti, Attorney General and Reporter v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 23-1364-IV (Tennessee Chancery Court, Davidson County).

- *Utah Division of Consumer Protection v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 230908060 (Utah Third District Court, Salt Lake County).

- *State of Vermont v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 23-CV-04453 (Vermont Superior Court, Chittenden County).

- *State of New Mexico, ex rel. Raul Torrez, Attorney General v. Meta Platforms, Inc.; Instagram, LLC; Meta Payments Inc.; Meta Platforms Technologies, Inc; and Mark*

*Zuckerberg*, Case No. D-0101-CV-202302838 (New Mexico First Judicial District Court, Santa Fe County).

- *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC*, Case No. A-24-886110-B (Nevada District Court, Clark County).

- *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC*, Case No. A-24-886115-B (Nevada District Court, Clark County).

- *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC*, Case No. A-24-886120-B (Nevada District Court, Clark County).

- *M.G. v. Meta Platforms, Inc.; Instagram, LLC; Facebook Payments, Inc.; Siculus, Inc.; Facebook Operations, LLC; and Tory Dwanell Saidstuart* , Case No. 3:23-cv-01861 (D. Or.).

- *Norma Nazario, individually and as Administrator of the Estate of Zackery Nazario v. Bytedance LTD.; Bytedance, INC.; TikTok, Inc.; Meta Platforms, Inc., Metropolitan Transportation Authority, and New York City Transit Authority*, Case No. 0151540/2024 (N.Y. Supreme Ct., New York County).

<u>Snap</u>

- *State AG Nevada v. Snap, Inc.,* A-24-886113-B (Nevada District Court, Clark County)
- *Kennedy Harris, et al v. Snap,* 05251 LACV044283 (Iowa District Court, Dallas County)
- *Linda Blea v. Snap,* D-412-CV-2022-00236 (New Mexico – 4th Judicial District, San Miguel County)
- *V.V. and E.Q., individually and as next friends to minor C.O., v. Meta, et al.,* FBT-CV-23-5050779-S (Conn. Superior Court, Judicial District of Fairfield at Bridgeport); 3:23-cv-00284-SVN (D. Conn.); UWYCV235032685S (Conn. Superior Court, Complex - Waterbury Dist.)
- *Cody Dahl and Tonya Cole Dahl v. Alphabet, Inc.,  et al.,* 4:23-cv-9472 (W.D. Tex.)

PROTECTED COUNSEL COMMUNICATIONS AND
PRIVILEGE LOG ORDER
MDL NO. 3047

1

TikTok

2  • *Nasca, et al. v. ByteDance Ltd., et al.*, No. 2:23-cv-02061 (E.D.N.Y.)

3  • *Anderson, et al. v. TikTok Inc., et al.*, No. 2:22-cv-01849-PD (E.D. Pa.), *appeal docketed*,

4  No. 22-3061 (3d Cir.)

5  • *Bogard, et al. v. TikTok Inc., et al.*, No. 3:23-cv-00012 (S.D. Ind.)

6  • *Nazario, et al. v. ByteDance Ltd., et al.*, No. 151540/2024 (New York Supreme Court, New

7  York County)

8  • *Nevada v. TikTok Inc., et al.*, No. A-24-886127-B (Nevada District Court, Clark County)

9  • *Utah v. TikTok Inc., et al.*, No. 230907634 (Utah Third District Court, Salt Lake County)

10  • *Arkansas v. TikTok Inc., et al.*, No. 12CV-23-65 (Arkansas Circuit Court, Cleburne County)

11  • *Iowa v. TikTok Inc., et al.*, No. 24-1522 (Iowa District Court, Polk County)

12  • *Kansas v. TikTok Inc., et al.*, (Kansas District Court, Shawnee County)

13  • *Indiana v. TikTok Inc., et al.*, No. 23A-PL-03110 (Ind. Ct. App.)

14

15

YouTube

16  • *Cody Dahl et al. v. Alphabet, Inc. et al.*, Case No. 1:23-cv-01496 (W.D. Tex.) (removed

17  December 11, 2023)

18

19  \* Upon agreement between the Plaintiffs and Defendants, this list may be updated without leave

20  of Court and by serving it on all Parties.

21

22

23

24

25

26

27

28

- 3 -

**<u>Appendix B</u>**

The Parties list below the agreed-upon topics for the topic field for the privilege log option in Section III.E.  A Party is only required to choose one topic for each withheld document, but may choose multiple.

1.  acquisitions, sales, or divestitures
2.  advertising and marketing
3.  board of directors meeting agendas, presentations, and/or draft meeting minutes
4.  compliance with foreign laws and regulations
5.  compliance with U.S. laws and regulations
6.  contract drafting or evaluation
7.  drafting of, implementation of, or compliance with company policies or procedures
8.  foreign government hearings, investigations, or inquiries
9.  U.S. government hearings, investigations, or inquiries
10. human resources/employee issues
11. identity and age verification issues
12. intellectual property and patent issues
13. legal hold
14. the current litigation (MDL 3047), JCCP 5225, and Related Litigation
15. litigation other than the MDL 3047, JCCP 5225, and Related Litigation
16. periodic regulatory filings
17. product features
18. review of proposed communications re public and media appearances, press releases, or other published statements
19. user safety
20. [a logging party may add additional categories as appropriate during review, which will be disclosed to the Requesting Party.]

1

**ATTESTATION**

2          I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

3    concurrence to the filing of this document has been obtained from each signatory hereto.

4

5    Dated: April 1, 2024                    _/s/ Ashley M. Simonsen_
                                             Ashley M. Simonsen
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28