# Exhibit 4

 

March 11, 2024

<u>VIA EMAIL</u>
Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
T: 404-572-5100
gdrake@kslaw.com

      RE:    *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*; MDL No. 3047

Counsel:

Plaintiffs are in receipt of your letter dated March 6, 2024, in which you incorrectly claim that Plaintiffs' initial disclosures are inadequate. You rely on a portion of a statement that Judge Kang made at the January 25, 2024 Discovery Management Conference—namely, that Plaintiffs are obligated to provide "information that belongs in initial disclosure." This selective quotation omits Judge Kang's clarification that Plaintiffs' initial disclosures can incorporate information that will be contained in their later-filed Plaintiff Fact Sheets:

> MR. WARREN: Your Honor, I just want to be clear on your anticipated ruling. You're asking that –the thousands of personal injury and school district plaintiffs to serve initial disclosures identifying all the relevant witnesses and everything else?
>
> THE COURT: No. If you want to refer to the plaintiff fact sheets as substituting for them or supplementing them later -- okay, I'll remind everyone. Everyone here has an ongoing duty to supplement their initial disclosures as the case is going on. And so preemptively, what I'm allowing you to do -- which is unusual -- is to preemptively commit yourself to supplementing your initial disclosures at the earliest possible time through the plaintiff fact sheet process.

Jan. 25, 2024, Discovery Hr'g Tr. at 128:12–25. Judge Kang solidified this point in Discovery Management Order No. 2, wherein he ordered: "In their Initial Disclosures, the PI and SD Plaintiffs may incorporate by reference their Plaintiff Fact Sheets (to be served on or before April 1, 2024)." Dkt. 606 at 2. This sensible procedure ensures that Plaintiffs are not expected to essentially complete the Plaintiff Fact Sheet process a month before those documents are due, while also providing Defendants with the

March 11, 2024
Page 2

initial information to which they are entitled at the outset of discovery. Curiously, your letter omits any reference to either of these crucial statements.

Plaintiffs have complied with Judge Kang's order. Where relevant, the initial disclosures "incorporate by reference [the] Plaintiff Fact Sheets (to be served on or before April 1, 2024)." The Plaintiff Fact Sheets will provide additional, Plaintiff-specific information. Furthermore, despite your inaccurate characterization of Plaintiffs' initial disclosures as "generalized and placeholder," Plaintiffs provided over 100 names of individuals "likely to have discoverable information," Fed. R. Civ. P. 26(a)(1)(A)(i), including employees (current and former) of all Defendants, as well as third parties and particular categories of individuals, such as advertisers on Defendants' products, trade groups and lobbying organizations (with names of currently known groups and organizations), and business outsourcing vendors (with names of currently known vendors).

Your brief reference to Rule 26(a)(1)(A)(iii) also misses the mark. The required computation of damages "may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *Spin Master, Ltd. v. Zobmondo Ent., LLC*, 2011 WL 13127349, at *7 (C.D. Cal. Sept. 15, 2011). Plaintiffs will make the required disclosures regarding damages at the appropriate time. *Cf. Sazerac Co. v. Fetzer Vineyards, Inc.*, 2017 WL 6059271, at *1 (N.D. Cal. Dec. 7, 2017) (monetary damages may be precluded when plaintiff "fail[s] to disclose an expert to prove damages, as it indicated it would in its initial disclosures").

Simply put, Plaintiffs have complied with their discovery obligations, and your accusations to the contrary are wrong.

It is quite surprising to see Defendants complain about the substance of Plaintiffs' initial disclosures when Defendants' disclosures are themselves deficient. Across the largest technology companies in the world, Defendants have identified only 23 *total* employees (4 for Meta, 5 for Snap, 6 for YouTube, and 8 for TikTok) who are likely to have discoverable information to support your defenses. Initial disclosures may be deficient when they contain such an unrealistically low number of witnesses. *See, e.g.*, *Bryant v. Mattel, Inc.*, 2007 WL 5432961, at *4–5 (C.D. Cal. Feb. 13, 2007). That appears to be the case here, given that Defendants have not even disclosed employees who have publicly discussed these matters on behalf of Defendants, including in hearings before Congress.[1] It is inconceivable that those employees are not '"likely to have discoverable information . . . that [Defendants] may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). In addition, of just the documents Defendants have produced thus far in this litigation, 31 custodians are associated with 1000+ documents. Of those 31 custodians, only *3* are named in Defendants' initial disclosures. Moreover, it is simply not reasonable to conclude that Defendants intend to defend against these complex, high-stakes lawsuits by relying on

---

[1] These undisclosed employees include, for Meta, CEO Mark Zuckerberg; for Snap, CEO Evan Spiegel; for TikTok, CEO Shou Chew and VP and Head of Public Policy, Americas Michael Beckerman; and for YouTube, VP, Government Affairs and Public Policy Leslie Miller. *See* https://www.judiciary.senate.gov/committee-activity/hearings/big-tech-and-the-online-child-sexual-exploitation-crisis; https://www.commerce.senate.gov/2021/10/protecting-kids-online-snapchat-tiktok-and-youtube.

March 11, 2024
Page 3


these few employees alone. If, however, that is Defendants' plan, we remind you of Rule 37(c)(1), which precludes a party from using a witness "to supply evidence on a motion, at a hearing, or at a trial" if it did not identify that witness in its initial disclosures.

Please confirm whether Defendants plan to amend or supplement their initial disclosures at this time. Regardless, Plaintiffs reserve the right to seek relief under Rule 26(a) or 37(c) at the appropriate juncture.

Sincerely,

*/s/Lexi Hazam*      */s/Previn Warren*
Lexi Hazam      Previn Warren
*Plaintiffs' Co-Lead Counsel*


cc: All Counsel of Record