UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR |
| | MDL No. 3047 |
| This Document Relates to:<br><br>All Actions | **CASE MANAGEMENT ORDER NO. 14**<br><br>*Upcoming Case Management Conferences:*<br>June 21, 2024 at 2:00 p.m.<br>July 12, 2024 at 9:30 a.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on May 17, 2024, and an informal conference on May 21, 2024.

As a preliminary matter, the Court **ADVANCES** the July 19, 2024 conference to July 12, 2024.

Next, this order memorializes and expands upon the deadlines set and findings made by the Court during the referenced conferences.

## I. MOTION TO DISMISS THE SCHOOL DISTRICT COMPLAINT

The Court heard argument on defendants' motion to dismiss the school district and local government entities' master complaint. (Track 3, Dkt. No. 601.) The motion was taken under submission and a separate order will issue.[1]

## II. BELLWETHER DISCOVERY POOL SELECTIONS

### A. Personal Injury Bellwether User Data and Account Information

Under Civil Local Rule 7-11, plaintiffs moved the Court for relief requiring defendants to provide defendant fact sheet ("DFS") data and account preservation captures (or "snapshots") of personal injury ("PI") plaintiffs' social media accounts within fourteen days. (Dkt. No. 843 at 1, 3.) The parties separately dispute more broadly the production timing of the remaining DFS

---

[1] Following the guidance in Case Management Order No. 13 (Dkt. No. 780 at 5), the parties stipulated as to the applicable standards in Utah and Arizona for the claims asserted in the school district complaint, reserving rights as to later assert one issue under Utah law if needed. (Dkt. No. 847.)

information.  (Dkt. No. 836 at 8–10.)  The Court discussed both issues with the parties at the May 17, 2024 case management conference, and **ORDERED** that defendants produce what data they had already collected within two (2) days.

The parties further met and conferred over the weekend.  On Monday, May 20, 2024, the parties submitted a stipulation and proposed order setting forth, by and large, June 14 and June 21, 2024, as the dates by which defendants will produce bellwether-related account snapshots and DFS data.  (Dkt. No. 873.)  Correspondingly, plaintiffs' Rule 7-11 motion is **DENIED** as moot given the superseding agreement of the parties.

### B.    *Lexecon* Waivers, Voluntary Dismissals, and Plaintiff Fact Sheets

On April 10, 2024 the Court ordered 45 PI plaintiffs to provide outstanding plaintiff fact sheets ("PFSs") by May 8, 2024.  (Dkt. No. 748.)  Of those 45 plaintiffs, 24 failed to submit a PFS.  (Dkt. No. 836 at 3.)  Additionally, two of defendants' PI bellwether selections have filed notices voluntary dismissal, and two of defendants' PI selections and two SD selections have asserted *Lexecon* objections.  (Dkt. No. 836 at 3–4.)  Defendants argue that they are unfairly prejudiced in their ability to select bellwether cases by these voluntary dismissals, *Lexecon* objections, and certain plaintiffs' delinquencies in submitting PFSs.  (Dkt. No. 836 at 4–5.)

As relief, defendants request: (i) that the Court provide defendants with one additional strike of cases from the bellwether discovery pool; (ii) initiation of discovery on the replacement picks immediately upon their selection; and (iii) an extension of completion of fact discovery by five weeks, to January 24, 2025.  (Dkt. No. 836 at 4–5.)

At the case management conference, the Court discussed preserving defendants' selections of plaintiffs asserting *Lexecon* objections by having this Court try those cases in their transferor districts.  The Court set an informal conference for May 21, 2024, at 8:00 a.m. to discuss the option and further updates with respect to bellwether selections.

At the May 21 conference, defendants indicated they would maintain their original bellwether picks given the Court's willingness to try the four cases asserting *Lexecon* objections in their home districts, and plaintiffs did not object.  To do so, the defendants indicated the Court would need to obtain a certificate of necessity under 28 U.S.C. § 292.  The Court **ORDERED** that

the parties file a joint brief lodging the request, accompanied by citation to available authorities outlining the process and standard of obtaining a certificate of necessity.  Given this approach, discovery is open on all of defendants' bellwether selections that asserted *Lexecon*.

At the May 17 case management conference, the Court **ORDERED** that the due date for defendants' bellwether replacement selection briefing be moved to Friday, May 24, 2024 at 12:00 p.m. PT.[2]  Defendants must select replacement cases for former bellwether plaintiffs who have voluntarily dismissed their actions.  For now, defendants need not select replacements for plaintiffs who have asserted objections under *Lexecon*.

As to defendants' requested relief, (i) the Court declines to grant defendants an additional strike, (ii) the Court **ORDERS** that discovery will commence as to all replacement cases once the Court accepts defendants' proposed replacements, and (iii) the Court declines at this point to extend the December 20, 2024 fact discovery deadline.

## III.     SHORT-FORM COMPLAINT AMENDMENT PROTOCOL

The parties discussed a protocol with respect to short-form complaint ("SFC") amendments, in particular those involving the addition of a new MDL defendant.  On May 20, 2024 the Court issued an SFC amendment protocol.  (Dkt. No. 877, Case Management Order No. 13A.)

## IV.     SUPPLEMENTAL AUTHORITY FOR MOTION TO DISMISS STATE ATTORNEYS GENERAL COMPLAINT

On May 14, 2024, Meta moved for leave to submit supplemental authority in support of its motion to dismiss the multistate AGs' complaint, the Florida AG's complaint, and the personal injury plaintiffs' and consumer protection and misrepresentation claims.  (Dkt. No. 844.)  The Court **GRANTED** Meta's motion, and further **GRANTED** the states' request to submit a responsive filing, which was filed on Monday, May 20, 2024 (Dkt. No. 876.)

---

[2] At the conference, counsel informed the Court that the parties have already ascertained the full complement of school district bellwether plaintiffs.

**V.    ADMINISTRATIVE: VOLUNTARY DISMISSALS**

At the May 17 case management conference, the Court inquired as to three voluntary dismissals. *First*, in *B.S.* (No. 22-cv-06495), plaintiff filed a consent motion for voluntary dismissal, which the Court **GRANTED**. *Second*, in *Casteel* (No. 22-cv-06423), plaintiff filed a joint stipulation of dismissal with prejudice, but in the main MDL docket (No. 22-md-3047). The joint stipulation of dismissal is appropriate under Rule 41(a)(1)(A)(ii), but the Court requests plaintiff file the stipulation in the member-case docket. *Third*, in *Araluce* (No. 23-cv-5073), the stipulation of dismissal was not filed with defendant's consent, but defense counsel confirmed at the case management conference that defendants provided consent to dismissal.

This terminates Dkt. Nos. 843 and 844 in Case No. 22-md-3047; and Dkt. No. 18 in Case No. 22-cv-06495.

**IT IS SO ORDERED.**

Dated: May 22, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California