UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF RE SCHOOL DISTRICT PLAINTIFFS' FRCP 26(a) COMPUTATIONS OF DAMAGES AND SUPPORTING EVIDENTIARY DOCUMENTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

    Pursuant to the Court's Standing Order for Discovery in Civil Cases, the School District Plaintiffs and Defendants respectfully submit this letter brief regarding Defendants' request for an order regarding the non-bellwether School District Plaintiffs' Federal Rule of Civil Procedure 26(a)(1)(A)(iii) disclosure of damages computations and supporting documentation for all non-bellwether cases.

    Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence on numerous occasions before filing this brief.  On August 29, 2024, lead trial counsel for the Parties involved in the dispute attended the final conferral.  Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference.  Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated:  September 6, 2024

Respectfully submitted,

**KING & SPALDING LLP**

/s/ *Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*

gdrake@kslaw.com
TaCara D. Harris, *pro hac vice*
 tharris@kslaw.com
David Mattern, *pro hac vice*
 dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
 andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
 amy.fiterman@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

*Attorneys for Defendants TikTok, Inc., ByteDance, Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

**COVINGTON & BURLING LLP**

/s/ *Phyllis A. Jones*
Mark W. Mosier, *pro hac vice*
 mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
 pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
 pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)

   ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**MUNGER, TOLLERS & OLSEN LLP**

/s/ *Jonathan H. Blavin*
Jonathan H. Blavin (State Bar No. 230269)
  Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Rose L. Ehler (State Bar No. 296523)
  Rose.Ehler@mto.com
Victoria A. Degtyareva (State Bar No. 284199)
  Victoria.Degtyareva@mto.com
Ariel T. Teshuva  (State Bar No. 324238)
  Ariel.Teshuva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Lauren A. Bell, *pro hac vice*
  Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

/s/ *Brian M. Willen*
Brian M. Willen, *pro hac vice*
Wilson Sonsini Goodrich & Rosati
  bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White (State Bar No. 309075)
Wilson Sonsini Goodrich & Rosati
  lwhite@wsgr.com
Andrew Kramer (State Bar No. 321574)
  akramer@wsgr.com
Carmen Sobczak (State Bar No. 342569)
  csobczak@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou (State Bar No. 233587)
Wilson Sonsini Goodrich & Rosati
  cchiou@wsgr.com
Matthew K. Donohue (State Bar No. 302144)
  mdonohue@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*

**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**

/s/ *Lexi J. Hazam*
LEXI J. HAZAM

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motletrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**

220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com
Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
pboldt@wattsguerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave., 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com
SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017

Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, NY 10001
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Suite 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave., NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE
ZIMMERMANN
**DICELO LEVITT**
505 20th Street North
Suite 1500
Birmingham, AL 32503
Telephone: 205-855-5700

*Attorneys for Plaintiffs*

ix

**Defendants' Position:** Rule 26(a)(1)(A)(iii) requires that all School District Plaintiffs ("SD Plaintiffs") disclose "without awaiting a discovery request . . . [¶] a computation of each category of damages claimed by the disclosing party" as well as non-privileged "documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Even though the deadline for the non-bellwether SD Plaintiffs to serve their initial disclosures has long passed, the non-bellwether SD Plaintiffs have not provided Defendants with computations of their claimed damages.  Instead, contrary to the Rules, the SD Plaintiffs now take the position that they are not required to do so because discovery has not yet begun with respect to the non-bellwether SD Plaintiffs.  Because Rule 26 plainly requires the non-bellwether SD Plaintiffs to disclose damages computations and provide supporting documentation "without awaiting a discovery request" – and all SD Plaintiffs' computations were due in *February 2024* – Defendants request that the Court order the non-bellwether SD Plaintiffs to produce their computations within 30 days.

**Background**. On February 22, 2024, the SD Plaintiffs served a single, boilerplate Rule 26(a) disclosure for 113 school district and local government plaintiffs, as well as individual boilerplate disclosures for another dozen or so districts.  None of these disclosures included damages computations or supporting evidentiary materials.  Instead, they noted that the SD Plaintiffs "incorporate by reference their Plaintiff Fact Sheets."  Defendants objected.

At the March 21 conference, Plaintiffs' counsel confirmed their intention to provide damages computations in their Fact Sheets: "Our position is the Plaintiff Fact Sheets are due on April 1st, and really everything that they're looking for will be provided through that, **including an extensive damages section … that will provide that computation**." *See* Mar. 21, 2024 DMC Tr. at 24:11-13 (emphasis added)).  Although Defendants disagreed that the damages computations should be delayed, Plaintiffs assured them that the information was forthcoming. That was incorrect.  When Plaintiffs served their PFS on April 1, they did not include any damages computations.  Defendants promptly served deficiency notices identifying Plaintiffs' failure to provide damages computations (among other things).  Defendants again requested adequate damages computations pursuant to Rule 26(a), but in an about-face, Plaintiffs refused, stating they would not provide that information until expert discovery.

Although the SD Plaintiffs promised multiple times that they would provide damages computations—*e.g.*, in their Fact Sheets—it became clear during negotiations that the non-bellwether districts would not provide damages computations or produce supporting documentation at all because discovery has not yet begun with respect to the non-bellwether SD Plaintiffs. This is improper, as such information and related documentation was required to be produced with the SD Plaintiffs' initial disclosures on February 22, 2024.

**Legal Standard.**  Rule 26(a)(1)(A)(iii) requires that every plaintiff disclose, "without awaiting a discovery request," both a computation of each category of damages and supporting "documents or other evidentiary material."  This information must be provided at the outset so that Defendants can understand the potential exposure they face and to inform litigation decisions.  *See City & Cnty. of San Francisco v. Tutor-Saliba Corp.,* 218 F.R.D. 219, 221 (N.D. Cal. 2003) ("The Court concludes that Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions."); *see also*

1

*Hewlett Packard Co. v. Factory Mut. Ins. Co.,* 2006 WL 1788946, at *14 (S.D.N.Y. June 28, 2006) ("[E]arly disclosure of a party's damages computation provide[s] [the] opposing party with an early understanding of the basis and amount of any damages claim it is facing.").

The SD Plaintiffs are wrong to assert that they are excused from their obligations under Rule 26(a) because discovery has not yet commenced in the non-bellwether cases.[1] A party's initial disclosures – including the damages computation – must be "based on the information then reasonably available to it." *See* Fed. R. Civ. P. 26(a)(1)(C), (E). Moreover, "[a] party is not excused from making its disclosures because it has not fully investigated the case." *Id.* And although the SD Plaintiffs (now) argue that non-bellwether cases should be treated differently because the bellwether cases are a "representative sampling," the SD Plaintiffs have cited **no authority** for the proposition that Rule 26(a) does not apply to non-bellwether cases. The Court did not excuse any plaintiff from FRCP 26(a)'s initial disclosures requirement. Nor did the non-bellwether plaintiffs claim they were exempt—they served (deficient) Rule 26(a) disclosures.

The information Defendants seek is a computation of all past, compensatory damages for each category of damages claimed by the non-bellwether SD Plaintiffs, as well as documents supporting that computation. Such information should be presently known to the SD Plaintiffs and should not require expert calculation. *See Song v. Drenberg*, 2019 WL 1949785, at *2 (N.D. Cal. May 2, 2019) (rejecting plaintiff's argument that it was "not possible to provide a 'specific dollar-figure calculation of damages' at this time" because although Rule 26(a)(1)(A)(iii) "does not require damages to be calculated with precision . . . it does require a party to disclose its present assessment of the amount of damages in light of the information currently available to that party"); *Boswell v. Costco Wholesale Corp.*, 2017 WL 2727769, at *1 (C.D. Cal Jan. 19, 2017) ("the fact that a damages calculation or model will be the subject of future expert analysis does not relieve a party of its obligation to provide information that is reasonably available to it") (citation omitted). Moreover, each non-bellwether SD Plaintiff should have in its possession documents and other evidence (*e.g.*, invoices, receipts, salary schedules, contracts, income statements) from which basic computations can be ascertained.

The SD Plaintiffs' cited cases are inapposite. *Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355 (N.D. Cal. Sept. 28, 2020), involved a forward-looking claim for future profits. And the courts in both *Naxos, LLC v. Am. Fam. Ins. Co.*, 2020 WL 106740, at *5 (W.D. Wash. Jan. 9, 2020), and *Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, 2016 WL 1611585, at *4 (D. Nev. Apr. 21, 2016), considered the timeliness of supplemental disclosures, rather than the adequacy of initial disclosures at issue here. Further, the decision in *In Re Juul Labs, Inc.*, No. 19-md-02913-WHO(JSC) (Dkt. No. 1016), is inapposite because it does not address Rule 26's requirement that a party provide, without awaiting a discovery request, a computation of its damages based on the information then available to it.

The SD Plaintiffs' argument that the bellwether cases provide a "geographic, demographic, and representative sample of school districts across the county" is also not accurate in this context. There are **12** bellwether cases, compared to over **200** non-bellwether school district and

---

[1] The SD Plaintiffs are also incorrect in asserting that their Plaintiff Fact Sheets impact their disclosure obligations under Rule 26(a)(1)(A)(iii). In any event, the SD Plaintiffs have not provided the required information in their Fact Sheets.

2

government entity cases in the MDL. This small sampling cannot be "extrapolated" to provide Defendants with sufficient information to assess the scope of their liability because the amount of past compensatory damages varies widely even among the bellwether cases. For example, Chathams estimates past compensatory damages of at least $7.6 million, whereas Baltimore estimates at least $767 million. This hundred-fold difference in past compensatory damages between just two of the bellwether districts demonstrates that any attempt to extrapolate the non-bellwether Plaintiffs' claimed damages based on the bellwether districts' computations would be nothing more than guesswork. *See Reed Construction, Inc. v. James River Ins. Co.*, 2012 WL 13024803, at *2 (W.D. Wash. Apr. 6, 2012) ("[I]t is the Plaintiff's burden to provide the computation of damages. The defendant is not required to simply guess at the value of the claim.").

Without the required damages information, Defendants cannot assess their liability or exposure, resulting in significant prejudice. As the computations provided by the bellwether school districts demonstrate, the claimed past compensatory damages in these cases are substantial and vary widely. Although discovery has not yet begun with respect to the non-bellwether SD Plaintiffs, Defendants were entitled to their damages computations over ***six months ago***. For these reasons, Defendants request that the Court order the SD Plaintiffs to provide individual computations of past compensatory damages for each non-bellwether case within 30 days.

**School Districts' Position:**

Defendants blatantly disregard the Court's bellwether process by seeking premature damages computations from Non-BW SDs.[2] This request would require nearly 200 school districts to provide discovery beyond what was already required in the jointly-negotiated and Court-ordered PFS and SPFS.[3] Defendants have not articulated a reasonable basis for why this premature discovery is necessary and admit that this is an effort to obtain substantial discovery (including document productions) from Non-BW SDs. Defendants' request should be denied because it: (1) is not required under the bellwether process instituted by the Court, and instead, undermines the efficiencies of that process; and (2) is not supported by Rule 26.

It is indisputable that the bellwether and PFS process was implemented to streamline this litigation and avoid the unnecessary expenditure of resources. The very purpose of a bellwether process is to prevent "the court system [from being] swamped with potential trials . . .. *and [to] use what is learned therefrom* to create a settlement structure for the entire mass of cases." Newberg and Rubenstein on Class Actions § 11:11 (6th ed.). The bellwethers provide a ***representative sampling*** so that the parties and the Court are not delayed and burdened by litigating case-specific issues. *See, e.g., In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, 2023 WL 8039623, at *2 (S.D.N.Y. Nov. 20, 2023); Melissa J. Whitney, BELLWETHER TRIALS IN MDL PROCEEDINGS 43 (Fed. Jud. Ctr. 2019) ("MDL proceedings have the flexibility to allow the court to schedule and coordinate discovery in a manner that serves the ends of efficiency and resolution.").

In contravention of this orderly process, Defendants seek premature damages computations

---

[2] "Non-BW SDs" refers to non-Bellwether School District Plaintiffs.

[3] "PFS" refers to Plaintiffs' Fact Sheet and "SPFS" refers to Supplemental Plaintiffs' Fact Sheet.

from hundreds of Non-BW SDs, whose only current case deadline is the submission of the SPFS. Defendants' demand serves no meaningful purpose. The Court ordered that the PFS be submitted in April to provide the factual information necessary to select a bellwether pool. This has been done and discovery on the BW SDs is in full force while the only discovery contemplated on plaintiffs not selected for the pool is the PFS and SPFS. Defendants agreed to these submissions, which provide substantial insight into the Non-BW SDs' damages, such as: the number of students enrolled, the number of on-campus health care workers, the categories of damages sought, the number of students receiving mental health, and budgeting information. *See* ECF No. 731. This information allows Defendants to understand their potential liability -- Defendants' purported justification for seeking relief here. Nothing more is necessary currently. Indeed, requiring Non-BW SDs to provide damages computations (and collect, review and produce documents) now would involve substantial time and expense. This is not proportional or efficient and would divert resources from prosecting the BW SDs' claims, as counsel for BW SDs and who serve in Leadership also represent Non-BW SDs.

Further, although the BW SDs were not required to provide damages computations, in order to avoid burdening this Court with a discovery dispute, they agreed to provide past compensatory damages computations. Thus, the diverse group of BW SDs–which provide a geographic, demographic, and representative sample of school districts– have already participated in the laborious process of providing Defendants with a representative sample of damages, which will be refined through expert analysis consistent with the Court's schedule. If Defendants want computations to evaluate exposure and settlement, the BW SD computations (and PFS and SPFS from all SDs) can be extrapolated to provide Defendants with sufficient information to assess the scope of their liability. Indeed, Defendants admit that the BW's computations already show them the potential range of damages. Despite this compromise, Defendants now demand similar computations from Non-BW SDs even though discovery is not open for those plaintiffs. Moreover, Defendants have already complained about the damages computations provided by the BW SDs, including by demanding supporting documents as they admit they will also seek from Non-BW SDs. Inevitably, similar and other complaints will be made by Defendants if Non-BW SDs are ordered to provide damages computations, threatening to bog down this MDL with case-specific discovery disputes, which is antithetical to the purpose of a bellwether process.[4] GUIDELINES AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLS, Bolch Judicial Institute, Duke Law School (2d ed. 2018) ("[D]iscovery into the claims of specific individuals could become a morass or black hole.").

Tellingly, none of the cases cited by Defendants involve an MDL where bellwethers have been selected, a critical distinction. Regardless, none support Defendants' contention that damages computations are required now. *Song v. Drenberg*, 2019 WL 1949785, at *2 (N.D. Cal. May 2, 2019) (plaintiffs should "supplement their disclosures with respect to damages as they continue to investigate their claims"); *Boswell v. Costco Wholesale Corp.*, 2017 WL 2727769, at *1 (C.D. Cal. Jan. 19, 2017) ("[A]s counsel and their *experts* make decisions on what methods will be used and what information will be the basis for the experts' analysis" plaintiffs should amend their initial

---

[4] Notably, the Parties recently submitted a proposed scheduling extension in light of the significant amount of discovery required for the bellwether cases, which the Court is still considering. *See* ECF Nos. 1076 and 1109.

4

disclosures); *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (declining to "mandate disclosure of precise calculations given that . . . some level of expert analysis may be required."); *Hewlett Packard Co. v. Factory Mut. Ins. Co.*, 2006 WL 1788946, at *18 (S.D.N.Y. June 28, 2006) (finding plaintiffs' "expert report . . . satisfies the requirement that [plaintiff] make [defendant] aware of the damages it is seeking."); *Reed Constr., Inc. v. James River Ins. Co.*, 2012 WL 13024803, at *2 (W.D. Wash. Apr. 6, 2012) (insurance dispute where plaintiff failed to provide damages computations or timely expert report)

Finally, damages ***computations*** are not required under Rule 26. Initial disclosures are based on "the information then reasonably available to [the party]." When plaintiffs require additional information to compute damages, like document collection and review, and expert testimony, courts find that they may initially identify the categories of damages and later provide damages computations. *Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020) (Spero, J.) (plaintiff may initially disclose the type of damages sought and later disclose a "damages calculation in an expert report."); *Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, 2016 WL 1611585, at *4 (D. Nev. Apr. 21, 2016) (damages computations can be "made known" in the discovery process); *Naxos, LLC v. Am. Fam. Ins. Co.*, 2020 WL 106740, *4 (W.D. Wash. Jan. 9, 2020) (same). The *JUUL* Court rejected a nearly identical request for premature damages calculations. *See In re JUUL, Case No.* 19-md02913, MDL No. 2913 (ECF No. 1038) (rejecting Defendants' proposal to require precise damages calculations early in litigation because "[s]uch quantification and allocation is likely not possible until expert reports are prepared"). If Non-BW SDs proceed through discovery, the parties can discuss whether supplemental disclosures are necessary. Defendants' request should be denied.[5]

---

[5] If Defendants' request is granted (which it should not be), non-BW SDs respectfully request that they be granted at least 120 days to provide damages computations.

5