[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**JOINT STATUS REPORT ON FORENSIC IMAGING AND DEVICE DATA**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Discovery Management Orders No. 8 and 9 ("DMO No. 8" and "DMO No. 9"), the Parties jointly provide this status report on forensic imaging and device data of Plaintiffs' devices (hereinafter "Main Devices")[1] as well as the Parties' progress in conferring on certain other topics as directed by the Court.

**I. Search Terms & Word Searchable Databases**

In DMO 9, the Court ordered the Parties "to finalize their agreed upon search terms by no later than August 16, 2024." In the week following the August 8, 2024 DMC, the Parties continued to meet and confer on Bellwether PI Plaintiffs search terms and made significant progress on finalizing those terms. On August 16, 2024, the Parties filed a joint Stipulation and Proposed Order requesting a one-week extension to continue their conferrals to further narrow disputes regarding a small number of remaining search terms, which the Court granted. See ECF 1072. On August 23, 2024, the Parties filed an additional joint Stipulation and Proposed Order (1) noting that they had reached agreement on general search terms to be run across Bellwether PI Plaintiffs' data sources, and (2) requesting a one-week extension until August 30, 2024 to continue their conferrals and attempt to narrow disputes regarding a small number of remaining case-specific search terms, which the Court granted. See ECF 1083. The Parties agreed to case-specific search terms to be run across Bellwether PI Plaintiffs' ESI on August 30; however, as anticipated, further discussions are occurring regarding the data sources across which a few terms will be run for two Bellwether PI Plaintiffs. The Parties also continue to discuss the search terms to apply to data sources Plaintiffs have identified for loss of consortium plaintiffs/parents/guardians, which the Parties anticipate resolving by the end of this month. In addition, the JCCP Bellwether PI Plaintiffs have agreed, absent good cause, to the same general search terms as those negotiated for the Bellwether PI Plaintiffs in the MDL.

---

[1] The Parties use the term "Main Devices" to refer to the Court's definition in DMO 8 of devices from which information will be initially produced: "[A]ll devices (cellphones, tablets, laptops, computers, and the like) which are in each Bellwether PI Plaintiff's possession, custody, or control and that they have habitually, routinely, or regularly used during the relevant time period to access the Defendants' platforms." Order at 8:24–9:25; Hrg. Tr. at 45:19–21.

## II. Forensic Imaging

In DMO 9, the Court ordered: (1) the Parties "work out an agreement regarding an appropriate procedure for dealing with CSAM on devices;" and (2) that Plaintiffs "produce full forensic imaging for the remaining thirty-one devices at issue by no later than **August 30, 2024**." *Id.* 2:20–23. The Court further ordered that "[s]uch production shall be on a rolling basis with full imaging of a minimum of five devices due by **August 16, 2024**, a minimum of five additional devices due by **August 23, 2024**, and all remaining devices due by **August 30, 2024**." *Id.* at 2:23–25.

On August 30, 2024 Judge Kuhl entered an order governing the handling of CSAM in the JCCP. *See* JCCP CMO 10. MDL Plaintiffs have conveyed that it is substantially similar to the processes already in place in the MDL and that Plaintiffs would have no problem adopting the same in the MDL if a similar order is required here.

As of September 6, 2024, Plaintiffs reported that their ESI vendor completed full file system ("FFS") images of 30 Main Devices. Plaintiffs have also completed a "Before First Unlock" image of an iPhone 7 belonging to Plaintiff Melton, which purportedly cannot have an FFS image taken due to limitations of the device. Because of issues related to the device's hardware and iOS versions, Plaintiffs are also in the process of completing an FFS image of an iPad belonging to Plaintiff S.K. The Parties are meeting and conferring over whether the iPhone 15 that now belongs to B.H.'s father (*see* chart in § VI) qualifies as a Main Device that should undergo FFS imaging. The Parties will present any dispute over this issue to the Court in a timely fashion.

Lastly, as discussed in the parties' joint status report, Plaintiffs' forensic vendor imaged J.D.'s school-issued laptop on September 23, 2024. (ECF No. 1179.)

## III. Device Identifying Information

In DMO 8, the Court ordered Plaintiffs to produce in chart form "every model number" and "the applications" for the relevant devices. DMO 8 at 5–6. Because the Parties were not aligned on the content of the chart, the Court clarified its intentions in DMO 9 and ordered the Parties to meet and confer by August 16, 2024 "regarding what should be included in the chart of missing device identifying information, after which Plaintiffs should begin supplementing the chart of agreed upon information." DMO 9 at 3:21–23. The chart shall be organized in a sufficient manner such that each device can be readily

identified with the corresponding data or files that are produced." *Id*. at 3:11–13.

The Parties met and conferred on August 16, 2024 on the substance of a joint chart. Defendants agreed to omit the columns for "Estimated Routine Usage," "Operating System History," "Application Version," "Date Application Installed" and "Date Application Deleted" from Appendix A for now, with the understanding Defendants may request that information in the future depending on the device data that Plaintiffs produce.

Plaintiffs agreed to substantially complete the agreed upon information in Appendix A by August 30. As of September 19, 2024, Plaintiffs had provided:

- The serial number or ICCID number for 34 devices;
- The IMEI, MEID, or MAC address 33 devices (all applicable devices);
- The current operating system for 34 devices; and
- A complete list of applications on 34 devices.

Plaintiffs have not yet provided the approximate start and end dates for the device usage; however, Plaintiffs have relayed that those dates will be able to be provided once all images have been transferred to the respective ESI vendors, or the Parties may agree that Defendants' forensics vendors are better positioned to obtain that information under Plaintiffs' current proposal for production of filesystem data that the Parties are currently discussing, as set forth further below.

**IV. Datasets, Relevant Applications, and Production Format and Logistics**

To date, Plaintiffs have made productions of text searchable ESI from a subset of the Main Devices which had prior logical extractions performed. Plaintiffs' ESI vendors are in the process of providing Defendants an overlay for those prior productions from the main devices that specifically identify the particular device and whether the production came from a logical or FFS image of the device.

Since search term negotiations have been largely finalized and CSAM process concerns have been addressed, Plaintiffs' forensics vendor has begun processing the device images and performing CSAM reviews. Once complete, the processed FFS images of Plaintiffs' Main Devices are sent to ESI vendors for processing and ingestion into the review platforms for search terms to be run and productions to be made.

The Parties have reached an agreement on specific interim deadlines for the bellwether personal injury Plaintiffs to substantially complete productions of text-searchable ESI from Plaintiffs' collections, including the full filesystem (FFS) images of Plaintiffs' Main Devices. The below chart reflects the Parties' agreed-to substantial completion deadlines for Plaintiffs' text-searchable ESI. Plaintiffs agree to substantially complete "data files, syslogs, and app settings . . . which are not readily searchable using keywords or search terms" as required by DMO 8 by November 4, 2024.

As of September 30, 2024, Plaintiffs S.K., Craig, and B.M. have substantially completed production of text searchable ESI from their Main Devices. Plaintiffs B.H., Smith, and Clevenger, have or will have substantially completed production of text searchable ESI from their Main Devices by the October 10, 2024 deadline. Counsel for Mullen is seeking an agreement from Defendants to extend the deadline for Mullen to Monday October 14, 2024 due to the fact that Plaintiffs ESI vendor is unable to complete the preparation of the production for transmittal to Defendants by the current deadline.

| Plaintiff | Case No. | Plaintiff's firm | Selection mechanism | Date |
|---|---|---|---|---|
| S.K. | 4:23-cv-01584 | Motley Rice | Plaintiff pick | 9/30/2024 |
| Craig, Klinten | 4:22-cv-05890 | Beasley Allen | Defense pick | 9/30/2024 |
| B.M. | 4:23-cv-01615 | Motley Rice | Plaintiff pick | 9/30/2024 |
| B.H. | 4:22-cv-06751 | Lieff Cabraser | Defense pick | 10/10/2024 |
| Clevenger, Laurel | 4:22-cv-06457 | Beasley Allen | Defense pick | 10/10/2024 |
| Smith, Leslie | 4:23-cv-05632 | Lieff Cabraser | Plaintiff pick | 10/10/2024 |
| Mullen, Nuala | 4:23-cv-00600 | SMVLC | Plaintiff pick | 10/10/2024 |
| Melton, David | 4:22-cv-06627 | Beasley Allen | Defense pick | 10/18/2024 |
| J.D. | 4:22-cv-05987 | Southern Med Law | Defense pick | 10/18/2024 |
| D'Orazio, Jessica | 4:23-cv-03751 | Lieff Cabraser | Plaintiff pick | 10/18/2024 |
| McNeal, Dymand | 4:23-cv-01092 | Levin Papantonio | Defense pick | 10/18/2024 |
| M.G. | 4:24-cv-01983 | The Carlson Law Firm | Plaintiff pick | 11/4/2024 |

**V. Non-Text Device Data Production**

The Parties, along with their respective third-party vendors or consultants, had an initial meet and confer this week on Thursday, September 19, 2024 to discuss the categories and location of data sought from Main Devices, and the requested format for production of the agreed upon data.[2] Defendants provided a list of the requested data categories to Plaintiffs on September 18, 2024. Since September 19, the Parties have continued to discuss the categories and location of data sought from Main Devices, and the requested format for production of the agreed upon data. Concurrently, this issue was discussed at the JCCP hearing in front of Judge Kuhl on September 25, 2024, where the MDL and JCCP Plaintiffs were asked to work together on a joint response regarding this production.

On Friday September 27, 2024, the MDL and JCCP Plaintiffs responded to Defendants' list of requested data categories by identifying those requested data categories they agree to produce immediately, data Plaintiffs do not agree to produce, and those categories that will require further meet and confer. The Parties mutually agreed that they would benefit from more time to continue their discussions before providing a joint status report to the Court. On September 27, 2024, the Parties filed a joint Stipulation and Proposed Order requesting an extension until October 2, 2024 to continue their conferrals, which the Court granted. See ECF 1138.

After providing their responsive edits on September 27, 2024, Plaintiffs later sent a second, informal proposal to Defendants offering to produce the inverse of the text searchable and reviewable user content from FFS image that Plaintiffs were already reviewing and producing through their ESI vendors. Plaintiffs offered to make this production with the condition that the device and usage data be produced directly to the Defendants' forensics vendor for their eyes only for the purposes of performing their analyses. Because there may be system-level data buried within application and other databases that contains substantive user content, Plaintiffs' proposal would require Defendants and their vendor to agree to a protocol to ensure any substantive user content is redacted or otherwise not disclosed to Defendants as part of the vendors' technical analysis. Under Plaintiffs' proposal, Plaintiffs would have the opportunity to review any such substantive user content for privilege and responsiveness before it is produced to Defendants, and Plaintiffs would produce that data to the Defendants and/or their forensics vendor.

The general parameters of this proposed protocol were discussed during a meet and confer held on October 1, 2024, which included the requisite Plaintiffs representatives from the JCCP and the MDL, Defendants, and both Parties' respective forensics experts. Plaintiffs provided Defendants with a draft protocol on Thursday October 3, 2024, and a revised draft protocol on October 4, 2024. The Parties met and conferred on October 9, 2024 to discuss some proposed edits and any questions or concerns with their respective experts. Plaintiffs are sending a revised draft protocol based on the result of the recent meet and confer to Defendants by end of day today, October 10, 2024.

### VI. Lost Devices[3]

Based upon information provided by bellwether Plaintiffs in discovery responses and separate correspondence, several Plaintiffs have lost, disposed of, or reset their devices they used to access Defendants' platforms since filing their complaints. Below is a listing of the relevant information as to each device.

|   | Plaintiff | Device | Information concerning Loss |
|---|-----------|--------|-----------------------------|
| 1 | Craig | iPhone 12 ProMax | According to this Plaintiff's response to Interrogatory No. 7, he "sold the iPhone 12 ProMax to a phone reclamation kiosk" in August 2022. |
| 2 | Craig | iPhone 13 ProMax | According to this Plaintiff's response to Interrogatory No. 7, he "sold the iPhone 13 ProMax to a phone reclamation kiosk" after purchasing an iPhone 15 sometime after October 2023. |
| 3 | Craig | Lenovo Chrome book | According to this Plaintiff's response to Interrogatory No. 7, he "sold [his] Chromebook" in "Spring 2023." |
| 4 | J.D. | HP laptop | According to this Plaintiff's response to Interrogatory No. 7, this laptop "was taken to a pawn shop" in May 2024 and it is no longer in her possession, custody, or control. |

///

///

///

///

---

[2] JCCP Plaintiffs also attended that meet and confer.

[3] Plaintiffs state that half of the devices provided in this list were not Main Devices as defined herein.

| | | | |
|---|---|---|---|
| 5 | B.H. | iPhone 15 | On August 7, Plaintiffs informed Defendants that this Plaintiff gave this device to her father who currently possess the device. A table provided by Plaintiffs on August 7 listed the device is no longer in her possession, custody, or control, but referred Defendants to Plaintiff's August 7 email for clarification. |
| 6 | S.K. | iPhone 13 | According to this Plaintiff's response to Interrogatory No. 7, she "routinely used" this device "to access Instagram and TikTok" and it is no longer "in [her] possession." According to a table provided by Plaintiffs on August 7, this device was logically imaged on September 14, 2023, so this device must have been lost after that date. |
| 7 | Melton | Samsung Tablet | According to this Plaintiff's response to Interrogatory No. 7, he "misplaced" this device in 2022 after it became inoperable. |
| 8 | Melton | Desktop | According to this Plaintiff's response to Interrogatory No. 7, he "discarded" this device in December 2023 and it "inexplicably crashed." |
| 9 | Mullen | MacBook | According to this Plaintiffs' response to Interrogatory No. 7, she is "not in possession" of this device and stopped being in possession of it sometime after "it was imaged in 2023 in connection with the litigation," but this device is not included Plaintiffs' Table of Main Devices. |
| 10 | Clevenger | iPhone 13 | On August 22, Plaintiffs informed Defendants that Plaintiff Clevenger inadvertently performed a factory reset on her iPhone 13 in August 2024 after the Court ordered that Plaintiffs conduct a full file system extraction of all Main Devices. |

The Parties are continuing to meet and confer regarding lost devices or data and any corresponding relief. The Parties will present any disputes over these issues to the Court in a timely fashion.

**VII. Supplemental Status Reports**

The Parties will provide a Supplemental Status Report to the Court on October 17, 2024 unless the Court directs otherwise.

///

///

///

///

///

Respectfully submitted,

DATED: October 10, 2024

By: /s/ Lexi H. Hazam
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General, State of Colorado

 /s/ Bianca E. Miyata
Bianca E. Miyata, Admitted *pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, Admitted *pro hac vice*
First Assistant Attorney General
Megan Paris Rundlet, Admitted *pro hac vice*
Senior Assistant Solicitor General
Elizabeth Orem, Admitted *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General, State of California

 /s/ Megan O'Neill
Nicklas A. Akers
Senior Assistant Attorney General
Bernard Eskandari)
Emily Kalanithi
Supervising Deputy Attorneys General
Nayha Arora
Megan O'Neill
Joshua Olszewski-Jubelirer
Marissa Roy
Brendan Ruddy
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General, Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis, Admitted *pro hac vice*
Philip Heleringer, Admitted *pro hac vice*
Zachary Richards, Admitted *pro hac vice*
Daniel I. Keiser, Admitted *pro hac vice*
Matthew Cocanougher, Admitted *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
christian.lewis@ky.gov
philip.heleringer@ky.gov
zach.richards@ky.gov
daniel.keiser@ky.gov
matthew.cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General, State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand, Admitted *pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh, Admitted *pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay, Admitted *pro hac vice*
Mandy K. Wang, Admitted *pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiff New Jersey
Division of Consumer Affairs*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

|   |   |
|---|---|
| 1 | COVINGTON & BURLING LLP |
|   | Phyllis A. Jones, Admitted *pro hac vice* |
| 2 | Paul W. Schmidt, Admitted *pro hac vice* |
|   | One City Center |
| 3 | 850 Tenth Street, NW |
|   | Washington, DC 20001-4956 |
| 4 | Telephone: + 1 (202) 662-6000 |
|   | Facsimile: + 1 (202) 662-6291 |
| 5 | Email: pajones@cov.com |

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

FAEGRE DRINKER LLP

By: <u>/s/ *Andrea Roberts Pierson*</u>
Andrea Roberts Pierson, Admitted *pro hac vice*
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

FAEGRE DRINKER LLP
Amy R. Fiterman, Admitted *ro hac vice*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

KING & SPALDING LLP
Geoffrey Drake, Admitted *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

KING & SPALDING LLP
David Mattern, Admitted *pro hac vice*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP

By: /s/ *Jonathan H. Blavin*
Jonathan H. Blavin
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

MUNGER, TOLLES & OLSON LLP
Rose L. Ehler
Victoria A. Degtyareva
Laura M. Lopez
Ariel T. Teshuva
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

MUNGER, TOLLES & OLSON LLP
Lauren A. Bell (*pro hac vice forthcoming*)
601 Massachusetts Ave., NW St., Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com
*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Brian M. Willen*
Brian M. Willen, Admitted *pro hac vice*
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

WILSON SONSINI GOODRICH & ROSATI

Lauren Gallo White
Samantha A. Machock
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

WILSON SONSINI GOODRICH & ROSATI
Christopher Chiou
Matthew K. Donohue
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli Admitted *pro hac vice*
jpetrosinelli@wc.com
Ashley W. Hardin, Admitted *pro hac vice*
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Brian Ercole, Admitted *pro hac vice*
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster, Admitted *pro hac vice*
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

## **ATTESTATION**

I, Andrea R. Pierson, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 10, 2024                    */s/ Andrea R. Pierson*
                                            Andrea R. Pierson