*[Submitting Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case No. 4:22-MD-03047-YGR<br><br>**JOINT STIPULATION RE: [PROPOSED] DEVICE USAGE DATA PRODUCTION PROTOCOL AND ORDER**<br><br>Hon. Yvonne Gonzalez Rogers<br>Hon. Peter H. Kang |
| This Document Relates to:<br><br>ALL ACTIONS | |

1   The MDL and JCCP Plaintiffs and Defendants (the "Parties") desire to expedite the production
2   of Device Data from the forensic images of Bellwether Plaintiff Main Devices in an efficient way,
3   which would allow Defendants and their forensic experts to fully analyze the usage data from those
4   Devices while preventing the disclosure of substantive "User Generated" content to Defendants
5   without prior review by Plaintiffs. Consistent with those objectives, the Parties submit this
6   Stipulated Proposed Device Data Protocol and Order (the "Protocol") for entry by the Court. The
7   undersigned parties, by and through their attorneys in both the MDL and JCCP proceedings, hereby
8   stipulate as follows:

**1. DEFINITIONS**

For the purposes of this protocol:

1.1. **"Action"** shall refer to the actions consolidated in MDL No. 3047 and JCCP 5255, including any other action hereafter added or transferred to these consolidated proceedings, and all actions later remanded to their respective transferor courts.

1.2. **"Bellwether Counsel"** means counsel representing a specific Bellwether Plaintiff as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to the Action but are retained and have appeared in this Action to represent or advise a Party to this Action.

1.3. **"Bellwether Plaintiff"** refers to any one of the currently selected MDL personal injury bellwether plaintiffs (12) or JCCP personal injury bellwether plaintiffs (21) existing at the time of this Order.

1.4. **"Defendants"** means any of the named defendants in the JCCP or MDL, either individually or collectively, inclusive of any employees or staff of the companies themselves as well as any and all outside counsel representing these companies.

1.5. **"Device Usage Data"** is all of the data from Bellwether Plaintiffs Main Devices outlined below in this Stipulated Proposed Device Data Protocol and Order, which Plaintiffs are producing to the Defendants' Forensic Experts for their technical analyses. Device Usage Data consists of the forensic artifacts like data and metadata that reflect user actions, device

configurations, system processes, and timestamps. It does not include Substantive User Content. For files (documents, pictures and videos), Device Usage Data includes the file path—to the extent it does not contain a User-Generated file name—and other metadata. For communications, Device Usage Data includes basic subscriber and transactional records (dialing, routing, addressing, and signaling information) such as connection records, times and durations, phone numbers, usernames, account names, or handles.[1] For web browsing, Device Usage Data includes only the domain of a visited URL, but not its path (the specific section or a subpage within the website), as well as connection history and frequency.

1.6. **"ESI Protocol"** refers to the ESI protocol entered in MDL 3047 at Doc. 690.

1.7. **"Forensic Experts"** refers to iDiscovery Solutions ("IDS")[2] and FTI Consulting Technology ("FTI"), the forensic vendors Defendants have engaged to perform the technical analyses on the Device Usage Data from the Bellwether Plaintiffs' Main Devices. If Defendants engage additional Forensic Experts, those experts will be disclosed to Plaintiffs and will also execute the Protective Order.

1.8. **"Main Device"** means "[A]ll devices (cellphones, tablets, laptops, computers, and the like) which are in each Bellwether PI Plaintiff's possession, custody, or control and that they have habitually, routinely, or regularly used during the relevant time period to access the Defendants' platforms." DMO 8 at 8:24–9:25. For the MDL PI Bellwether Plaintiffs, Main Device refers to those devices identified by Plaintiffs in the Main Device Spreadsheet for which a full filesystem ("FFS") image was performed. For the JCCP Plaintiffs, these are the devices identified by Plaintiffs on the ESI Data Source list.

---

[1] The Parties are aware that addressing, phone numbers, usernames, account names, and handles are metadata fields that, under traditional eDiscovery mechanisms, would only be produced in relation to responsive ESI, but that it is inefficient to segregate these metadata fields for the purposes of this protocol. However, if Defendants plan to use the content of these metadata fields for substantive purposes, then Defendants will inform Plaintiffs so that the Parties may meet and confer.

[2] IDS is retained only by YouTube. As such, IDS will only receive Redacted Forensic Extractions for Main Devices of Plaintiffs who have named YouTube as a Defendant.

1.9.     **"Protective Order"** refers to the operative Stipulated Protective Order in MDL 3047 and the operative Stipulated Protective Order in JCCP 5225.

1.10.    **"Redacted Forensic Image/Extraction"** means a complete forensic copy of a Main Device, from which all media files (audio, photo, and video files) have been excised. In the case of computers (Windows and Mac), the Redacted Forensic Images will include unallocated space addressed in Section 6.2 *infra*.

1.11.    **"Substantive User Content"** means any User-Generated text or media that reveals the substance, purport, or meaning of the item. For files, Substantive User Content includes any User-Generated text or multimedia. For communications, Substantive User Content includes any User-Generated file name, subject, message body, or viewable multimedia attachment. For web browsing, Substantive User Content includes any part of a URL beyond the domain (a path that discloses the specific section or page of website, and any cached or locally stored text or multimedia). Substantive User Content includes User-Generated content the user created for communication, sharing, or storage purposes as well as text searchable data or reviewable media or logs cognizable as having been generated by the Bellwether Plaintiff or any other individual, that could be construed to convey information, including the user's or others' thoughts, actions, or intentions. Examples of Substantive User Content include User Generated content of: text messages, emails, chats, any other electronic communications, photos, camera rolls, audio, videos, chats, caller information, medical or financial information, calendars, contacts, folder or file names, any portion of the URL beyond the domain or User Generated text within browser histories or note taking applications, and documents such as spreadsheets, PDFs or Microsoft Word Documents, the identities of third-parties with whom the user communicated. Substantive User Content does not include metadata, unless the user created the content of the metadata, as with file name metadata.[3]

1.12.    "User Generated" or "User-Generated" as used in this Protocol, means any text that was intentionally generated by the Bellwether Plaintiff to convey the substance, purport, or meaning of the item and was not automatically generated by the device or any of its applications.

---

[3] *See,* 1.5 "Device Usage Data" and 1.12 "User Generated" *supra*.

**2. SCOPE**

The limitations and protections regarding Substantive User Content imposed by this Protocol and Order do not cover: (a) any information that is in the public domain at the time of production to the Forensic Experts or becomes part of the public domain after its production to the Forensic Expert as a result of publication not involving a violation of this Order or any Order in either MDL 3047 or JCCP 5255, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Defendants after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Plaintiffs. This document does not address the use of Device Usage Data at trial.

**3. DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order remain in effect until Plaintiffs agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable. The Court shall retain jurisdiction to enforce or modify this Order and to make further orders with respect to the use or confidentiality designations of Device Data.

**4. NO WAIVER AND EXECUTION OF PROTECTIVE ORDER**

4.1 To the extent that the Forensic Experts have direct or indirect access to information protected by attorney-client privilege, the work product doctrine, or other privilege or legally-recognized protection from discovery, such disclosure will not result in any waiver of privilege or protection.

4.2 The Experts shall sign Exhibit A to the Confidentiality Agreement and Protective Order (the "Protective Order"), filed separately in this case, and be bound to the Protective Order as modified herein.  The Expert shall be allowed to engage or hire other outside support as necessary

to comply with this Order, so long as the outside support also signs and agrees to be bound by the Protective Order as modified herein.

## 5. REDACTION OF SUBSTANTIVE USER CONTENT

5.1 Relevant and responsive Substantive User Content from the Main Devices is being produced separately by Plaintiffs in accordance with the ESI Protocol entered in this litigation.

5.2 If the Forensic Experts are unable to determine whether data encountered constitutes Substantive User Content and want to disclose it to Defendants, Defendants will meet and confer with Plaintiffs as to whether the category of data may be disclosed to Defendants. Plaintiffs will promptly respond to such conferral within five business days, such that Defendants may promptly address any disagreement with the Court.

5.3 The Forensic Experts are prohibited from disclosure of Substantive User Content to Defendants and are required under this protocol to redact or otherwise exclude all Substantive User Content from any reports, analyses, or other disclosure in any form to Defendants, absent agreement from Plaintiffs or an Order from the Court.

5.4 Disclosure of Substantive User Content by the Forensic Experts without Plaintiffs' prior review or consent is strictly prohibited. If Substantive User Content is inadvertently disclosed, Defendants will promptly notify Plaintiffs and the Parties shall meet and confer within 5 business days to discuss what steps, if any, are necessary to address the inadvertent disclosure. Defendants shall not use any improperly disclosed Substantive User Content absent agreement from Plaintiffs or an Order from the Court.

5.5 The Forensic Experts may convey to Defendants the fact that they have found Substantive User Content on the Redacted Forensic Images/Extractions and what category of Substantive User Content they have found, so long as the Forensic Experts do not identify the substance of that Substantive User Content to Defendants without Plaintiffs' authorization.

5.6 If the Forensic Experts contend Substantive User Data must be disclosed to Defendants for any reason, including because it cannot be redacted or is necessary for the Forensic Experts' technical analyses of Plaintiffs device usage, Defendants must meet and confer with Plaintiffs and

give Plaintiffs the opportunity to review the Substantive User Content for privilege or other legally cognizable protections. Plaintiffs will promptly respond to such conferral within five business days, such that Defendants may promptly address any disagreement with the Court. Productions by the Forensic Experts of Substantive User Content from the Main Devices shall include identifying information, such that the Forensic Experts' production could be correlated with other productions from the same device. The identifying information will include the following data fields: Custodian Name, Device Make and Model, Serial Number (or IMEI), Extraction Method, and Device Time Zone.

5.7 If the Substantive User Content identified in 5.6 is Substantive User Content previously reviewed and produced by Plaintiffs from the same device, the Forensic Experts may incorporate that Substantive User Content previously produced to Defendants in their reports and analyses.

5.8 Where the data or investigation by the Forensic Experts supports such a request, Defendants shall have the right to request, in writing, that Plaintiffs review and disclose responsive Substantive User Content that may be identified by the Forensic Experts, that would not have otherwise been the subject of prior productions from the traditional ESI sources within these devices. The request to Plaintiffs shall include the reason(s) the data or investigation supports such a request. Defendants must meet and confer with Plaintiffs and give Plaintiffs the opportunity to review the Substantive User Content for privilege or other legally cognizable protections. Plaintiffs will promptly respond to such conferral within five business days, such that Defendants may promptly address any disagreement with the Court.

5.9 Upon receipt of a request for Substantive User Content that Plaintiffs choose to review, Bellwether Counsel will have FIVE business days to review and produce the relevant and responsive data. If Bellwether Counsel believes it cannot review and produce data within that time period, it will notify Defendants immediately and the Parties shall meet and confer in good faith to discuss the length of time necessary for Bellwether Counsel to complete this pre-production review for privilege and responsiveness.

5.10    The Forensic Experts shall maintain the Redacted Forensic Images/Extractions in a secure location and shall not produce copies of them or any subset of such ESI, to anyone else except as necessary to comply with this Order.  Accordingly, all ESI that has been produced pursuant to this Order shall be treated by the Forensic Expert and any receiving parties as if the Plaintiffs had designated them CONFIDENTIAL and subject to the Protective Order.

## 6. PRODUCTION OF DATA

6.1 Unless otherwise stipulated to by the parties below, or as ordered by the Court, Plaintiffs shall produce to the Forensic Experts—for their eyes only—the entirety of the full filesystem extraction or forensic image, after removal of all multimedia data (i.e., photos, images, video, and audio). Plaintiffs agree to produce the associated metadata for the removed media unless, as outline above, the content was User Generated.[4]

6.2 Defendants acknowledge that media files (audio, photo, and video files) may exist within the Redacted Forensic Images/Extractions and unallocated space on computers, notwithstanding reasonable efforts by Plaintiffs to remove such media files.  For example, media files may be carved or exist within unredacted archive files. When accessing or processing unallocated space or unredacted archives on computers, the Defendants' Forensic Experts shall not utilize tools or viewers to view media files that may exist (or fragments of which may exist).[5]  Nonetheless, if Defendants' Forensic Experts encounter media files, they will treat any such media files as Confidential Data, and will not disclose its substance to Defendants.

6.3 Plaintiffs shall produce Redacted Forensic Extractions for mobile devices (*e.g.,* phones) in Cellebrite Reader (UFDR) format.

6.4 Plaintiffs shall produce Redacted Forensic Images of computers (Windows and Mac) as industry standard redacted physical forensic images.

---

[4] *See,* 1.5 "Device Usage Data" and 1.12 "User Generated," *supra*.

[5] A purpose of this provision is to prevent the Defendant Forensic Examiners from inadvertently uncovering CSAM which may exist in the unallocated space of the Main Devices.

6.5 Plaintiffs will substantially complete production of the Redacted Forensic Images/Extractions of the Main Devices to Forensic Experts, in a mutually agreeable manner, by the applicable MDL or JCCP deadline for the substantial completion of document productions.

## 7. MISCELLANEOUS

7.1 <u>Format of Productions</u>. Where the format of production is not covered under this Protocol, the Parties agree to remain bound by the formatting guidelines outlined in the ESI Protocol unless otherwise stipulated by the Parties or order of the Court.

7.2 <u>Right to Further Relief</u>. Nothing in this Protocol or Order abridges the right of any person or Party to seek its modification by the appropriate Court in the future. The parties agree to meet and confer in a timely way over modifications to the terms of this Protocol or unanticipated issues not covered by this Protocol.

7.3 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protocol and Order, no Party waives any right it otherwise would have to object to disclosing or producing any Device Usage Data on any ground. Similarly, no Party waives any right to object on any ground to use in evidence at a deposition or trial of any of the Device Usage Data covered by this Order.

**IT IS SO ORDERED,**

Dated: October 28, 2024

_____
PETER H. KANG
UNITED STATES MAGISTRATE JUDGE

**IT IS SO STIPULATED AND AGREED.**

Dated: October 28, 2024                Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

|     |                                                                                                                                                                                                  |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
| 1   | ALEXANDRA WALSH                                                                                                                                                                                  |
| 2   | **WALSH LAW**<br>1050 Connecticut Ave, NW, Suite 500<br>Washington D.C. 20036                                                                                                                    |
| 3   | Telephone: 202-780-3014<br>awalsh@alexwalshlaw.com                                                                                                                                               |
| 4   |                                                                                                                                                                                                  |
| 5   | MICHAEL M. WEINKOWITZ<br>**LEVIN SEDRAN & BERMAN, LLP**                                                                                                                                          |
| 6   | 510 Walnut Street, Suite 500<br>Philadelphia, PA 19106                                                                                                                                           |
| 7   | Telephone: 215-592-1500<br>mweinkowitz@lfsbalw.com                                                                                                                                               |
| 8   | MELISSA YEATES                                                                                                                                                                                   |
| 9   | JOSEPH H. MELTZER<br>**KESSLER TOPAZ MELTZER & CHECK, LLP**                                                                                                                                      |
| 10  | 280 King of Prussia Road<br>Radnor, PA 19087                                                                                                                                                     |
| 11  | Telephone: 610-667-7706<br>myeates@ktmc.com                                                                                                                                                      |
| 12  | jmeltzer@ktmc.com                                                                                                                                                                                |
| 13  | DIANDRA "FU" DEBROSSE ZIMMERMANN<br>**DICELLO LEVITT**                                                                                                                                           |
| 14  | 505 20th St North, Suite 1500<br>Birmingham, Alabama 35203                                                                                                                                       |
| 15  | Telephone: 205.855.5700<br>fu@dicellolevitt.com                                                                                                                                                  |
| 16  | *Attorneys for Plaintiffs*                                                                                                                                                                       |
| 17  | **FAEGRE DRINKER BIDDLE & REATH LLP**                                                                                                                                                            |
| 18  | */s/ Andrea R. Pierson*                                                                                                                                                                          |
| 19  | Andrea Roberts Pierson, *pro hac vice*<br>andrea.pierson@faegredrinker.com                                                                                                                       |
| 20  | **FAEGRE DRINKER BIDDLE & REATH LLP**                                                                                                                                                            |
| 21  | Amy Fiterman, *pro hac vice*<br>amy.fiterman@faegredrinker.com                                                                                                                                   |
| 22  | 300 N. Meridian Street, Suite 2500<br>Indianapolis, IN 46204                                                                                                                                     |
| 23  | Telephone: + 1 (317) 237-0300                                                                                                                                                                    |
| 24  |                                                                                                                                                                                                  |
| 25  |                                                                                                                                                                                                  |
| 26  |                                                                                                                                                                                                  |
| 27  |                                                                                                                                                                                                  |
| 28  |                                                                                                                                                                                                  |

|   |   |
|---|---|
| 1 | **KING & SPALDING LLP** |
| 2 | */s/ Geoffrey M. Drake* |
|   | Geoffrey M. Drake, *pro hac vice* |
| 3 | gdrake@kslaw.com |
|   | David Mattern, *pro hac vice* |
| 4 | dmattern@kslaw.com |
|   | King & Spalding LLP |
| 5 | 1180 Peachtree Street, NE, Suite 1600 |
|   | Atlanta, GA 30309 |
| 6 | Telephone: + 1 (404) 572-4600 |
|   | Facsimile: + 1 (404) 572-5100 |
| 7 |   |
|   | *Attorneys for Defendants* |
| 8 | TIKTOK INC., BYTEDANCE INC., BYTEDANCE LTD., TIKTOK LTD., and TIKTOK, LLC |
| 9 |   |
|   | **COVINGTON & BURLING LLP** |
| 10 |   |
|   | */s/ Ashley M. Simonsen* |
| 11 | Ashley M. Simonsen, SBN 275203 |
|   | COVINGTON & BURLING LLP |
| 12 | 1999 Avenue of the Stars |
|   | Los Angeles, CA 90067 |
| 13 | Telephone: (424) 332-4800 |
|   | Facsimile: + 1 (424) 332-4749 |
| 14 | Email: asimonsen@cov.com |
| 15 | **COVINGTON & BURLING LLP** |
|   | Phyllis A. Jones, pro hac vice |
| 16 | Paul W. Schmidt, pro hac vice |
|   | One City Center |
| 17 | 850 Tenth Street, NW |
|   | Washington, DC 20001-4956 |
| 18 | Telephone: + 1 (202) 662-6000 | Fax: + 1 (202) 662-6291 |
|   | Email: pajones@cov.com |
| 19 |   |
|   | *Attorney for Defendants* |
| 20 | META PLATFORMS, INC. F/K/A FACEBOOK, INC.; FACEBOOK HOLDINGS, LLC; FACEBOOK |
| 21 | OPERATIONS, LLC; FACEBOOK PAYMENTS, INC.; FACEBOOK TECHNOLOGIES, LLC; INSTAGRAM, |
| 22 | LLC; SICULUS, INC.; AND MARK ELLIOT ZUCKERBERG |
| 23 |   |
|   | **MUNGER, TOLLES & OLSEN LLP** |
| 24 | */s/ Jonathan H. Blavin* |
|   | Jonathan H. Blavin |
| 25 | 560 Mission Street, 27th Floor |
|   | San Francisco, CA 94105-3089 |
| 26 | Telephone: (415) 512-4000 | Facsimile: (415) 512-4077 |
|   | Email: jonathan.blavin@mto.com |
| 27 |   |
| 28 |   |

|   |   |
|---|---|
| 1 | **MUNGER, TOLLES & OLSON LLP** |
|   | Rose L. Ehler |
| 2 | Victoria A. Degtyareva |
|   | Laura M. Lopez |
| 3 | Ariel T. Teshuva |
|   | 350 South Grand Avenue, 50th Floor |
| 4 | Los Angeles, CA 90071-3426 |
|   | Telephone: (213) 683-9100 | Facsimile: (213) 687-3702 |
| 5 | Email: rose.ehler@mto.com |
|   | Email: victoria.degtyareva@mto.com |
| 6 | Email: Ariel.Teshuva@mto.com |

**MUNGER, TOLLES & OLSON LLP**
Lauren A. Bell (pro hac vice forthcoming)
601 Massachusetts Ave., NW St., Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100 | Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant*
SNAP INC.

**WILSON SONSINI GOODRICH & ROSATI**

 */s/ Brian M. Willen*
Brian M. Willen
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800 | Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI**
Lauren Gallo White
Samantha A. Machock
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000 | Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI**
Christopher Chiou
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900 | Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants*
YOUTUBE, LLC, GOOGLE LLC, AND ALPHABET INC.

- 14 -

JOINT STIPULATION RE: [PROPOSED] DEVICE USAGE DATA PRODUCTION PROTOCOL AND ORDER
Case No. 4:22-MD-03047-YGR

**WILLIAMS & CONNOLLY LLP**
*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000 | Fax: 202-434-5029

*Attorneys for Defendants*
YOUTUBE, LLC, GOOGLE LLC, AND ALPHABET INC.

**ATTESTATION**

I, Andrea R. Pierson, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 28, 2024          */s/ Andrea R. Pierson*
                                  Andrea R. Pierson