1  ROB BONTA
   Attorney General of California
2  NICKLAS A. AKERS (SBN 211222)
   Senior Assistant Attorney General
3  BERNARD A. ESKANDARI (SBN 244395)
   EMILY C. KALANITHI (SBN 256972)
4  Supervising Deputy Attorneys General
   BRENDAN RUDDY (SBN 297896)
5  MEGAN O'NEILL (SBN 343535)
   MARISSA ROY (SBN 318773)
6  NAYHA ARORA (SBN 350467)
   JOSHUA OLSZEWSKI-JUBELIRER (SBN 336428)
7  Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
8    San Francisco, CA 94102-7004
     Telephone: (213) 269-6348
9    Fax: (415) 703-5480
     E-mail: bernard.eskandari@doj.ca.gov
10 *Attorneys for the People of the State of California*

11                IN THE UNITED STATES DISTRICT COURT

12                FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**NOTICE OF INFORMATION IN RESPONSE TO COURT DIRECTIVE REGARDING STATE-AGENCY DISCOVERY ISSUE** |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448. | Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL:**

In response to the Judge Kang's Minute Order (ECF No. 1370), Discovery Management Order (ECF No. 1380), and directive at the Discovery Management Conference on November 21, 2024, the People provide the following information for counsel responsible for directing seven (of eight) state agencies identified in the Minute Order (California Office of the Governor; California Governor's Office of Business and Economic Development; California Department of Finance; California Department of Public Health; California Department of Consumer Affairs; California Business, Consumer Services, and Housing Agency; California Office of Data and Innovation) regarding provision of access to state-agency documents:

> David Sapp (SBN #264464)
> Legal Affairs Secretary
> Office of Governor Gavin Newsom
> 1021 O Street, Suite 9000
> Sacramento, CA 95814
> (916) 445-6115

In connection with the filing of Mr. Sapp's information on the Court's docket, the Office of the California Governor includes the following accompanying statement and update:

The Attorney General's Office does not represent the Governor's Office or agencies within the Governor's Administration in these judicial proceedings, except insofar as certain agencies not at issue in the current dispute are participating as nonparties responding to Rule 45 subpoenas, but we ask that the Attorney General's Office transmit this statement to the Court.

We understand based on the district court's and magistrate's most recent statements and orders that both courts construe the discovery orders in this case to apply to the Governor's Office and its agencies. We believed in good faith that the courts' prior orders, which were directed to the "parties," (see, e.g., Dkt. No. 1292, at 2), did not apply to those entities, including the Governor's Office and agencies within the Governor's Administration, that are not parties to the case, have not been served with any document, have not entered an appearance, and are not represented by the Attorney General's Office in these proceedings. Because the courts' recent statements and orders make clear that they do view our agencies as "parties," however, we are finalizing our engagement of outside counsel to ensure we have an opportunity to be heard, for the first time, via a special appearance to present our position that our agencies are not properly before the Court and that we are not proper recipients of party discovery.

We are also reaching out to Meta to communicate our continued willingness to meet and confer on and produce non-party discovery, as we have advised Meta previously, or through some other arrangement similar to the resolution that appears to have been recently reached with South Carolina. It is our expectation that those discussions will enable Meta to obtain the documents it seeks far more quickly and efficiently than if this matter were to be litigated further.

For the Court's awareness, since the Governor's Office was first made aware of Meta's requests, we have consistently maintained our position that, under the California Constitution, the

1

Notice of Information in Response to Court Directive
Regarding State Agency Discovery Issue (Case No. 4:22-md-03047-YGR)

Governor's Office and those agencies within the Governor's Administration are separate and independent entities from the Office of the Attorney General, and that the Attorney General has no access to or control over records of those agencies in the Governor's Administration either as a practical matter or legally under California law, particularly when we have not retained the Office of the Attorney to represent us in the judicial proceeding, as is the case here. That position is supported by well-settled California case law holding that when the Attorney General brings a civil action on behalf of the People of the State of California, the Attorney General is not "in possession, custody or control of documents created or possessed by nonparty state agencies" and cannot be compelled to produce such documents via party discovery. *People ex rel. Lockyer v. Superior Court* (2004) 122 Cal. App. 4th 1060, 1079-80. It has been important to the Governor's Office and the Governor's Administration to preserve our position to avoid the creation of a conflict in authority between the federal and state courts in California on this issue of the constitutional structure of California's government, because this issue concerns the separation of powers in California and applies to state litigation beyond this case.

We reiterate that the Governor's Office and those agencies within the Governor's Administration remain willing to meet and confer and produce records, as nonparties, in response to a proper Rule 45 subpoena, as we have previously communicated to Meta, or alternate arrangement. And, without waiving our position regarding party status, we are prepared to disclose search terms and custodians as part of such a meet and confer process. We intend to meet with Meta as soon as possible to discuss that path forward.

*    *    *

The Minute Order (ECF No. 1370) also identifies the California School Finance Authority (CSFA) as refusing to comply with the Court's orders. While reserving all rights and without waiving any objections, including to being considered a party for purposes of discovery in this action, the CSFA has taken the updated position that it is not refusing to comply and will produce documents responsive to Meta's document requests and is in the process of determining if any responsive documents exist. Consistent with the Court's direction, the People will facilitate further meet-and-confer efforts between Meta and CSFA.

Dated: December 2, 2024               Respectfully submitted,

                                       /s/ Bernard A. Eskandari
                                       BERNARD A. ESKANDARI

                                       *Counsel to the People of the State of California*

2

Notice of Information in Response to Court Directive
Regarding State Agency Discovery Issue (Case No. 4:22-md-03047-YGR)