JOSEPH G. PETROSINELLI (*pro hac vice*)
ASHLEY W. HARDIN (*pro hac vice*)
WILLIAMS & CONOLLY LLP
680 Maine Ave. SW
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: JPetrosinelli@wc.com
Email: AHardin@wc.com

*Attorneys for Defendants YouTube, LLC, and Google LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case Nos. 4:22-MD-3047-YGR<br><br>MDL No. 3047<br><br>**DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S ANSWER TO PLAINTIFFS' AMENDED MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT)**<br><br>**JURY TRIAL DEMANDED** |

Defendants YouTube, LLC and Google LLC[1] ("Defendants") answer Plaintiffs' Amended Master Complaint – Local Government and School District (Dkt. No. 729) ("Amended Master Complaint") as follows:

**GENERAL DENIAL**

Pursuant to the Court's Case Management Order No. 19 (Dkt. No. 1383), Defendants generally and specifically deny each and every allegation contained in Plaintiffs' Amended Master Complaint.  Defendants further deny that Plaintiffs, or any other individual they allege to have been adversely affected, have been damaged as alleged, in any sum, or at all, by reason of any act or omission on the part of Defendants, and deny that Plaintiffs, or any other individual they allege to have been adversely affected, are entitled to any relief whatsoever by reason of their Amended Master Complaint.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to the causes of action alleged by Plaintiffs in their Amended Master Complaint and reserve the right to amend this Answer to assert additional affirmative defenses.  Defendants undertake the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Further, Defendants reserve the right to assert any and all defenses on which they do not bear the burden of proof.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Amended Master Complaint and each claim contained therein fails to state a claim

---

[1] Pursuant to the Stipulation of Dismissal and Tolling Agreement, filed on January 26, 2024, (Dkt. No. 568), claims against XXVI Holdings Inc. and Alphabet Inc. in the above-captioned matter have been dismissed without prejudice.

upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury. Defendants incorporate by reference herein as defenses each ground on which they moved to dismiss Plaintiffs' Amended Master Complaint. *See* Dkt. Nos. 237, 320, 323, 353.

## SECOND AFFIRMATIVE DEFENSE

(Communications Decency Act)

Plaintiffs' claims are barred, in whole or in part, by the Communications Decency Act, 47 U.S.C. § 230(c)(1).

## THIRD AFFIRMATIVE DEFENSE

(Protected Speech)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose sanctions on Defendants for engaging in protected activity under the First Amendment to the United States Constitution and similar provisions of state constitutions. Moreover, the representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

## FOURTH AFFIRMATIVE DEFENSE

(Personal Jurisdiction)

With respect to every action originally brought in a court located outside California, Defendants aver that this Court lacks personal jurisdiction over them.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

## SIXTH AFFIRMATIVE DEFENSE

(Misuse)

Plaintiffs' and/or users' alleged injuries and harm, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, criminal use, unintended use, unforeseeable use, and/or improper use of the service(s) at issue in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

(Economic Loss Rule)

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

## EIGHTH AFFIRMATIVE DEFENSE

(Real Party in Interest)

Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

## NINTH AFFIRMATIVE DEFENSE

(Unjust Enrichment, Generally)

Plaintiffs' claims for relief are barred because they would be unjustly enriched if they recovered any monetary relief.

## TENTH AFFIRMATIVE DEFENSE

(Plaintiffs Were on Notice/Consent)

Plaintiffs cannot obtain relief on their claims based on actions undertaken by the Defendants of which the Defendants provided notice of all reasonable facts.  Further, Plaintiffs have consented to and/or ratified the conduct alleged in the Amended Master Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Contract)

Plaintiffs' claims are barred, in whole or in part, by contracts and/or agreements, including the integrated Terms of Service, they entered into with Defendants or third parties.

**TWELFTH AFFIRMATIVE DEFENSE**

(Pre-Existing Conditions)

The injuries and harms Plaintiffs allege, if any, were the direct result of users' preexisting medical conditions or idiosyncratic reactions and/or occurred by operation of nature or as a result of circumstances over which Defendants had and continue to have no control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Improper Joinder)

The claims asserted against Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Join Indispensable Parties)

Plaintiffs have failed to join necessary or indispensable parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or state law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Proportionate Fault of Agents, Employees, Contractors)

To the extent any agents, employees, or contractors of Defendants caused any of the damages alleged by the Plaintiffs, such agents, employees, or contractors were acting outside the

scope of agency employment, or contract with Defendants, and any recovery against Defendants must be reduced by the proportionate fault of such agents, employees, or contractors.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Third-Party Fault)

A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to (i) other parties from whom Plaintiffs seek recovery in this action, and/or (ii) persons from whom Plaintiffs do not seek recovery in this action.  Plaintiffs' claims are therefore barred and/or Plaintiffs' damages must be reduced, in whole or in part, because of the contributory and/or comparative fault of third parties who caused or contributed to Plaintiffs' alleged injuries. Defendants are not liable for any alleged harm Plaintiffs sustained as a result of Plaintiffs' use of another Defendant's services; or any non-party's website, app, online service, or other good, product, service or intangible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Third-Party Fault – Use of Other Services)

Defendants are not liable for any alleged harm by Plaintiffs that users of Defendants' services sustained as a result of a use of (i) another Defendant's services; or (ii) any non-party's website, app, online service, or other good, product, service or intangible.

### NINETEENTH AFFIRMATIVE DEFENSE

(Contributory and/or Comparative Fault)

A percentage of each Plaintiff's alleged injury or loss is attributable to the conduct of Plaintiff(s) and/or others acting on Plaintiffs' behalf.  Plaintiffs' claims are therefore barred and/or Plaintiffs' damages must be reduced, in whole or in part, because Plaintiffs' alleged damages were caused by the contributory or comparative fault of Plaintiffs and/or others acting on Plaintiffs' behalf, because Plaintiffs knowingly encountered the alleged risks of Defendants'

services, and because the principle of secondary assumption of risk applies to Plaintiffs' claims.

## TWENTIETH AFFIRMATIVE DEFENSE

(Statutes of Limitations and Repose)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose. Plaintiffs' claims are based on alleged acts or omissions that occurred before any applicable limitations period and thus are time-barred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Terms of Service Limitations)

Plaintiffs' claims are barred by the one-year limitations period in YouTube's Terms of Service.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Duty or Breach)

Plaintiffs' claims against Defendants fail as a matter of law because Defendants neither owed nor breached any duty to any Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

Defendants owe no duty of care towards Plaintiffs in regard to the alleged inherent risks of Defendants' services, and any recovery against Defendants is barred or limited under the principle of assumption of risk, both express and implied.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Injuries)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or users of Defendants' services suffered no injuries or harm as a result of any action by Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their alleged claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and/or hypothetical.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Fraud, Illegality, or Improper Conduct)

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged harms were due to the procurement of Defendants' services through conduct that was fraudulent, illegal, or otherwise improper. Defendants' services were and continue to be age-restricted. Users who began using Defendants' services below the permitted age unlawfully obtained Defendants' services while underage and through the use of deception, fraud, or other improper conduct, such as through misrepresentation of their true ages. Plaintiffs' claims are further barred, in whole or in part, by the illegality of Plaintiffs' and/or users' own actions and/or any fraudulent and/or improper conduct by Plaintiffs and/or users.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite any harms alleged that were caused as a result of users violating Defendants' Terms of Service and/or Terms of Use.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiffs are barred from recovery to the extent of Plaintiffs' and/or users' failure to avoid or mitigate harm, including but not limited to users' failure to cease using Defendants' services; failure to seek medical or other assistance in an effort to cease using Defendants' services; or failure to otherwise seek medical or other assistance in an effort to address users' alleged injuries or harm.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Claims Not Ripe/Mootness)

Plaintiffs' claims are not ripe.  Plaintiffs' claims are barred to the extent they are moot, including because Plaintiffs have made numerous allegations about historical practices or other practices that have ceased and that cannot support a request for injunctive or other relief.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel based on the actions of Plaintiffs and/or their representatives.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Conduct Not Willful; Conforming to Industry Standards)

Defendants deny that they engaged in any wrongful conduct. Any conduct by Defendants was not willful or knowing. Plaintiffs' claims are barred, in whole or in part, to the extent that the challenged conduct of Defendants was undertaken for a valid business purpose and/or was consistent with industry norms and practices.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Lack of Causation, Generally)

Defendants deny all types of causation, general and specific, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against Defendants.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Independent, Intervening, and/or Superseding Causation)

Plaintiffs' alleged injuries, in whole or in part, resulted from independent, intervening, and/or superseding causes for which Defendants are not legally responsible and which were not foreseeable.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law; Plaintiffs Seek Improper Abatement)

Plaintiffs' equitable claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law, because Plaintiffs have no factual or legal basis for the grant of equitable relief, and because Plaintiffs' alleged equitable relief would duplicate legal remedies that are alleged. In addition, to the extent that Plaintiffs seek money as an equitable "abatement" remedy, that is an improper remedy.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Duplicative Recovery)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek duplicative relief for the same conduct.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Cap on Recovery; Collateral Sources)

Plaintiffs' claims are barred, in whole or in part, pursuant to all applicable statutory and common law doctrines regarding limitations of awards, caps on recovery, and setoffs. Defendants are entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment received, available, or to be received by Plaintiffs from any collateral source, as permitted by law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Set-off)

Defendants are not liable for the full amount of the claims to the extent Defendants are entitled to a set-off.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Punitive Damages, Generally; No Punitive Damages – Statutory/Constitutional )

Punitive damages are not recoverable by Plaintiffs because Plaintiffs have failed to allege or establish any conduct that would support an award of punitive damages.  Further, any claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other

state whose laws may apply.

## FORTIETH AFFIRMATIVE DEFENSE

(Attorneys' Fees Unavailable)

Plaintiffs' request for attorneys' fees in this action is barred because it lacks any basis in law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Claim and/or Issue Preclusion)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim and/or issue preclusion to the extent that Plaintiffs have brought other lawsuits against Defendants that reach judgment before this action reaches judgment.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Capacity to Assert Claims)

Plaintiffs have no capacity, authority, or right to assert some or all of their claims.

## FORTY-THIRD AFFIRMATIVE DEFENSE

(Sufficient Corrective Action)

Plaintiffs' claims are barred, in whole or in part, because Defendants' allegedly offending conduct or practice has ceased and Defendants have cured or taken sufficient corrective action in regard to the alleged defects of which Plaintiffs complain.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

(Opportunity to Cure)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to provide Defendants with notice of and a reasonable opportunity to cure the alleged defects.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Discharged Obligations)

Defendants appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Amended Master Complaint.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Justification)

Plaintiffs' claims are barred, in whole or in part, because to the extent Defendants engaged in any of the alleged acts, omissions, or conduct, they did so with justification.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Ordinary Course of Business; Industry Custom and Practice)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Defendants' actions were within the ordinary course of business and complied with industry custom and practice.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

(Authorized Conduct)

At all times material herein, Defendants' actions were specifically authorized under the laws administered by, or rules and regulations promulgated by, regulatory bodies or officers acting under the authority of the United States.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

(Content and Parties Outside of Defendants' Control)

Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (a) content created by persons and/or entities not within Defendants' control and/or (b) changes and/or alterations to Defendants' products made by persons and/or entities not within Defendants' control.

**FIFTIETH AFFIRMATIVE DEFENSE**

(Conformance with Laws)

The claims asserted in the Complaint are barred, in whole or in part, because the activities of Defendants' alleged in the Amended Master Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Amended Master Complaint.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(State of Art)

Plaintiffs may not recover from Defendants because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(Acquiescence, Settlement, and Release)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(Separation of Powers)

Plaintiffs' claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

(Defenses Against Claims Made on Behalf of Others)

Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged injuries or harm Plaintiffs seek to recover.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

(Petitioning Congress)

Plaintiffs' claims fail, in whole or in part, to the extent that they are based on petitioning statements made to Congress.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

(Derivative of User Claims)

Plaintiffs' claims are barred, in whole or in part, because they are derivative of claims that could be asserted, if at all, by users of Defendants' services, and/or by their parents or guardians.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

(Contemplated Conduct)

Plaintiffs' claims are barred, in whole or in part, because the conduct alleged in the Complaint was contemplated by contracts and/or agreements that users of Defendants' services entered into with Defendants or third parties.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

(Dormant Commerce Clause)

Plaintiffs' claims are barred, in whole or in part, by the dormant Commerce Clause of the United States Constitution.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

(Due Process Clause)

Plaintiffs' claims are barred, in whole or in part, by the Due Process Clauses of the United States and Plaintiffs' states' constitutions, including to the extent Plaintiffs seek punitive damages.

**SIXTIETH AFFIRMATIVE DEFENSE**

(No Reliance)

Plaintiffs' claims may be barred, in whole or in part, because users did not rely (reasonably or otherwise) upon any purported statement by Defendants in determining to use Defendants' services.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

(No Retroactive Reliance)

To the extent that Plaintiffs seek relief for Defendants' conduct occurring before enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

(Preclusion by Law)

Plaintiffs are precluded from recovering civil penalties and/or statutory damages under applicable provisions of law.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

(Consumer Protection Limitations)

Plaintiffs' claims are premised on the provisions and limitations of Plaintiffs' states' laws.  Defendants are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the Plaintiffs' states or any other state whose

substantive law might control the action or claims.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

(Other Defenses Incorporated by Reference)

Defendants further incorporate by reference, as if set forth herein, any defense asserted by another Defendant in these matters.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants hereby give notice that they reserve the right to rely upon any other defense that may become apparent as discovery progresses in this matter and reserves their right to amend the Answer and to assert any such defense. Defendants also reserve the right to amend the Answer and to assert any such defense should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Amended Master Complaint that has been dismissed. Defendants also reserve the right to amend their Answer and to assert any such defense should Plaintiffs at any time hereafter ask the Court to award relief on the basis of Plaintiffs' prayers for "other" relief. Nothing stated herein constitutes a concession as to whether Plaintiffs bear the burden of proof on any issue.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request:

(a) That judgment be entered in favor of Defendants and against Plaintiffs, and that Plaintiffs' action be dismissed in its entirety with prejudice;

(b) That Plaintiffs take nothing by way of their Amended Master Complaint;

(c) That Defendants be awarded the costs of defending against this suit, including reasonable attorneys' fees and other disbursements; and

(d) For such other and further relief as the Court shall deem just and proper.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

Dated: December 6, 2024

Respectfully Submitted,

**WILLIAMS & CONNOLLY LLP**

By:    <u>Joseph G. Petrosinelli</u>
      JOSEPH G. PETROSINELLI
      ASHLEY W. HARDIN

*Attorneys for Defendants YouTube, LLC, and Google LLC*

**CERTIFICATE OF SERVICE**

I, Ashley W. Hardin, hereby certify that on December 6, 2024, Defendants YouTube, LLC and Google LLC's Answer to Plaintiffs' Amended Master Complaint was filed via the CM/ECF system, is available for viewing and downloading from the ECF system, and that all parties required to be noticed will receive notice through the ECF system.

DATED: December 6, 2024                                              By: /s/ Ashley W. Hardin