JONATHAN H. BLAVIN, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: Jonathan.Blavin@mto.com

ROSE L. EHLER, SBN 296523
VICTORIA A. DEGTYAREVA, SBN 284199
ARIEL T. TESHUVA, SBN 324238
FAYE PAUL TELLER, SBN 343506
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: Rose.Ehler@mto.com
Email: Victoria.Degtyareva@mto.com
Email: Ariel.Teshuva@mto.com
Email: Faye.Teller@mto.com

LAUREN A. BELL (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: Lauren.Bell@mto.com

*Attorneys for Snap Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**SNAP INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT)**<br><br>**DEMAND FOR JURY TRIAL** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

Case No. 4:22-MD-03047-YGR

SNAP INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED MASTER
COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT)

Defendant Snap Inc. ("Snap") hereby answers Plaintiffs' First Amended Complaint (Local Government and School District) (the "Complaint"), filed March 27, 2024 (Dkt. 729), with a general denial and affirmative defenses, as follows:

## GENERAL DENIAL

Pursuant to the Court's Case Management Order No. 19 (Dkt. 1383), Snap denies, generally and specifically, each and every allegation in the Complaint. Snap further denies, generally and specifically, that Plaintiffs are entitled to the relief requested against Snap, or that Plaintiffs have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Snap, or any of Snap's past or present agents, representatives, or employees. Snap denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Snap sets forth below its affirmative defenses, subject to its right to amend and assert such other affirmative defenses as may become available during discovery in this action. Each defense is asserted as to all causes of action against Snap. Nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject necessarily is relevant to the allegations of the Complaint. Without admitting any wrongful conduct and without assuming the burden of proving any fact, issue, or element of a cause of action if such burden properly is that of Plaintiffs, Snap alleges upon information and belief as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

### SECOND AFFIRMATIVE DEFENSE
### (No Injuries)

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or users of Snap's services suffered no injuries or harm as a result of any action by Snap.

## THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and/or hypothetical.

## FOURTH AFFIRMATIVE DEFENSE

### (Real Party in Interest)

Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Capacity to Assert Claims)

Plaintiffs have no capacity, authority, or right to assert some or all of their claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Ripeness)

Plaintiffs' claims are not ripe.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs' claims are barred to the extent they are moot, including because Plaintiffs have made numerous allegations about historical practices or other practices that have ceased and that cannot support a request for injunctive or other relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations and Repose)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose. Plaintiffs' claims are based on alleged acts or omissions that occurred before any applicable limitations period and thus are time-barred.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their alleged claims.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiffs have failed to join necessary or indispensable parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Improper Joinder)**

The claims asserted against Snap do not arise out of the same transactions or occurrences as required for joinder of parties.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or state law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Protected Speech)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose sanctions on Snap for engaging in protected activity under the First Amendment to the United States Constitution and similar provisions of state constitutions, including under the Free Speech Clause to the California Constitution (Cal. Const. art. 1, § 2). Moreover, the representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Communications Decency Act)**

Plaintiffs' claims are barred in whole or in part by the Communications Decency Act. *See* 47 U.S.C. § 230(c)(1).

SNAP INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT)

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Claim and/or Issue Preclusion)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim and/or issue preclusion to the extent that Plaintiffs have brought other lawsuits against Snap that reach judgment before this action reaches judgment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Duty or Breach)**

Plaintiffs' claims against Snap fail as a matter of law because Snap neither owed nor breached any duty to any Plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Snap owes no duty of care toward Plaintiffs in regard to the alleged inherent risks of Snap's services, and any recovery against Snap is barred or limited under the principle of primary assumption of risk, both express and implied.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation, Generally)**

Snap denies all types of causation, general and specific, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against Snap.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Third Party Fault)**

A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to (i) other parties from whom Plaintiffs seek recovery in this action, and (ii) persons from whom Plaintiffs do not seek recovery in this action. Plaintiffs' claims are barred and/or Plaintiffs' damages must be

reduced, in whole or in part, because of the contributory and/or comparative fault of third parties who caused or contributed to Plaintiffs' alleged injuries. Snap is not liable for any alleged harm Plaintiffs sustained as a result of Plaintiffs' use of another Defendant's services; or any non-party's website, app, online service, or other good, product, service or intangible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Third Party Fault – Use of Other Services)

Snap is not liable for any alleged harm by Plaintiffs that users of Snap's services sustained as a result of a use of (i) another Defendant's services; or (ii) any non-party's website, app, online service, or other good, product, service or intangible.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Proportionate Fault of Agents, Employees, Contractors)

To the extent any agents, employees, or contractors of Snap caused any of the damages alleged by the Plaintiffs, such agents, employees, or contractors were acting outside the scope of agency, employment, or contract with Snap, and any recovery against Snap must be reduced by the proportionate fault of such agents, employees, or contractors.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Contributory or Comparative Fault of Plaintiffs)

A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to the conduct of Plaintiff(s) and/or others acting on Plaintiffs' behalf. Plaintiffs' claims are barred and/or Plaintiffs' damages must be reduced, in whole or in part, because Plaintiffs' alleged damages were caused by the contributory or comparative fault of Plaintiffs and/or others acting on Plaintiffs' behalf, because Plaintiffs knowingly encountered the alleged risks of Snap's services, and because the principle of secondary assumption of risk applies to Plaintiffs' claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Independent, Intervening, or Superseding Causation)

Plaintiffs' alleged injuries, in whole or in part, resulted from independent, intervening, and/or superseding causes for which Snap is not legally responsible and which were not foreseeable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Misuse)**

Users' alleged injuries and harm, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, criminal use, unintended use, unforeseeable use and/or improper use of the service(s) at issue in this matter.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violations by users of Snap's Terms of Service and/or Terms of Use.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel based on the actions of Plaintiffs and/or their representatives.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Fraud, Illegality, or Improper Conduct)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs procured Snap's services through conduct that was fraudulent, illegal, or otherwise improper. Snap's services were and continue to be age-restricted. Plaintiffs who began using Snap's services below the permitted age unlawfully obtained Snap's services while underage and through the use of deception, fraud, or other improper conduct, such as through misrepresentation of their true ages. Plaintiffs' claims are further barred in whole or in part by the illegality of Plaintiffs' own actions and/or any fraudulent and/or improper conduct by Plaintiffs.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Pre-Existing Conditions)**

The injuries and harms Plaintiffs allege, if any, were the direct result of users' preexisting medical conditions or idiosyncratic reactions and/or occurred by operation of nature or as a result of circumstances over which Snap had and continues to have no control.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Conduct Not Willful)

Snap denies that it engaged in any wrongful conduct. Any conduct by Snap was not willful or knowing.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Sufficient Corrective Action)

Plaintiffs' claims are barred, in whole or in part, because Snap's allegedly offending conduct or practice has ceased and Snap has cured or taken sufficient corrective action in regard to the alleged defects of which Plaintiffs complain.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Notice)

Plaintiffs cannot obtain relief on their claims based on actions undertaken by Snap of which Snap provided notice of all reasonable facts.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Discharged Obligations)

Snap appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs have consented to and/or ratified the conduct alleged in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Contract)

Plaintiffs' claims are barred in whole or in part by contracts and/or agreements, including the integrated Terms of Service, they entered into with Snap or third parties.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiffs' claims are barred, in whole or in part, because to the extent Snap engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business; Industry Custom and Practice)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Snap's actions were within the ordinary course of business and complied with industry custom and practice.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law; Plaintiffs Seek Improper Abatement)

Plaintiffs' equitable claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law, because Plaintiffs have no factual or legal basis for the grant of equitable relief, and because Plaintiffs' alleged equitable relief would duplicate legal remedies that are alleged. In addition, to the extent that Plaintiffs seek money as an equitable "abatement" remedy, that is an improper remedy.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Defenses Against Claims Made on Behalf of Others)

Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged injuries or harm Plaintiffs seek to recover.

### FORTIETH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims for relief are barred because they would be unjustly enriched if they recovered any monetary relief.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Punitive damages are not recoverable by Plaintiffs because Plaintiffs have failed to allege or establish any conduct that would support an award of punitive damages.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(No Punitive Damages – Statutory/Constitutional Bar)**

Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the U.S. Constitution, the excessive fines clause of the Eighth Amendment of the U.S. Constitution, the Full Faith and Credit Clause of the U.S. Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Punitive damages are not recoverable by Plaintiffs.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs are barred from recovery to the extent of Plaintiffs' and/or users' failure to avoid or mitigate harm, including but not limited to users' failure to cease using Snap's services; failure to seek medical or other assistance in an effort to cease using Snap's services; or failure to otherwise seek medical or other assistance in an effort to address users' alleged injuries or harm.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Duplicative Recovery)**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek duplicative relief for the same conduct.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Cap on Recovery)**

Plaintiffs' claims are barred, in whole or in part, pursuant to all applicable statutory and common law doctrines regarding limitations of awards, caps on recovery, and setoffs.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Collateral Sources)**

Snap is entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment received, available, or to be received by Plaintiffs from any collateral source, as permitted by law.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Set-off/Recoupment)

Snap is not liable for the full amount of the claims to the extent Snap is entitled to a set-off.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

Plaintiffs' request for attorneys' fees in this action is barred because it lacks any basis in law.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Opportunity to Cure)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to provide Snap with notice of and a reasonable opportunity to cure the alleged defects.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Personal Jurisdiction)

With respect to every action originally brought in a court located outside California, Snap avers that this Court lacks personal jurisdiction over it.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Petitioning Congress)

Plaintiffs' claims fail, in whole or in part, to the extent that they are based on petitioning statements made to Congress.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Authorized Conduct)

At all times material herein, Snap's actions were specifically authorized under the laws administered by, or rules and regulations promulgated by, regulatory bodies or officers acting under the authority of the Plaintiff States or the United States.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Content and Parties Outside of Snap's Control)

Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within Snap's control and/or

(B) changes and/or alterations to Snap's products made by persons and/or entities not within Snap's control.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

**(Derivative of User Claims)**

Plaintiffs' claims are barred in whole or in part because they are derivative of claims that could be asserted, if at all, by users of Snap's services, and/or by their parents or guardians.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

**(Contemplated Conduct)**

Plaintiffs' claims are barred in whole or in part because the conduct alleged in the Complaint was contemplated by contracts and/or agreements that users of Snap's services entered into with Snap or third parties.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

**(Conformance with Laws)**

The claims asserted in the Complaint are barred, in whole or in part, because the activities of Snap alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

**(State of the Art)**

Plaintiffs may not recover from Snap because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

**(Preclusion by Law)**

Plaintiffs are precluded from recovering civil penalties and/or statutory damages under applicable provisions of law.

**SIXTIETH AFFIRMATIVE DEFENSE**

**(Acquiescence, Settlement, and Release)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

**(Dormant Commerce Clause)**

Plaintiffs' claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

**(Due Process Clause)**

Plaintiffs' claims are barred in whole or in part by the Due Process Clauses of the United States and Plaintiff States' Constitutions, including to the extent Plaintiffs seek punitive damages.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

**(Separation of Powers)**

Plaintiffs' claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

**(Consumer Protection Limitations)**

Plaintiffs' claims are premised on the provisions and limitations of Plaintiff states' laws. Snap is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the Plaintiff states or any other state whose substantive law might control the action or claims.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Reliance)**

Plaintiffs' claims may be barred, in whole or in part, because users did not rely (reasonably or otherwise) upon any purported statement by Snap in determining to use Snap's services.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

### (No Retroactive Application)

To the extent that Plaintiffs seek relief for Snap's conduct occurring before enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

### (Incorporation by Reference)

Snap further incorporates by reference as if set forth herein any defense asserted by another Defendant in these matters.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defenses Reserved)

Snap hereby gives notice that it reserves the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserves its right to amend the Answer and to assert any such defense. Snap also reserves the right to amend the Answer and to assert any such defense should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed. Snap also reserves the right to amend its Answer and to assert any such defense should Plaintiffs at any time hereafter ask the Court to award relief on the basis of Plaintiffs' prayers for "other" relief.

### SNAP'S PRAYER FOR RELIEF

Wherefore, Snap prays as follows:

1. That judgment be entered in favor of Snap and against Plaintiffs, and that Plaintiffs' action be dismissed in its entirety with prejudice;

2. That Plaintiffs take nothing by way of their Amended Master Complaint;

3. That Snap be awarded the costs of defending against this suit, including reasonable attorneys' fees and other disbursements; and

4. For such other and further relief as the Court shall deem just and proper.

### SNAP'S JURY DEMAND

Snap demands a trial by jury on all issues so triable.

DATED: December 6, 2024              MUNGER, TOLLES & OLSON LLP

                                     By:    /s/Jonathan H. Blavin
                                            JONATHAN H. BLAVIN
                                            *Attorney for Snap Inc.*