IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**STATUS UPDATE AND STATEMENT RE: STATE AGENCY DISCOVERY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

On behalf of California Governor Gavin Newsom and the executive branch agencies identified below, we respectfully request permission to submit the attached non-party status update and statement of position regarding Meta's discovery requests in the above-captioned case.

The Office of the Governor has retained our firm to advise and represent the Governor and six of the California agencies named in Meta's discovery requests. Rather than further litigate the propriety of those requests, we have commenced meet and confer efforts with Paul Schmidt and Christopher Yeung, litigation counsel for Meta, regarding an agreement that we expect will provide Meta with responsive, relevant, non-privileged documents in a timely fashion, subject to appropriate objections.

We believe this should resolve the document discovery dispute that was the subject of the Court's September 6, 2024 Order (ECF 1117), but in order to ensure a complete record, the Governor and the agencies respectfully submit the attached statement in support of their position that the Office of the California Attorney General does not exercise control over their documents within the meaning of Rule 34 and the case law interpreting it, and that they are not parties to this litigation. For the reasons stated in the letter brief, the Governor and the agencies respectfully request that the Court stay its September 6, 2024 discovery order with respect to the State of California to allow discovery to proceed pursuant to their meet and confer with Meta on this issue.

1

Dated:  December 9, 2024

Respectfully submitted,

OLSON REMCHO, LLP

By: /s/ Margaret R. Prinzing
    Margaret R. Prinzing (CA SBN 209482)
    Olson Remcho, LLP
    1901 Harrison Street, Suite 1550
    Oakland, CA  94612
    Phone:  (510) 346-6200
    Fax:  (510) 574-7061
    Email:  mprinzing@olsonremcho.com

Attorneys for Non-Parties
Office of the Governor
California Office of Data & Innovation
California Governor's Office of Business and
  Economic Development
California Department of Finance
California Department of Public Health
California Department of Consumer Affairs
California Business, Consumer Services and
  Housing Agency

**Olson | Remcho**

December 9, 2024

The Honorable Peter H. Kang
United States Magistrate Judge
United States District Court, Northern District
450 Golden Gate Avenue, Fifteenth Floor, Courtroom F
San Francisco, CA  94102

**Re:** *In Re:  Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, United States District Court Case No. 4:22-md-03047-YGR

Dear Judge Kang:

In its September 6, 2024 order, the Court concluded that "the factors weigh in favor of a finding that the California Attorney General does have legal control, for purposes of discovery, over the California agencies in dispute."  ECF 1117 at 49-50.  The Court reasoned that the Governor's Office and state agencies within the Governor's Administration would necessarily agree to a demand or request from the Attorney General's Office to provide potentially responsive records, which may include privileged or otherwise sensitive information.  *See id*. at 52-53.

The Court appears to have assumed that the Attorney General's Office would represent the Governor's Office and related state agencies in this action, which is not the case.  *See id.* at 51, 53.  Our office has been retained to represent the Governor and those agencies, and the Attorney General has made clear that he does not claim to represent them in this action or to have any control over their documents.

Any holding that the Attorney General does in fact control documents in the Governor's Office or the state agencies in his administration is inconsistent with the constitutional structure of our state government.  Unlike the federal government, which has a unitary executive structure, California government has a constitutionally divided Executive Branch.  Article V, section 1 of the California Constitution states that "the supreme executive power of this State is vested in the Governor."  Although the Constitution provides that the Attorney General is "the chief law officer of the State," his or her authority is "*[s]ubject to the powers and duties of the Governor[.]*"  Cal. Const. art. V, § 13, emphasis added.  Thus, it is the Governor who controls the state agencies in the executive branch, and the Attorney General's authority in this case is subject to the powers and duties of the Governor, not the other way around.

It is true that as the "chief law officer of the State," the Attorney General is authorized to bring civil actions to enforce various state laws, as he has done here.  *See*, *e.g.*, Cal. Bus. & Prof. Code §§ 17200, 17204, 17500.  Such actions are brought in the name and by the authority of the People of the State of California, but that does not mean that the Attorney General can commandeer the State's other independent constitutional officers and offices, especially the Governor and executive branch agencies that report to the Governor.  Unless specifically named as such, those independent officers and agencies are not parties to litigation brought on behalf of the State of California, and courts do not automatically obtain jurisdiction over them when the Attorney General brings such a case.

California case law makes this clear.  In *People ex rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060, 1076-80 (2004), the Court of Appeal of California specifically held that when the Attorney General brings an independent enforcement action, the Attorney General may not be ordered "to produce documents from nonparty state agencies . . . ." *Id*. at 1080.  The Court of

**Long Beach**
555 E. Ocean Blvd, Ste. 420
Long Beach, CA  90802

**Sacramento**
555 Capitol Mall, Ste. 400
Sacramento, CA  95814

**Oakland**
1901 Harrison St., Ste. 1550
Oakland, CA 94612

Olson Remcho LLP | olsonremcho.com

The Honorable Peter H. Kang
December 9, 2024
Page 2

Appeal explained that Californians and their elected representatives have drawn divisions among various Executive Branch officers and agencies to define the structure of their government and, according to those divisions, the Attorney General is not "in possession, custody or control of documents created or possessed by nonparty state agencies." *Id*. at 1079.  That is so both as a *legal* matter, because of the constitutional independence of the Attorney General, and as a *practical* matter; the Attorney General has no legal, physical, or technological means to directly procure or obtain records from an independent executive branch agency.  An order allowing a litigant to obtain records of those nonparty agencies through party discovery would make each of those officers and agencies a party to every enforcement action brought by the Attorney General, whether or not they played any part in the subject matter of the suit or even agreed with the Attorney General's interpretation of the law.  Such a holding would put the federal courts in conflict with California courts' own interpretation of California law, which provides that the Attorney General cannot direct non-party agencies to produce records pursuant to party discovery.

The Court's September 6 order relied on California Government Code sections 11040 to 11042, which charge the Attorney General with representing most state agencies in most judicial and administrative adjudicative proceedings.  But those provisions are not to the contrary.  California law provides that the Attorney General essentially acts as state agencies' *outside counsel* to promote efficiency and economy in state government by providing legal services to state agencies at hourly rates that fall below the average rates charged by private firms (thereby avoiding the need for each agency in state government to maintain full litigation capability in-house) and by ensuring sufficient revenue for the Attorney General's Office to support expertise across the range of issues and areas needed to competently represent state agencies.  *See id.* § 11040(a).

Here, however, as noted, the Attorney General has not represented and does not, in fact, represent the Governor's Office or relevant agencies in this judicial proceeding – our firm does.  In any event, this arrangement is not intended to give the Attorney General's Office control over the agencies' documents themselves.  When the Attorney General's Office represents state agencies pursuant to Government Code sections 11040 to 11042, it acts as essentially an outside law firm.  Just as a law firm would not be deemed to have "control" over records of a client represented by one practice group for purposes of separate litigation being handled by another practice group, the fact that one section within the Attorney General's Office may serve as outside counsel representing an agency in litigation does not mean that the Attorney General has general control over that agency's records for purposes of unrelated enforcement actions brought by the Attorney General.

Most importantly, even where the Attorney General does represent a state officer or agency in connection with a judicial proceeding, regardless of whether those state officers or agencies are parties to the litigation, they remain the client and can define the scope of requested representation.  *See* Cal. R. Pro. Conduct 1.2.  It does not mean that lawyers in the Attorney General's office may control the litigation or make decisions contrary to those of the officers and agencies they represent.  And it means that when the Attorney General brings an enforcement action in his independent capacity, lawyers from Attorney General's office that may be representing other governmental agencies – including the Governor, who is the chief executive of the state – may not force their clients to participate as parties or appear in the action.  California's highest court has made clear that the Attorney General's Office is subject to the California Rules of Professional Conduct, even when bringing an independent action on behalf of the People.  *See generally People ex rel. Deukmejian v. Brown*, 29 Cal. 3d. 150, 157 (1981).

The Honorable Peter H. Kang
December 9, 2024
Page 3

The implication that the Attorney General' Office, acting as counsel, may compel the Governor's Office or state agencies to become parties to a case brought in the Attorney General's independent capacity – or otherwise turn over records to the Attorney General by bringing an independent enforcement action – flies in the face of well-settled California law regarding the professional obligations of public prosecutors.

The result should be no different in a federal forum: "[I]t is characteristic of our federal system that States retain autonomy to establish their own governmental processes." *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 816 (2015). Here, California has structured its government by establishing a divided executive branch, in which the Attorney General has independent authority to enforce certain state laws against private parties while having no power to control other independent constitutional officers, or to directly compel the production of documents from other state agencies. Again, that is clear as a matter of state law. *Lockyer*, 122 Cal. App. 4th at 1079-80.[1]

In its September 6 order, the Court recognized and relied upon the Ninth Circuit's holding that "'[c]ontrol is defined as the legal right to obtain documents upon demand'" and that it should conduct a "fact specific inquiry" in order to make that determination. ECF 1117 at 5-6 (quoting *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999)). But if control requires a "legal right" to obtain documents upon demand, that right must be established as a matter of state law, just as one company's legal control over a related company's records is ordinarily determined by reference to corporate governance documents. As demonstrated above, under California law, the Attorney General has no legal right to obtain documents upon demand from the Governor or the agencies at issue here. Instead, under the California Constitution, the Attorney General's authority is "[s]*ubject to the powers and duties of the Governor* . . . ." Cal. Const. art. V, § 13 (emphasis added). And, as noted, the Attorney General does not, in fact, represent the Governor's Office or relevant state agencies in this proceeding.

Thus, the fact-specific inquiry that the Court held must be made here yields the result that the Attorney General exercises *no* legal control over documents held by the Governor or the agencies, especially when the Attorney General does not, in fact, represent the non-party Governor's Office or agencies in this proceeding. Any other outcome is contrary to the Supreme Court's clear recognition of a state's right to define its governmental structure and authority:

> Through the structure of its government, and the character of those who exercise government authority, a State defines itself as a sovereign. "It is obviously essential to the independence of the States, and to their peace and tranquility, that their power to prescribe the qualifications of their own officers . . . should be

---

[1] The general default of Attorney General Office representation of state agencies, as currently codified in Government Code sections 11040 to 11042, was operative when this case was decided. Accordingly, as a matter of state law, the fact that the Attorney General's Office would represent those agencies if they were parties to a judicial proceeding did not alter the conclusion that the Attorney General's Office could not compel production, or otherwise exercise control, over those non-party agencies.

The Honorable Peter H. Kang
December 9, 2024
Page 4

> exclusive, and free from external interference, except so far as plainly provided by the Constitution of the United States."
>
> *Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991) (quoting *Taylor* v. *Beckham*, 178 U.S. 548, 570-71 (1900)).

Finally, it is important to keep in mind that a contrary ruling in a federal court order would have consequences beyond the scope of this case. Although the Governor and Attorney General are currently both in the same political party and their offices have strong working relationships, that is not always the case, and is not the case for certain states involved in this proceeding. An Attorney General from a different political party – or one who is potentially a political rival or even planning to run (or actively running) against the sitting Governor – could demand access to records in possession of the Governor's Office (or the Governor himself) or agencies within the Governor's Administration by bringing an enforcement action against an unrelated third party. Such a result would seriously undermine California's constitutional structure and the workings of its government.

There is no need for that to happen here. Counsel for the Governor's Office and the agencies have commenced meet and confer efforts regarding an agreement whereby the Governor and the agencies expect to produce documents in a timely manner subject to appropriate objections. For that reason, the Governor and the agencies at issue in this proceeding respectfully request that the Court stay its September 6 order with respect to the State of California.

    Respectfully submitted,

    OLSON REMCHO, LLP

    /s/ Margaret R. Prinzing
    Attorneys for Non-Parties
    Office of the Governor
    California Office of Data & Innovation
    California Governor's Office of Business and
      Economic Development
    California Department of Finance
    California Department of Public Health
    California Department of Consumer Affairs
    California Business, Consumer Services and
      Housing Agency

MRP:NL
(2,023,189v4)