SELENDY GAY PLLC
Faith E. Gay
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com

*Attorney for the Office of the Governor of the State of New York*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>*People of the State of California, et al.,*<br><br>v.<br><br>*Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR (PHK)<br>4:23-cv-05448-YGR (PHK)<br><br>**NON-PARTY STATUS UPDATE AND STATEMENT RE: STATE AGENCY DISCOVERY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang,

    We represent the Office of the Governor of the State of New York (the "Executive Chamber") in connection with discovery that defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (together, "Meta") seek from the Executive Chamber and other executive agencies within the New York Governor's administration including New York Office of Children and Family Services ("OCFS"), New York Council on Children and Families ("CCF"), New York Department of Health ("DOH"), New York Office of Mental Health ("OMH"), New York State Division of the Budget ("DOB"), New York Department of State ("DOS"), and New York Higher Education Services Corporation ("HESC") (together, the "Executive Agencies").

    We write in reference to Docket Number 1434 in Case Number 4:22-md-03047-YGR-PHK and in response to the Court's statement during the November 21, 2024 discovery management conference that it would hear from non-party agency counsel regarding the status of discovery. We appreciate the opportunity, as a non-party outside the Court's jurisdiction, to be heard.

1 | Consistent with the guidance provided by this Court, we respectfully request permission to file the attached discovery status report and position statement, submitted together with a limited purpose *pro hac vice* application, to assist the Court without waiving our jurisdictional objections as non-parties. As detailed in the attached, the Executive Agencies have proactively and repeatedly contacted Meta in an attempt to reach a mutually beneficial resolution that would provide prompt, voluntary discovery from the Executive Agencies and would avoid Court intervention. Meta has refused to engage in good faith or to pursue discovery with appropriate diligence and reasonableness. The attached status report also sets out support for the well-settled position under New York law that the New York Attorney General has no control over the Executive Agencies.

As the Court noted in Docket Number 1434, our presence outside this jurisdiction constrains our ability to appear, and we, of course, defer to the Court's discretion to admit or deny our limited purpose *pro hac vice* application. As a final note of clarification, we do not seek to file the attached status report under seal or *ex parte*.

Dated: December 11, 2024

Respectfully submitted,

**SELENDY GAY PLLC**

/s/  *Faith E. Gay*

Faith E. Gay
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com

*Attorney for Non-Party Office of the Governor of New York*

SELENDY GAY PLLC
Faith E. Gay
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com

*Attorney for the Office of the Governor of the State of New York*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>*People of the State of California, et al.,*<br><br>v.<br><br>*Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR (PHK)<br>            4:23-cv-05448-YGR (PHK)<br>**APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

I, Faith E. Gay, an active member in good standing of the bars of New York, Florida, Illinois, and Texas, hereby respectfully apply for admission to practice *pro hac vice* in the Northern District of California representing the Office of the Governor of the State of New York (the "Executive Chamber") in connection with discovery that defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (together, "Meta") seek from the Executive Chamber and other executive agencies within the New York Governor's administration including New York Office of Children and Family Services ("OCFS"), New York Council on Children and Families ("CCF"), New York Department of Health ("DOH"), New York Office of Mental Health ("OMH"), New York State Division of the Budget ("DOB"), New York Department of State ("DOS"), and New York Higher Education Services Corporation ("HESC") (together, the "Executive Agencies"). I submit this application for the limited purpose of providing the Court with a status update and statement of non-party position in the above-entitled action on behalf of the Executive Agencies, in response to Docket Number 1434 entered by the Court in 22-

md-03047 and without waiving any jurisdictional objections or other rights of the Executive Agencies.

I am an active member in good standing of a United States Court or of the highest court of another State or the District of Columbia, as indicated above; my bar number is: 2117117.

A true and correct copy of a certificate of good standing or equivalent official document from said bar is attached to this application.

I have been granted *pro hac vice* admission by the Court zero times in the 12 months preceding this application.

I agree to familiarize myself with, and abide by, the Local Rules of this Court, especially the Standards of Professional Conduct for attorneys and the Alternative Dispute Resolution Local Rules. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 11, 2024

/s/ *Faith E. Gay*
Faith E. Gay
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com

*Attorney for Non-Party Office of the Governor of New York*

IT IS HEREBY ORDERED THAT the application of Faith E. Gay is granted. All papers filed by the attorney must indicate appearance pro hac vice. Service of papers upon, and communication with, local cocounsel designated in the application will constitute notice to the party.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Faith E. Gay
Partner
212.390.9001
fgay@selendygay.com

December 11, 2024

<u>Via ECF</u>

The Honorable Peter H. Kang
United States Magistrate Judge
United States District Court, Northern District
450 Golden Gate Avenue, 15th Floor, Courtroom F
San Francisco, CA 94102

**Re:** *People of the State of California, et al. v. Meta Platforms, Inc. et al.*, 4:23-cv-05448-TGR-PHK (N.D.Cal.); *In re Social Media Adolescent Addiction/Personal Inj. Products Liab. Litig.*, 4:22-md-03047-YGR-PHK

Dear Judge Kang,

We represent the Office of the Governor of the State of New York (the "Executive Chamber") in connection with discovery that defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (together, "Meta") seek from the Executive Chamber and other executive agencies in the New York Governor's administration including Office of Children and Family Services ("OCFS"), Council on Children and Families ("CCF"), Department of Health ("DOH"), Office of Mental Health ("OMH"), Division of the Budget ("DOB"), Department of State ("DOS"), and Higher Education Services Corporation ("HESC") (together, the "Executive Agencies").

The New York State Attorney General ("NYAG") does not represent the Executive Agencies in connection with this matter. The NYAG has conveyed to the undersigned this Court's guidance at the November 21, 2024 discovery management conference that the Court would hear from non-party agency counsel regarding the status of discovery. We are grateful for this opportunity to be heard, and thus briefly summarize our client's position and the record below.

As this Court's Order issued on September 6, 2024 (the "September 6 Order") recognizes, the Executive Agencies are not parties to the above-captioned litigation, *see, e.g.*, Dkt. 1117 at 1, 20, and the NYAG "is a separate entity" and is prosecuting this lawsuit "in its own independent authority." *Id.* at 170. As separate, non-party entities located within New York State who were not involved with the filing or prosecution of this

lawsuit, the Executive Agencies are not subject to jurisdiction in, and thus are not bound by orders of, the Northern District of California. *See, e.g.*, *Stanford Health Care v. CareFirst of Maryland, Inc.*, 716 F. Supp. 3d 811, 816 (N.D. Cal. 2024) (finding that even a *party* to a litigation cannot be 'haled into a jurisdiction solely as a result of ... the unilateral activity of another party or a third person'" (alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *see also Burger King Corp.*, 471 U.S. at 471-72 (recognizing that the Due Process Clause prohibits foreign sovereigns from binding even *parties* to a litigation without jurisdiction over them).

Separately, the September 6 Order's finding that the NYAG has control over the Executive Agencies' documents is inconsistent with the New York State Constitution and the New York Executive Law, which do not require the Executive Agencies to provide documents to Meta or the NYAG without issuance of a non-party subpoena. By design under New York law, the NYAG and the Governor are separately elected officials who operate independently of one another, with separate powers, duties, and obligations. *See, e.g.*, N.Y. Const. Art. IV § 1, Art. V § 1. The Governor is head of the Executive Department, N.Y. Exec. L. § 30, and the NYAG is head of the Department of Law, N.Y. Const. Art. V § 4; N.Y. Exec. L. § 60, which is not a division of the Executive Department overseen by the Governor, N.Y. Exec. L. § 31. Indeed, courts in New York have recognized that state agencies are separate and distinct entities that cannot be viewed collectively and thus do not control other state agency documents. *See New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006)[1]; *Wandering Dago Inc. v. New York State Off. of Gen. Servs.*, 2015 WL 3453321, at *8 (N.D.N.Y. May 29, 2015); *U.S. v. Novartis Pharmaceuticals Corp.*, 2014 WL 6655703, at *9 (S.D.N.Y. Nov. 24, 2014). This reasoning applies with even greater force when applied to the contention that the NYAG—a constitutionally separate entity—controls documents at the Executive Agencies.

More specifically, under New York law, in actions such as the above-captioned litigation that the NYAG brings pursuant to her authority under Executive Law § 63(12), *see* Compl. ¶¶ 21 & n.4; Prayer for Relief ¶ B(19), the NYAG must seek documents according to New York's Civil Practice Law and Rules, which, in turn, imposes specific notice and motion requirements for subpoenas served on departments or bureaus of the state or any officer thereof. *See* CPLR §§ 2307, 3120(4) ("Nothing contained in this section [permitting a party to serve discovery requests after an action is commenced] shall

---

[1] The Court suggested that *Boardman* was premised on a failure by the party seeking discovery to meet its burden of proving control, *see* Dkt. 1117 at 173-74, but the *Boardman* court found that such a burden could never be met under New York law considering the separate nature of state agencies. *See* 233 F.R.D. at 268 ("Thus, [party] has not *and cannot* meet its burden of proving control.") (emphasis added)). Indeed, the *Boardman* court *expressly* stated that having previously served as General Counsel to a state agency, it had "personal knowledge to the fact" that the NYAG does not have access to agency documents without agency permission or a subpoena. *See id.* at 268 n.11.

The Honorable Peter H. Kang
December 11, 2024

be construed to change the requirement of section 2307 that a subpoena duces tecum to be served upon a … department or bureau … of the state ….").

Nor is there a "requirement that the [NYAG] will act as [the Executive Agencies'] counsel" "in this matter for discovery." *Contra* Dkt. 1117 at 170. This is evidenced by the Executive Chamber's retention of private counsel in this matter. Executive Law § 63(1), cited by Meta and the Court, does not provide otherwise, as that provision contains no language permitting the NYAG to obtain documents or information and instead obligates the NYAG to provide legal representation where the NYAG must protect the interests of New York State. Document requests propounded on the Executive Agencies as non-parties to a litigation do not automatically qualify as such actions or proceedings.

In sum, the general premise of the September 6 Order purports to upend well-settled separation of powers under New York law as to the non-party Executive Agencies and thus has potential implications far beyond this matter.

Significantly, even though the September 6 Order misapprehends New York law as set forth above, and the Executive Agencies have had no opportunity to object given their non-party status, the Executive Agencies nevertheless voluntarily and proactively reached out to Meta beginning in September 2024 to offer reasonable, workable, and efficient resolutions that would avoid Court intervention. The Executive Agencies have no interest in slowing down or withholding discovery in this important matter.

First, the Executive Agencies proposed to Meta that the undersigned act as a single point of contact for the Executive Agencies for purposes of proceeding with discovery under Federal Rule of Civil Procedure 45 ("Rule 45"), if Meta would agree to withdraw its claim that it could obtain documents from the Executive Agencies through the NYAG. Meta took over a month to consider and then rejected that offer, while failing to pursue any discovery from the Executive Agencies.

Despite Meta's inaction and rejection of its good-faith resolution, the undersigned thereafter voluntarily provided reasonable search parameters for Rule 45 discovery for the four Executive Agencies Meta previously subpoenaed (OMH, DOH, OCFS, and CCF). Meta refused these search parameters and insisted that OMH, DOH, OCFS, and CCF run facially overbroad terms determined unilaterally by Meta that yielded thousands or millions of documents according to the hit counts produced by the agencies. These massive hit counts, which were immediately provided to Meta, are unsurprising given that many of the terms do not refer to Meta, or even social media in general; some search terms reference social media platforms other than Meta; and the terms are standalone and disjunctive. Inexplicably, Meta also continues to hold the Rule 45 subpoenas to OMH, DOH, OCFS, and CCF in abeyance, thereby impeding rolling production from the Executive Agencies.

The undersigned also promptly offered to meet-and-confer with Meta on behalf of the four remaining Executive Agencies Meta has never subpoenaed (Chamber, DOB, DOS, HESC) if Meta would serve Rule 45 subpoenas on them. Meta rejected this offer as well and has not otherwise pursued discovery from these Executive Agencies.

3

The Honorable Peter H. Kang
December 11, 2024

It has always been our goal to find a workable solution for all involved. That is why we have been voluntarily and repeatedly reaching out to Meta since September to negotiate a path to production. It seems apparent, however, that Meta would rather pursue misplaced complaints about the NYAG, which does not control the Executive Agencies or their documents, than negotiate reasonable production parameters directly with these non-parties, who have repeatedly offered to make non-party productions.

For the reasons set forth above, the Executive Agencies respectfully request that the Court stay its September 6, 2024 discovery order with respect to the State of New York and allow third-party discovery to proceed pursuant to the Executive Agencies' ongoing meet and confer process with Meta.

Reserving all rights, including the Executive Agencies' non-party status and all jurisdictional objections, we remain available to promptly continue our meet-and-confer with Meta, to promptly produce documents under Rule 45 subpoenas, and to further assist the Court.

Respectfully submitted,

/s/ *Faith E. Gay*

Faith E. Gay
Partner



## Appellate Division of the Supreme Court of the State of New York
### First Judicial Department

I, Susanna M. Rojas, Clerk of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, do hereby certify that

## Faith Elizabeth Gay

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **February 2, 1987**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand in the City of New York on September 19, 2024.

*Clerk of the Court*

CertID-00192003



# Supreme Court of the State of New York
## Appellate Division, First Department

**DIANNE T. RENWICK**
PRESIDING JUSTICE

**SUSANNA MOLINA ROJAS**
CLERK OF THE COURT

**MARGARET SOWAH**
DEPUTY CLERK OF THE COURT

**DOUGLAS C. SULLIVAN**
DEPUTY CLERK OF THE COURT

To Whom It May Concern

    An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

    An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

    New York State does not register attorneys as active or inactive.

    An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the First Judicial Department.

    Bar examination history is available from the New York State Board of Law Examiners.

    Instructions, forms and links are available on this Court's website.

Susanna Rojas
Clerk of the Court

Revised October 2020