BRIAN M. WILLEN (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

*Additional parties and counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.: 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**NOTICE OF SUPPLEMENTAL MOTION AND SUPPLEMENTAL MOTION OF THE GOOGLE/YOUTUBE AND SNAP DEFENDANTS TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>**Hearing:**<br>Date:  TBD<br>Time:  TBD<br>Place:  Oakland, California<br>Judge:  Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, at a hearing date and time to be determined in accordance with the Court's Case Management Order No. 5 (Dkt. 164), before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street in Oakland, California, Defendants Snap Inc.; YouTube, LLC and Google LLC, (collectively the "Movants"), will and hereby do move this Court, under 28 U.S.C. § 1292(b), for an order certifying for interlocutory review the Court's October 15, 2024 Order Largely Denying in Part Meta's Motion to Dismiss the Multistate Attorneys General Complaint But Limiting the Scope of Claims; Including the Florida Attorney General Complaint; and Personal Injury Plaintiffs' Consumer Protection And Misrepresentation Claims (Dkt. 1214); and its October 24, 2024 Order Granting in Part and Denying in Part Defendants' Motion To Dismiss the School District and Local Government Entities' Master Complaint (Dkt. 1332).

This Motion is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with the Motion, all other pleadings and papers on file in this action, any matter of which this Court may properly take judicial notice, and any information presented at argument.

Respectfully submitted,

Dated:  December 16, 2024

WILSON SONSINI GOODRICH & ROSATI
  Professional Corporation

By:   */s/ Brian M. Willen*
Brian M. Willen (Admitting *pro hac vice*)
bwillen@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google, LLC*

*Additional parties and counsel listed on signature pages*

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) its October 15, 2024 and October 24, 2024 Orders[1], given the substantial grounds for difference of opinion on the following controlling question of law: Whether Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars claims for failure to warn of an alleged design defect where the statute bars claims targeting the same underlying alleged defective design.

## I.   INTRODUCTION

In a separate motion filed this same day, all Defendants have moved that the Court certify for interlocutory appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292(b) various legal issues the Court addressed in its order dated November 15, 2024, which denied in part Defendants' motions to dismiss Local Government/School District Plaintiffs' (the "School Districts") public nuisance claims. The Google/YouTube and Snap defendants ("Movants") hereby request that the Court also consider certification under § 1292(b) of an additional controlling question of law, which the Court addressed in its orders dated October 15, 2024 and October 24, 2024: whether the MDL Plaintiffs' failure-to-warn claims targeted at certain of Defendants' platform features are barred by Section 230 of the Communications Decency Act when (as the Court previously held) all other claims targeting these same features are barred by Section 230. Resolution of this question, on which substantial ground for difference of opinion exists, would have a major impact on the scope of these cases, potentially ending a significant portion of the coordinated cases and smoothing a potential path to resolution in others. At minimum, a ruling that Section 230 applies in the same way to bar claims no matter what cause of action is pursued would substantially streamline summary judgment briefing, by allowing the parties to brief issues related to specific non-barred features, rather than addressing the broad panoply of features raised in Plaintiffs' sprawling master complaints.

---

[1] Order Largely Denying in Part Meta's Motion to Dismiss the Multistate Attorneys General Complaint But Limiting the Scope of Claims; Including the Florida Attorney General Complaint; and Personal Injury Plaintiffs' Consumer Protection And Misrepresentation Claims (Dkt. 1214); Order Granting in Part and Denying in Part Defendants' Motion To Dismiss the School District and Local Government Entities' Master Complaint (Dkt. 1332).

## II. RELEVANT PROCEDURAL BACKGROUND

As the Court has recognized since the inception of this MDL, one of the key gating issues for these cases is the extent to which Section 230 bars Plaintiffs' claims or, more specifically, on which specific platform features and theories of liability Plaintiffs may proceed. The Court has addressed these issues incrementally, over the course of several orders, each targeting specific categories of claims.

**November 14, 2023 Order**: In its first motion-to-dismiss order, addressing Plaintiffs' self-identified priority claims, the Court analyzed which specific "defect" or "feature" allegations in the PI Plaintiffs' master complaint could be pursued under Section 230, finding that the statute bars negligence or strict liability claims for some features but not others. *See* Nov. 14, 2023 Order, Dkt. 403, at 14-19. With regard to Plaintiffs' failure-to-warn claims only, though, the Court did not proceed feature-by-feature, but instead found generally that those "claims plausibly allege that defendants are liable for conduct other than publishing of third-party content and that they could address their duty without changing what they publish." *Id.* at 20. Thus, the Court concluded that the failure-to-warn claims were not barred by Section 230 (or the First Amendment), even if the challenges to the underlying product features were barred.

On December 12, 2023, Defendants filed a motion to certify this aspect of the Court's holding for an interlocutory appeal. *See* Dkt. 473. The Court found the request at that time "premature" given the significant ongoing briefing on the non-priority and government-entity claims, "many of which overlap[ped] with" the issues on which Defendants sought certification. Dkt. 590 at 1. In particular, the Court noted it was "significantly concerned that immediate appellate review" of aspects of the PI Plaintiffs' claims alone "would likely lead to piecemeal appeals, compound delays, and increase inefficacies." *Id.* at 5.

**October 15, 2024 Order**: The Court subsequently addressed some of these remaining issues in its October 15, 2024 Order. Dkt. 1214. Before the Court issued that order, the Ninth Circuit had provided further guidance on the application of Section 230 to failure-to-warn claims in its decision in *Estate of Bride v. Yolo Technologies, Inc.*, which held that Section 230 barred both strict liability and failure to warn claims premised on the anonymity feature of an online

messaging app. 112 F.4th 1168, 1179-80 (9th Cir. 2024). While the Court's October 15, 2024 Order discussed *Bride* and the evolving understanding of Section 230 law it reflected, as relevant here, the Order denied in part Defendants' motions to dismiss Count 7 of the PI Plaintiffs' Second Amended Master Complaint, which asserts causes of action under state consumer protection/deceptive trade practices laws. In particular, citing its earlier order, the Court held that "because plaintiffs' consumer-protection claims against YouTube, Snap, and TikTok … proceed[] solely under a failure-to-warn theory, the theory is not at this stage limited by Section 230." *Id.* at 88−89. The Court noted its "skepticism" of "these novel theories [that] test the boundaries of an area of law in some flux," and indicated that it would revisit the issue at the summary judgment stage. *Id.* at 36−37.

**October 24, 2024 Order**: The Court's next order addressed the application of these issues to the School Districts. Dkt. 1267. Specifically, the Court, referencing its October 15 order, held that although Section 230 barred the School Districts' negligence claims with respect to the features of Defendants' platforms the Court had previously identified as protected by the statute, Section 230 did not (at the motion to dismiss stage) also bar negligence claims based on a failure-to-warn theory that targeted the same features. *Id.* at 13−14.

On November 14, 2024, the Meta Defendants filed a notice of appeal of the portions of the October 15 and 24 Orders described above, *i.e.*, the ruling that Section 230 does not bar failure-to-warn claims as to features that themselves are protected by Section 230 (the "FTW Rulings"). Dkt. 1330. The Meta Defendants asserted that the FTW Rulings are "collateral orders" and therefore are immediately appealable. On November 29, 2024, the TikTok Defendants joined Meta's appeal, likewise adopting a collateral order theory of appellate jurisdiction. Dkt. 1389. Plaintiffs have moved to dismiss Meta's appeal on the ground that the FTW Rulings are not collateral orders and therefore no appellate jurisdiction exists.

**November 15, 2024 Order**: On November 15, 2024, the Court denied, in part, Defendants' motions to dismiss the School Districts' public nuisance claims, finding that under the laws of most of the relevant states, the claim could proceed past the motion to dismiss stage.

Dkt. 1332. That order marked the last of the pleading motions touching on Plaintiffs' failure-to-warn theories that the Court discussed in its earlier order denying § 1292(b) certification.

Contemporaneously herewith, all Defendants have moved the Court to certify for interlocutory appeal pursuant to § 1292(b) its rulings in the November 15 and October 24 orders addressing the School Districts' claims ("SD Orders").

**III. ARGUMENT**

Movants did not join Meta's collateral-order appeal of the FTW Rulings because the Court's orders, as Movants understood them, made clear that the Court had "skepticism" that Plaintiffs' failure-to-warn theories could survive Section 230 at the summary judgment stage, when the Court will have before it (a) a complete factual record as to a specific case, and (b) potentially further case law addressing Plaintiffs' "novel theories [that] test the boundaries" of Section 230. As a result, Movants were and are prepared to address Section 230's impact on the failure-to-warn claims through summary judgment motions directed to the initial bellwether cases, which currently are due on September 24, 2025.

Given Meta and TikTok's appeal of the FTW Rulings pursuant to the collateral order doctrine, and given that all Defendants have requested that the Court certify other legal issues for immediate appeal under § 1292(b), Movants request that the Court certify the FTW Rulings under § 1292(b) as well. Independent of the collateral-order doctrine, those Rulings satisfy all the requirements for certification under § 1292(b).

*First*, the Rulings indisputably involve "a controlling question of law." "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Here, were the Ninth Circuit to hold that where (as the Court has held) Section 230 bars liability for claims against Defendants based on the design and implementation of certain features of their platforms, the statute *also* bars failure-to-warn claims as those same features, then all Plaintiffs' failure-to-warn claims regarding those features should be dismissed. Such a ruling could dispose of some cases in their entirety, and for those it does not, it would substantially clarify their scope. Notably, such a ruling would permit the parties, at

1 summary judgment and trial, to focus their arguments on specific features the Court has found 2 could be the basis of liability, rather than the blunderbuss of different theories, features, and 3 supposed defects listed in the Master Complaints. *See Su v. Siemens Indus., Inc.*, 2014 WL 4 2600539, at *3 (N.D. Cal. June 10, 2014) (legal question was "controlling" because, depending on 5 its resolution, "many actions [plaintiff] seeks to challenge would be cut out of the case").

6 *Second*, there is "substantial ground for difference of opinion" on this question. The Court 7 recognized as much in issuing the FTW Rulings, noting that Plaintiffs' claims advance "novel 8 theories [that] test the boundaries of an area of law in some flux." Dkt. 1214 at 36. Indeed, the 9 Court rightly expressed "skepticism" that the claims could survive Section 230 at summary 10 judgment. *Id.* at 37. Intervening Ninth Circuit law confirms that, in analogous circumstances 11 involving challenges to particular product features, if Section 230 bars liability as to an allegedly 12 defective feature of a platform, it also bars claims based on an alleged failure to warn about the 13 risks of that feature. As this Court discussed in its October 15 order, the Ninth Circuit held in 14 *Bride* that Section 230 barred *all* of the plaintiff's product liability claims targeting an app 15 anonymity feature—whether based on defective design or failure to warn—because "[a]t root" all 16 of those "theories attempt to hold YOLO responsible for users' speech or YOLO's decision to 17 publish it." 112 F.4th at 1180 ("[T]he failure to warn claim faults YOLO for not mitigating, in 18 some way, the harmful effects of the harassing and bullying content. This is essentially faulting 19 YOLO for not moderating content in some way, whether through deletion, change, or 20 suppression."). The California Court of Appeal has similarly questioned an interpretation of 21 Section 230 that would allow failure-to-warn claims to proceed while barring claims as to the 22 underlying features, noting that such an "argument would allow essentially every state cause of 23 action otherwise immunized by section 230 to be pleaded as a failure to warn of such information 24 published by a defendant." *Wozniak v. YouTube, LLC*, 100 Cal. App. 5th 893, 914–15 (2024). 25 Although the Court did not find these decisions dispositive at the motion to dismiss stage, they 26 indicate the substantial ground for disagreement that exists in this developing area of law.

27 *Third*, an immediate appeal of the FTW Rulings "may materially advance the ultimate 28 termination of the litigation." The failure to warn claims are a core feature of Plaintiffs'

SUPPLEMENTAL MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(b) -6- CASE NO.: 4:22-MD-03047-YGR

complaints, especially after the Court's ruling that Section 230 bars liability for numerous features of Defendants' platforms under all other theories Plaintiffs have pleaded. If the Ninth Circuit were to rule that Section 230 likewise bars the failure to warn claims as to those same features, then Plaintiffs' remaining claims would be much narrower, which could provide a path for termination of the entire litigation (or at least the vast majority of it) at the summary judgment stage. At a minimum, such a ruling would make any trials in the MDL much more straightforward, as the parties would not need to put on evidence (including expert opinions) regarding failure-to-warn issues, and the jury would not need the complex instructions that would accompany the failure to warn claims. And the concerns the Court previously raised about "piecemeal appeals," Dkt. No. 590 at 5, are no longer present, given the Court has now resolved the additional motions to dismiss that it had noted would raise similar issues.

Rather, Movants submit that these coordination and efficiency concerns now militate in favor of certification, particularly if the Court grants Defendants' motion to certify the SD Orders for interlocutory appeal (and, for the reasons stated in that motion, Movants believe it should). In that event, it would be much more efficient to have the Ninth Circuit review at the same time the Court's ruling on the impact of Section 230 on Plaintiffs' failure to warn claims. Otherwise, the Ninth Circuit would be reviewing the legal viability of one claim asserted by the School Districts (public nuisance), while a substantial question remains undecided about one of their other main claims (negligent failure to warn), raising the specter of an unnecessarily separate, subsequent appeal of the second issue later in these proceedings.

The Ninth Circuit could decide to address these issues through Meta's appeal of the FTW Rulings, but certifying the FTW Rulings under § 1292(b) would provide an independent basis for the Ninth Circuit to review these issues.

### IV. CONCLUSION

For all of these reasons, the Court should certify the FTW Rulings for appeal under § 1292(b). Discovery can continue in the bellwether cases while the appeal is pending.

| | | |
|---|---|---|
| 1 | Dated: December 16, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | **WILSON SONSINI GOODRICH & ROSATI**<br>**Professional Corporation** |
| 4 | | */s/ Brian M. Willen* |
| 5 | | Brian M. Willen, (Admitted *pro hac vice*)<br>bwillen@wsgr.com |
| 6 | | 1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019 |
| 7 | | Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899 |
| 8 | | |
| 9 | | Lauren Gallo White (State Bar No. 309075)<br>lwhite@wsgr.com |
| 10 | | Andrew Kramer (State Bar No. 321574)<br>akramer@wsgr. com |
| 11 | | Carmen Sobczak (State Bar No. 342569)<br>csobczak@wsgr. Com |
| 12 | | One Market Plaza, Spear Tower, Suite 3300<br>San Francisco, CA 94105 |
| 13 | | Telephone: (415) 947-2000<br>Facsimile: (415) 947-2099 |
| 14 | | Christopher Chiou (State Bar No. 233587) |
| 15 | | cchiou@wsgr.com<br>Matthew K. Donohue (State Bar No. 302144) |
| 16 | | mdonohue@wsgr.com<br>953 East Third Street, Suite 100 |
| 17 | | Los Angeles, CA 90013<br>Telephone: (323) 210-2900 |
| 18 | | Facsimile: (866) 974-7329 |
| 19 | | **MORGAN, LEWIS & BOCKIUS LLP** |
| 20 | | |
| 21 | | /s/ *Yardena R. Zwang-Weissman*<br>Yardena R. Zwang-Weissman (SBN 247111) |
| 22 | | yardena.zwang-weissman@morganlewis.com<br>300 South Grand Avenue, 22nd Floor |
| 23 | | Los Angeles, CA 90071-3132<br>Telephone: (213) 612-7238 |
| 24 | | |
| 25 | | Brian Ercole (Admitted *pro hac vice*)<br>brian.ercole@morganlewis.com |
| 26 | | 600 Brickell Avenue, Suite 1600<br>Miami, FL 33131-3075 |
| 27 | | Telelphone: (305) 415-3416 |
| 28 | | Stephanie Schuster (Admitted *pro hac vice*)<br>Stephanie.schuster@morganlewis.com |

1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 373-6595

**WILLIAMS & CONNOLLY LLP**

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (Admitted *pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (Admitted *pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MUNGER, TOLLES & OLSON LLP**

*/s/ Jonathan H. Blavin*
Jonathan H. Blavin (State Bar No. 230269)
Jonathan.Blavin@mto.com
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415)512-4077

Rose L. Ehler (State Bar No. 296523)
Rose.Ehler@mto.com
Victoria A. Degtyareva (State Bar No. 284199)
Victoria.Degtyareva@mto.com
Ariel T. Teshuva (State Bar No. 324238)
Ariel.Teshuva@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Lauren A. Bell, (Admitted *pro hac vice*)
Lauren.Bell@mto.com
601 Massachusetts Avenue, NW
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202)220-1100
Facsimile: (202) 220-2300

*Attorneys for Defendant Snap Inc.*

## SIGNATURE ATTESTATION

I hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

                                           */s/ Brian M. Willen*