[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**JOINT STATUS REPORT ON DISCOVERY FOR JANUARY 16, 2025 DISCOVERY MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Discovery Management Order ("DMO") No. 2 (ECF 606), the Personal Injury ("PI") and School District and Local Government Entity ("SD") Plaintiffs, State Attorneys General ("State AGs"), and Defendants submit this agenda and joint statement in advance of the January 16, 2025, Discovery Management Conference ("DMC").

## I. Undisputed Administrative Issues the Parties Would Like to Bring to the Court's Attention Which Do Not Require Court Action

### A. Court-Ordered Update re: *The People of the State of California v. TikTok Inc., et al.*

#### 1. Joint Status Update:

The Court's DMO dated November 26, 2024 ordered the parties in the action *People of the State of California v. TikTok Inc., et al.*, case no. 5:24-cv-7942 "to provide a brief status update and contingent discovery plan." Counsel met and conferred on December 20, 2024 and January 7, 2025 regarding discovery and the ordered update.

The Court is scheduled to hear the People's pending motion to remand and for just costs and actual expenses on February 12, 2025. Discovery has not been served by any party, and the parties expect to meet and confer further regarding Rule 26 initial disclosures. TikTok intends to file a motion to dismiss, but its deadline to do so is stayed. *See* Nov. 21, 2024 CMC, Tr. 18:2-8.

#### 2. Contingent Discovery Plan:

**The People's Position:** The People's case against the TikTok defendants, two of whom are new parties to the MDL, requires a substantial amount of initial written discovery in advance of fact depositions and cannot possibly proceed on the same schedule presently in the MDL. As background, TikTok's productions during the multistate investigation that led to the People's action being filed on October 8, 2024 were far from complete, and in fact TikTok is presently subject to a motion for sanctions for spoliation of documents during the investigation as well as to compel long outstanding productions. *See* Motion Requesting Remedies to Address Spoliation and Compel Compliance with Agreed Order, *In re Investigation of TikTok, Inc.*, Chancery Court of Davidson County, Tennessee, Case No. 23-0298-I [https://www.tn.gov/content/dam/tn/attorneygeneral/documents/pr/2024/pr24-71-motion.pdf]. Accordingly, while the People fully expect that Judge Gonzalez Rodgers will promptly remand the case back to state court, should remand be denied the People will continue to confer with TikTok and raise

with the Court determination of the appropriate case management schedule (i.e. separate track). Presently, the People anticipate proposing a trial date in late 2026 or early 2027, and corresponding discovery deadlines in 2026.

Recently, TikTok informally raised with the People two positions that would limit the People's discovery rights. These issues are the subject of ongoing meet and confer and are not ripe disputes. First, TikTok has demanded that the People (but not TikTok) be subject to the existing fact discovery cutoff in the MDL (April 4) and be required to immediately cross-notice depositions of witnesses the PI/SD plaintiffs are deposing. The People have received no notice of those depositions and continue to lack access to the discovery TikTok has produced to the PI/SD plaintiffs. Imposing such a limitation is highly prejudicial, inequitable and unreasonable. TikTok's intended motion to dismiss would not even be heard by the April 4 fact discovery cutoff. If this case were to stay in federal court, which it will not, the People are of course willing and open to confer and agree to reasonable limitations on discovery to prevent unnecessary duplication. To that end, the People propose that the parties confer on the issue and, should Judge Gonzalez Rodgers deny the remand motion, update the Court at the then next discovery management conference. Second, TikTok has demanded that any discovery materials from the MDL it provides to the People now (before the remand motion is decided and despite this Circuit's strong presumption against removal jurisdiction) be subject to the terms of the federal MDL's protective order even after the case is remanded to state court. The federal protective order is unworkable for application to a discrete tranche of documents before the case is remanded, and doing so would be highly inefficient. The People proposed alternative means to protect confidential materials without complicating discovery in state court, and we will continue to confer with TikTok on this issue.

**The TikTok Defendants' Position:** This case overlaps substantially with cases in the MDL, and—subject to certain exceptions for discovery to be taken by Defendants—should follow the MDL's existing discovery schedule. Plaintiff should be required to accept the existing MDL production and to participate in planned depositions. The operative Protective Order, ESI Protocol, and Deposition Protocol all apply to discovery in this action as a "later-transferred" action. *See* Protective Order Section 2.1; ESI Protocol Section 1; Deposition Protocol Order at 1. Plaintiff has questioned whether the Section 7.1 of the operative protective order requires revision to apply to this action, but that issue can be addressed

separately, and does not require wholesale renegotiation of the operative orders and protocols. Indeed, Plaintiff is already bound by this same protective order in its case against Meta. Accordingly, Defendants have proposed providing Plaintiff with the documents they have produced to date in the MDL, subject to agreement or a ruling that the MDL protective order applies to this action.

To the extent Plaintiff, which enters this litigation with the benefit of having received substantial discovery from Defendants during a lengthy pre-suit investigation, argues it cannot complete discovery from Defendants within the existing deadlines, any exceptions to those deadlines should be limited and allowed only on a showing of good cause. Plaintiff's position that it should not participate in discovery now will create significant inefficiency; in effect, Plaintiff argues that the same witnesses currently being scheduled for deposition should be presented again at a later time for Plaintiff's case alone. That kind of inefficiency is contrary to the purpose of the MDL and would give Plaintiff an unjust "second bite at the apple" for each deposition. As to discovery from Plaintiff, in order for Defendants to have sufficient time to take necessary discovery, the Court should grant a modest extension of three months to the existing fact discovery deadline, limited to allowing discovery of Plaintiff and any relevant third parties by Defendants.

Finally, Plaintiff raises a pending motion filed in Tennessee relating to investigation documents. While that issue is not relevant to the commencement and schedule of discovery in this case, TikTok disputes Tennessee's allegations and will be filing a forthcoming opposition to the referenced motion.

## II. Administrative Issues that Are Disputed or Require Court Action

There are no disputed administrative issues (requiring Court action) that the Parties would like to bring to the Court's attention.

## III. Ripe Disputes for Which Joint Letter-Briefs ("JLBs") Have Already Been Filed or Will Be Filed Imminently

### A. Meta v. State AGs

1. Meta's Administrative Motion for Leave to File Motion for Discovery Sanctions Before Magistrate Judge Kang and to Set Briefing Schedule (ECF 1471, 1481)

        2.      Outstanding state agency discovery disputes (Joint Letter Briefing filed December 20, 2024 [ECF 1482]; Status Reports filed January 6, 2025 [ECF 1503])

        3.      30(b)(6) depositions of States/agencies (Joint Letter Briefing to be filed January 13, 2025 (Court deadline))

**B.  Snap v. PI/SD Plaintiffs**

        1.      Production of messages from current and former employees' Snapchat accounts

        2.      Timeline for production of Quips

        3.      Snap's assertion of privilege over communications involving investigations

**C.  YouTube v. PI/SD Plaintiffs**

        1.      Non-Custodial Sources [ECF 1436]

        2.      RFP Set 3, Nos. 37, 50

**D.  Defendants v. PI Bellwether Plaintiffs**

        1.      Plaintiffs' use of declarations or affidavits by non-deposed treaters in connection with summary judgment or Rule 702 briefing (Joint Letter Brief to be filed January 13, 2025)

        2.      Number of non-treater fact witnesses (e.g., family members, friends, and other non-parties) Defendants seek to depose (Joint Letter Brief to be filed January 13, 2025)

        3.      Parent/witness attendance at depositions (Joint Letter Brief to be filed January 16, 2025)

**IV.  Unripe Disputes**

    **A.  Defendants v. PI Bellwether Plaintiffs**

        1.      Defendants' productions of structured data responsive to PI Bellwether-specific RFPs

      2. RFPs held in abeyance by JCCP plaintiffs

**B. Defendants v. SD Bellwether Plaintiffs**

      1. Pace of SD Bellwether Plaintiff document productions

      2. Defendants' request to expand 35-hour SD Bellwether Plaintiff deposition cap

      3. SD Bellwether Plaintiff preservation/collection and litigation hold issues

      4. District-specific RFPs

**C. Meta and Snap Defendants v. Plaintiffs**

      1. Stipulated Source Code Protective Order

**D. Meta v. Plaintiffs**

      1. Meta's written interrogatory responses from Meta Related Actions

      2. Length of depositions of certain Meta executives

      3. Whether Plaintiffs' pending interrogatories exceed the Court's limits

      4. Meta's privilege log

      5. Dispute between SD Plaintiffs and Meta concerning RFP No. 3 from Set A

      6. Meta's responses to Interrogatory No. 1 and Plaintiffs' Second, Third, Fourth, and Fifth Set of Interrogatories

      7. Meta's responses to Plaintiff's First Set of Requests for Admission

      8. Dispute between PI/SD Plaintiffs and Meta related to production of privilege logs and document redactions

**E. Meta v. State AGs**

      1. State AGs' responses and objections to Meta's First Set of Interrogatories

      2. State AGs' responses and objections to Meta's Second Set of Interrogatories

      3. State AGs' responses and objections to Meta's Third Set of Requests for Production of Documents

      4. Limits on Meta's depositions of State AGs and state agencies

      5. Meta's response to AG RFPs (64, 67, 99, 102, 112, 151-153, 159, 160, 161, 162-163, 164, 166-169, 174, 175)

F. **Snap v. PI/SD Plaintiffs**

1. Snap's identification of a date for Rule 30(b)(6) deposition regarding age verification and age inference
2. Production of hyperlink requests
3. Production of responsive information from the following non-custodial sources: Coda, Confluence/Snappy, Looker, Google Groups, and SnapMap

G. **TikTok v. PI/SD Plaintiffs**

1. SD RFP Set A
2. Preservation/collection and litigation hold issues
3. TikTok Defendants' substantial completion of its document productions
4. TikTok Defendants' objections to Plaintiffs' Third Set of Requests for Admission
5. TikTok Defendants' production of user complaint / feedback data prior to December 2021
6. TikTok Defendants' production of the High Risk Standard Operating Procedures requested at a deposition on December 18

H. **YouTube v. PI/SD Plaintiffs**

1. Dispute between PI/SD Plaintiffs and YouTube related to production of privilege logs
2. YouTube's Responses and Objections to Plaintiffs' Interrogatory Set 2
3. RFP Set 5, Nos. 81-87
4. RFP Set 6, Nos. 103-109

Respectfully submitted,

DATED: January 10, 2025

By: */s/ DRAFT*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET

MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106

Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU

**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333

rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ Krista Batchelder
Krista Batchelder (CO Reg.45066),
pro hac vice
Deputy Solicitor General
Shannon Stevenson (CO Reg. 35542),
pro hac vice
Solicitor General
Elizabeth Orem (CO Reg. 58309), pro hac vice
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 /s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400

Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),

14

*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs*

COVINGTON & BURLING LLP

By: /s/ Ashley M. Simonsen
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

KING & SPALDING LLP

By: /s/ Geoffrey M. Drake
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
         tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street

Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI

1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132

Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**ATTESTATION**

I, Abigail Burman, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: January 10, 2025

By: /s/ Abigail Burman