UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Filing Relates to: <br><br> *All bellwether cases* | MDL No. 3047 <br><br> Case No.: 4:22-md-03047-YGR-PHK <br><br> **JOINT LETTER BRIEF REGARDING PLAINTIFFS' INITIAL DISCLOSURES OF TREATER WITNESSES** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Plaintiffs and Defendants respectfully submit this joint letter brief regarding each bellwether personal injury Plaintiff's Initial Disclosures listing up to ten treater witnesses.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence on numerous occasions before filing this brief. On January 3, 2025, lead trial counsel for the Parties involved in the dispute attended the final conferral. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or further negotiated resolution can be reached.

The parties will be prepared to address these disputes at the Court's earliest convenience, including at the January 16, 2025, Discovery Management Conference.

Dated: January 13, 2025                                  Respectfully submitted,


/s/   *Megan. M. Egli*
**SHOOK HARDY & BACON LLP**
Megan M. Egli, *pro hac vice*
2555 Grand Boulevard
Kansas City, Missouri 64108
megli@shb.com
Telephone: 816.474.6550
Fax: 816.421.5547

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**FAEGRE DRINKER LLP**

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
**FAEGRE DRINKER LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
**FAEGRE DRINKER LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro hac vice*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

/s/ *Jessica Davidson*
Jessica Davidson (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2588
Email: Jessica.Davidson@skadden.com

John H. Beisner (State Bar No. 81571)
Nina R. Rose (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.,
Washington, DC 20005
Telephone: (202) 371-7000
Email: John.Beisner@skadden.com
Email: nina.rose@skadden.com

Jason David Russell (SBN 169219)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5328
Email: jason.russell@skadden.com

Catherine Mullaley (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
500 Boylston Street
Boston, MA 02116
Telephone: (617) 573-4851
Email: catherine.mullaley@skadden.com

**MUNGER, TOLLES & OLSON LLP**

Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com
*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

By: */s/ Brian M. Willen*

Brian M. Willen (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (947-2099
lwhite@wsgr.com
smachock@wsgr.com

Christopher Chiou
Matthew K. Donohue
Wilson Sonsini Goodrich & Rosati PC
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
cchio@wsgr.com
mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwangweissman@
morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
JOSEPH G. PETROSINELLI (*pro hac vice*)
ASHLEY W. HARDIN (*pro hac vice*)
680 MAINE AVENUE, SW
WASHINGTON, DC 20024
TEL.: 202-434-5000
JPETROSINELLI@WC.COM
AHARDIN@WC.COM

*Attorneys for Defendants YouTube, LLC and Google LLC*

*/s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR

NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112

Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**ATTESTATION**

I, Megan M. Egli, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Pursuant to Section H of this Court's Standing Order in Civil Cases, lead counsel for Plaintiffs and each of the Defendants attended the final meet-and-confer on January 3, 2025, which was conducted via a videoconference Zoom meeting, as lead counsel were in attendance from locations across the country more than 100 miles apart.

Dated: January 13, 2025                                                          /s/ *Megan M. Egli*

**Defendants' Position:** The Court has imposed a 30-hour limit for Defendants to take fact depositions in each bellwether case. The Court set that limit with the understanding that Defendants would likely need to depose a small number of treating physicians. *See* 2/22/24 DMC Tr. 53:1–17. Yet, each bellwether PI Plaintiff's Initial Disclosures list up to 10 treater witnesses (with an average of 6.3 per case). Plaintiffs essentially acknowledge the overbreadth of their initial disclosures by conceding a need to identify "key" treaters, yet seek to maintain the rights to utilize declarations prepared by non-key treaters. Defendants cannot feasibly depose that volume of treaters within the 30-hour limit and the compressed fact discovery period that Plaintiffs secured.

The parties have negotiated extensively a way to limit the number of treater depositions. Plaintiffs have agreed to disclose by January 10 one or two "key" treaters they may use to support their claims. In other words, Plaintiffs are supposed to identify the "key" treaters whose testimony they may present in each bellwether case. Plaintiffs further agreed that their experts will not rely on conversations with undeposed treaters and that, in the event a Plaintiff lists a non-"key" treater on their trial witness list, Defendants would have the ability to depose such treater sufficiently in advance of trial, even if Defendants have already exhausted their 30 hours.[1] Such agreements have significantly narrowed the dispute, but one significant issue remains: Plaintiffs insist that they retain the ability to present declarations or affidavits from non-"key" treaters (who have never been deposed) in connection with Rule 702 or summary judgment briefing.

Plaintiffs' proposed reservations would effectively require Defendants to prophylactically depose all 69 treaters listed on Plaintiffs' Initial Disclosures.[2] Indeed, if Plaintiffs can submit a declaration from any treater, Defendants would need deposition testimony from each treater so that they have a record to test or otherwise challenge any such declaration. But Defendants are unable to do so during the fact discovery period, given the 30-hour limitation for depositions in each bellwether case. Moreover, Defendants are barred from having conversations with Plaintiffs' healthcare professionals outside the context of depositions. *See* ECF No. 1206, at 2.

Nor is there time in the schedule to defer these depositions until dispositive briefing is served. With just 28 days between the deadlines for Plaintiffs' Rule 702 and summary judgment oppositions (October 27, 2025) and Defendants' replies (November 25, 2025), Defendants cannot realistically schedule the depositions of busy healthcare professionals and incorporate the resulting testimony in those short periods. *See* CMO 17, ECF No. 1159.

In short, Plaintiffs' reservation would force Defendants to depose all 69 treaters listed in the 11 remaining bellwether Plaintiffs' initial disclosures (in addition to any non-disclosed treating physicians Defendants may wish to depose) prior to April 4.[3] Because there is neither time in the

---

[1] In connection with such agreement, Plaintiffs have reserved the ability to "swap out" their "key" treaters within 5 days of the Plaintiff's deposition in good faith, with Defendants reserving the ability to object to such substitution.

[2] At the same time, Plaintiffs are complaining about the number of depositions Defendants are noticing, as detailed in joint letter brief on that issue, which Plaintiffs insisted be kept separate from this one.

[3] For these reasons, this issue is ripe for resolution now and cannot be delayed until Plaintiffs serve their briefing on dispositive motions.

schedule nor room in Defendants' 30-hour limit to do so, this creates a serious problem. Absent relief, Plaintiffs could try to create a genuine issue of fact at summary judgment by presenting a declaration from a non-"key" treater that Defendants never had the ability to depose. Indeed, this appears exactly what Plaintiffs plan to do as they added this condition at the very end of the parties' negotiations. This problem cannot wait until summary judgment briefing to be resolved. It will be too late then.

Defendants respectfully request that the Court enter an order that Plaintiffs are precluded from relying on declarations or affidavits from non-"key" treaters in connection with Rule 702 or summary judgment briefing. If the Court is not inclined to enter such an order, the framework agreed upon by Defendants becomes fundamentally unfair. Alternatively, Defendants request that the Court require Plaintiffs either: (1) to narrow their lists of individuals identified pursuant to Rule 26(a)(1)(A)(i) to no more than eight individuals (including percipient non-treater witnesses); or (2) to enlarge the per-case deposition limit to 50 hours. As Judge Kuhl recognized in granting Defendants additional deposition time in cases selected for trial, 30 hours for a "complicated case" like these "is a small amount." 11/14/24 CMC 48:20-50:18.

**Plaintiffs' Position:** The Court should deny Defendants' premature and unfair request to constrain how Plaintiffs support their briefing in opposition to Defendants' anticipated summary judgment and Rule 702 motions.

As a threshold matter, the dispute raised by Defendants is hypothetical and not ripe for judicial intervention. Plaintiffs have no present intention of relying on affidavits or declarations from treatment providers who have not been deposed. Defendants, therefore, effectively seek an advisory evidentiary ruling based on an abstract and speculative disagreement.

Even assuming Plaintiffs were to submit a non-deposed treatment provider's affidavit or declaration in connection with summary judgment or Rule 702 briefing, Plaintiffs have already cured any prejudice as to which Defendants could rightly complain. Plaintiffs have committed to allowing Defendants to depose any non-deposed treatment provider whose affidavit or declaration is submitted. This commitment ensures Defendants would have a full and fair opportunity to challenge such evidence before trial.

Plaintiffs have offered more than the law in this jurisdiction actually requires. In *Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450, 452 (N.D. Cal. 2001), the Court held that, "[i]f a witness is properly disclosed, there can be no FRCP 26 bar … to previewing [their] testimony in a written form" during summary judgment. That remains the case even if the opposing party did not take the witness's deposition during the discovery period—though that party "may request leave to re-open discovery upon a showing of good cause" in order to do so. *Id.* In an effort to ensure the discovery process is as efficient as possible, Plaintiffs have eliminated the need for Defendants to make such a "good cause" showing to the Court and given them the ability to take such depositions as of right.

In addition to agreeing that Defendants may depose any non-"key" treatment providers Plaintiffs identify as trial witnesses—even if Defendants have exhausted their deposition time for that case—Plaintiffs have taken other substantial steps, in the spirit of cooperation and compromise,

14

to ensure the discovery process is fair and efficient for Defendants. Plaintiffs have: (1) agreed to identify key treatment providers whose depositions would provide the most relevant information for both parties; (2) agreed Defendants may depose other treatment providers of their choosing during the fact discovery period, subject to applicable deposition limits; and (3) committed to working in good faith with Defendants regarding any requested extensions of the 30-hour deposition limit in individual cases.

Rather than reciprocating Plaintiffs' good faith efforts, Defendants' proposal seeks to impose unfair and unnecessary restrictions of a kind Defendants have not and never would agree to. Defendants have never once indicated that *they* would restrict the affidavits or declarations they present at summary judgment to only non-deposed fact witnesses. And for good reason: a party cannot reasonably predict every argument its adversary may raise at summary judgment or in Rule 702 motions. There is no precedent for imposing prior restraints on the potentially critical evidence a party wishes to present where that evidence appropriately has been disclosed pursuant to Rule 26(a)(1).

For the avoidance of doubt, Plaintiffs have made exactly such a disclosure. Rule 26 requires disclosure of individuals "that the disclosing party ***may*** use to support its claims or defenses." That is the list Plaintiffs provided. Defendants' request in the alternative that Plaintiffs be forced to narrow their initial disclosures in effect seeks to punish Plaintiffs for doing too thorough a job. It demands that the Court lock Plaintiffs into a fixed and exhaustive list of trial witnesses, even though such a list is not *actually* due for months. *See* CMO No. 17, ECF No. 1159 (setting exchange of preliminary witness lists for September 10, 2025). This is not how Rule 26 is written and therefore not how it works. Plaintiffs will provide their trial witness list at the appropriate time pursuant to the Court's scheduling order.

Discovery is inherently imperfect, and no party is entitled to absolute certainty regarding the evidence that may be presented at later stages of litigation. Defendants' request for preemptive restrictions disregards the practical realities of litigation and undermines fundamental principle of fairness.