1  SUSAN KOEHLER SULLIVAN (Bar No. 156418)
   CLYDE & CO US LLP
2  355 S. Grand Avenue, Suite 1400 Floor
   Los Angeles, California 90071
3  Tel: (213) 358-7600
   Fax: (213) 358-7650
4  susan.sullivan@clydeco.us

5  *Attorneys for Federal Insurance Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>3:24-cv-9500 | MDL No. 3047<br>Case No. 4:22-md-03047-YGR<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>FEDERAL INSURANCE COMPANY'S JOINDER TO THE HARTFORD PARTIES' OPPOSITION TO META'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |

[Attorneys/Law Firms Continued]

MICHAEL S. SHUSTER (*pro hac vice forthcoming*)
BLAIR E. KAMINSKY (*pro hac vice forthcoming*)
DANIEL M. HOROWITZ (*pro hac vice forthcoming*)
HOLWELL SHUSTER AND GOLDBERG LLP
425 Lexington Avenue
14th Floor
New York, NY 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
mshuster@hsgllp.com
bkaminsky@hsgllp.com
dhorowitz@hsgllp.com

*Attorneys for Federal Insurance Company*

1    Federal Insurance Company ("Federal"), specially appearing and without waiver of jurisdictional or other objections, hereby joins Hartford Casualty Insurance Company & Sentinel Insurance Company, Ltd. ("Hartford") in their Opposition to Meta's Motion to Consider Whether Cases Should be Related. Plaintiff has not served or otherwise provided Federal with a copy of its administrative motion, and, as detailed in Section I of Hartford's submission, ECF 1521, which Federal joins in full, Plaintiff's motion should be rejected on that basis alone; Federal responds out of an abundance of caution.

As an initial matter, there is no presumption that an insurance coverage action should be consolidated or otherwise considered "related" to actions underlying the coverage dispute. *See, e.g.*, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. MDL 2047, 2010 WL 11747797, at *1 (U.S. Jud. Pan. Mult. Lit. June 15, 2010) (denying transfer of insurance cases to MDL with underlying claims). Even more so where, as here, one or more of "the cases seem to present strictly legal questions which require little or no centralized discovery." *Id.*

In any event, as explained by Hartford, the insurance coverage case filed in this district by Meta Platforms Inc. ("Meta"), styled *Instagram LLC et al. v. Hartford Casualty Insurance Company et al.*, Case No. 24-cv-09500 does not meet the definition of a related case with respect to the consolidated Social Media Adolescent Addiction/Personal Injury Products Liability Litigation pending before this Court (the "MDL") because neither of the two independently required prongs of Civil L. R. 3-12(a) are met. The contractual questions raised in Meta's coverage action are independent of the facts being developed in the MDL. The Court should therefore deny Meta's administrative motion.

**I.    BACKGROUND**

On November 1, 2024, Hartford filed a declaratory judgment action in the Superior Court of the State of Delaware seeking a determination whether Hartford has a duty to defend Meta for certain underlying suits related to social-media addiction (the "Delaware Action"). Critically, because many hundreds of the suits underlying the coverage action are state court actions, only a subset of the underlying suits at issue in the Delaware Action are consolidated in the MDL. *See*, e.g., JCCP Proceeding No. 5255, Case No. 22STCV21355.

Federal was named as a defendant in the Delaware Action. On December 20, 2024, Federal filed in the Delaware Action counterclaims, cross-claims, and a third-party complaint seeking declarations as

1  to the scope of duties owed to Meta under policies issued by Federal, and by certain subsidiaries of
2  Federal (together, "Chubb").  Chubb additionally named certain excess insurers who have an interest in
3  the outcome of the Delaware Action.  Notwithstanding that there is not complete diversity in the
4  Delaware Action and that it was not otherwise removeable, Meta removed that action to federal court in
5  the District of Delaware.  Because there is no federal jurisdiction in that case, Chubb anticipates it will
6  ultimately be remanded back to the Superior Court of Delaware.

7  Separately, about two months after Hartford filed the Delaware action, in an apparent attempt to
8  avoid Hartford's first-filed Delaware Action, Meta filed its own coverage action in this District (the
9  "second-filed action"), which attempts to have the claims first brought by Hartford decided here.  Meta
10 then filed notices of tag-along actions with the JPML to have both coverage actions consolidated in the
11 MDL.  Meta's administrative motion is an additional attempt to have its coverage action consolidated
12 with the MDL.  As discussed herein, Meta's second-filed action does not meet the definition of a related
13 action under Civil L. R. 3-12(a).

14 **II.     META'S "DUTY TO DEFEND" CASE IS NOT RELATED TO THIS MDL**

15 As Hartford explains, Meta cannot establish either prong of Civil L.R. 3-12(a), both of which
16 must be satisfied for two actions to be deemed related.  Under Civil L.R. 3-12(a) "[a]n action is related
17 to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event;
18 and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or
19 conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).  These prongs
20 cannot be established, including because Meta's complaint exclusively concerns its insurers' defense
21 obligation; the complaint seeks no relief as to indemnity.

22 As this Court has noted, to determine the duty to defend, the court asks "if [a] third party lawsuit
23 pleads[] facts giving rise to the potential for coverage under the insuring agreement." *Zogenix, Inc. v.*
24 *Fed. Ins. Co.*, No. 4:20-CV-06578-YGR, 2022 WL 3908529, at *4 (N.D. Cal. May 26, 2022).  "The
25 determination whether the insurer owes a duty to defend usually is made in the first instance by
26 comparing the allegations of the complaint with the terms of the policy." *Id*.  Because the claims in the
27 second-filed action will be decided in the first instance based on the complaint and the terms of the
28 policy, neither prong of Civil L.R. 3-12(a) is met.

Regarding the first prong, Meta claims that the cases involve the same transactions or events because the "insurers have already raised legal and factual questions that are at issue in this MDL as grounds to deny coverage."[1] But Meta is wrong that the "coverage issues. . . substantially overlap with issues that are currently being litigated in this MDL." On the contrary, the sole focus of Meta's complaint is the "purely legal issue" of whether Hartford has a duty to defend. *New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696, 702 (9th Cir. 1991) ("duty to defend is a purely legal issue which is answered by examining the complaint filed against [the insured]"). That legal issue will be decided "in the first instance by comparing the allegations of the complaint with the terms of the policy" and without reference to the discovery taken in the MDL. *Zogenix*, 2022 WL 3908529, at *4. And that legal issue of contract interpretation is wholly distinct from any legal issue before the MDL Court. Because it is a purely legal issue, the fact that the complaints in the MDL constitute some of the pleadings that will be examined to determine the duty to defend does not mean there is an overlap in "transaction" or "event." Likewise, none of the defendants named in the second-filed action are involved in the MDL, nor is any overlapping property at issue. In other words, the actions do not concern substantially the same parties, property, transaction, or event.

For the same reasons, there will be no "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Neither fact development in the MDL nor the ultimate resolution of the MDL plaintiffs' claims will impact whether the complaints, on their face, trigger a duty to defend under the policies. Nor will a determination regarding whether the duty to defend is triggered impact any of the fact issues to be resolved in the MDL. And as Hartford points out, evaluation of whether the duty to defend is triggered likely requires consideration of hundreds of underlying actions *not* before the MDL court. *See, e.g.*, JCCP Proceeding No. 5255, Case No. 22STCV21355.

Meta's complaint is limited to the duty to defend, and thus the coverage case will be decided on entirely distinct facts and legal questions as those at issue in MDL. For that reason, neither prong of Local Rule 3-12(a) is satisfied and the administrative motion must be denied.

---

[1] Meta does not assert, and could not credibly assert, that the actions concern the same "parties" or "property."

1
2  Dated: January 13, 2025                    CLYDE & CO US LLP
3
4                                             By:   /s/ *Susan Koehler Sullivan*
                                              SUSAN KOEHLER SULLIVAN (Bar No. 156418)
5                                             355 S. Grand Avenue, Suite 1400 Floor
                                              Los Angeles, California 90071
                                              Tel: (213) 358-7600
6                                             Fax: (213) 358-7650
                                              susan.sullivan@clydeco.us
7
8                                             HOLWELL SHUSTER AND GOLDBERG LLP
                                              MICHAEL S. SHUSTER (*pro hac vice*)
9                                             BLAIR E. KAMINSKY (*pro hac vice*)
                                              DANIEL M. HOROWITZ (*pro hac vice*)
10                                            425 Lexington Avenue
                                              14th Floor
11                                            New York, NY 10017
                                              Tel: (646) 837-5151
12                                            Fax: (646) 837-5150
                                              mshuster@hsgllp.com
13                                            bkaminsky@hsgllp.com
                                              dhorowitz@hsgllp.com
14
                                              *Attorneys for Federal Insurance Company*
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

Pursuant to Northern District of California Local Rule 5-1, I hereby attest that a true and accurate copy of the foregoing was sent by ECF or else by electronic mail to the counsel of record in the action styled *Instagram LLC et al. v. Hartford Casualty Insurance Company et al.*, Case No. 24-cv-09500.

Dated: January 13, 2025                         CLYDE & CO US LLP

By:*/s/ Susan Koehler Sullivan*
SUSAN KOEHLER SULLIVAN (Bar No. 156418)
355 S. Grand Avenue, Suite 1400 Floor
Los Angeles, California 90071
Tel: (213) 358-7600
Fax: (213) 358-7650
susan.sullivan@clydeco.us

*Attorney for Federal Insurance Company*