UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All bellwether cases* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING PARENTAL ATTENDANCE AT PERSONAL INJURY BELLWETHER DEPOSITIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Plaintiffs and Defendants respectfully submit this joint letter brief regarding whether parental attendance at personal injury bellwether depositions.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence on numerous occasions before filing this brief. On January 6, 2025, lead trial counsel for the Parties involved in the dispute attended the final conferral. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or further negotiated resolution can be reached.

The parties will be prepared to address these disputes at the Court's earliest convenience, including at the January 16, 2025, Discovery Management Conference.

Dated: January 14, 2025                               Respectfully submitted,


                                                       */s/ Megan M. Egli*


                                                       **SHOOK HARDY & BACON LLP**
                                                       Megan M. Egli, *pro hac vice*
                                                       2555 Grand Boulevard
                                                       Kansas City, Missouri 64108

1

megli@shb.com
Telephone: 816.474.6550
Fax: 816.421.5547

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**FAEGRE DRINKER LLP**

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
**FAEGRE DRINKER LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
**FAEGRE DRINKER LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

2

Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro hac vice*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

/s/ *Jessica Davidson*
Jessica Davidson (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2588
Email: Jessica.Davidson@skadden.com

John H. Beisner (State Bar No. 81571)
Nina R. Rose (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.,
Washington, DC 20005
Telephone: (202) 371-7000
Email: John.Beisner@skadden.com
Email: nina.rose@skadden.com

Jason David Russell (SBN 169219)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 South Grand Avenue
Suite 3400

3

Los Angeles, CA 90071-3144
Telephone: (213) 687-5328
Email: jason.russell@skadden.com

Catherine Mullaley (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
500 Boylston Street
Boston, MA 02116
Telephone: (617) 573-4851
Email: catherine.mullaley@skadden.com

**MUNGER, TOLLES & OLSON LLP**

Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com
*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**

**Professional Corporation**

By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (947-2099
lwhite@wsgr.com
smachock@wsgr.com

Christopher Chiou
Matthew K. Donohue
Wilson Sonsini Goodrich & Rosati PC
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
cchio@wsgr.com
mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwangweissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600

        Miami, FL 33131-3075
        Tel.: 305.415.3416
        Email: brian.ercole@morganlewis.com

        Stephanie Schuster (*pro hac vice*)
        1111 Pennsylvania Avenue NW
        NW Washington, DC 20004-2541
        Tel.: 202.373.6595
        Email: stephanie.schuster@morganlewis.com

        *Attorneys for Defendants YouTube, LLC and Google LLC*

        WILLIAMS & CONNOLLY LLP
        JOSEPH G. PETROSINELLI (*pro hac vice*)
        ASHLEY W. HARDIN (*pro hac vice*)
        680 MAINE AVENUE, SW
        WASHINGTON, DC 20024
        TEL.: 202-434-5000
        JPETROSINELLI@WC.COM
        AHARDIN@WC.COM

        *Attorneys for Defendants YouTube, LLC and Google LLC*

*/s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY

NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257

Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**

505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**ATTESTATION**

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Pursuant to Section H of this Court's Standing Order in Civil Cases, lead counsel for Plaintiffs and each of the Defendants attended the final meet-and-confer on January 6, 2025, which was conducted via a videoconference Zoom meeting, as lead counsel were in attendance from locations across the country more than 100 miles apart.

Dated: January 14, 2025                              /s/ *Previn Warren*

**Defendants' Position:** Following extensive negotiations and motions practice, the Court entered a protocol permitting attendance at depositions of various counsel and "the Parties or the representative of each respective Party." ECF No. 742, at § I.B.1; Order re Appointments of GALs, ECF No. 122, Attachment A (GAL "represent[s] the interests" of minor plaintiff). Plaintiff depositions will involve deeply personal topics—including topics related to Plaintiffs' relationships with parents or guardians, which may be uncomfortable for the Plaintiff to discuss in the presence of their parent—and attendance by other fact witnesses has the potential to inhibit a Plaintiff's candor in those sensitive discussions. Plaintiff S.K.'s request to amend the Court-ordered deposition protocol to permit her parents attendance at her deposition, even though she has reached the age of majority, should be denied.

Defendants are not seeking to prevent attendance by minor Plaintiffs' GALs (*i.e.*, the parents or guardians who have been appointed by the Court to represent them). But consistent with the Deposition Protocol—which supersedes Rules 26 and 30 of the Federal Rules of Civil Procedure on this issue—attendance by parents or guardians in depositions of adult Plaintiffs of full capacity should not be permitted. Plaintiff S.K. reached the age of majority after filing her case, and her GAL's authority automatically terminated on her 18th birthday. *See* Colo. Rev. Stat. 15-14-210(1) ("A guardianship of a minor terminates upon the minor's . . . attainment of majority . . . ."); *id.* § 13-22-101 (persons 18 or older have the capacity to "sue and be sued in any action to the full extent as any other adult person in any of the courts of this state, without the necessity for a guardian ad litem").[1] Plaintiffs over the age of 18 make decisions for themselves, including whether to continue pursuing this litigation. They are allowed to vote and serve in the military. They can sit for a deposition without a parent or guardian by their side. *See also* 2/22/24 DMC Tr. 43:19–24 ("A minor is somebody under 18 . . . I don't think the law is unclear about that."). Indeed, when Defendants presented this issue to Judge Kuhl, the JCCP Plaintiffs informed the court that "[t]he JCCP Plaintiffs are not aware of any potential fact witness that will be attending any nonminor bellwether Plaintiff deposition." 12/13/2024 CMC Statement at 16.

A young adult Plaintiff may be inhibited from providing comprehensive, truthful testimony if the individual about whom they are being asked to testify is present a few seats away in the conference room or on Zoom. Plaintiff S.K.'s records indicate that her mother's dismissive attitude toward her, combined with her mother's focus on food and dieting, negatively impacted S.K.'s mental health by increasing her anxiety and contributing to her eating disorder. S.K.'s records also indicate that pressure from her parents to excel overwhelmed her and caused her anxiety. Excluding individuals likely to be the subject of sensitive testimony serves to promote candor and honesty, and will allow Plaintiff S.K. to provide testimony on potentially sensitive topics uninhibited by any interpersonal awkwardness during the deposition.[2] Recognizing this

---

[1] "The capacity to sue is determined by the law of the individual's domicile." Order re Appointments of GALs, ECF No. 122. According to her GAL application, S.K. is domiciled in Colorado. *See* ECF. No. 252-2.

[2] Even if Rules 26 and 30 were not superseded by the Deposition Protocol in this case, the "particular and specific facts" Defendants have identified related to Plaintiff S.K. are sufficient to meet the standard for "good cause" under Rule 26(c). *Stowe v. Alford*, No. 2:19-cv-01652 KJM AC, 2021 U.S. Dist. LEXIS 98021, at *7-9 (E.D. Cal. May 24, 2021).

fact, the MDL and JCCP Plaintiffs previously sought to prevent Defendants from even showing the transcript to their parents after the deposition was over, a limitation that Judge Kuhl rejected.

Defendants do not object to attendance at depositions by parents or guardians who have their own loss of consortium claims,[3] provided that Plaintiffs disclose in advance of the deposition whether consortium Plaintiffs plan to attend so that Defendants can sequence the consortium Plaintiff's deposition to occur prior to other depositions in the case.[4]  Of course, as the noticing party, Defendants are entitled to sequence depositions in the case as they see fit.  *See* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence").  Deposing the consortium Plaintiff first ensures that their testimony will be uninfluenced by the testimony of fact witnesses whose depositions proceed them.  Yet, Plaintiffs have refused to disclose their intentions regarding attendance in *Mullen*, going so far as to reply to counsel, "Why should I tell you what order to go in?  You need to give me something in return for me to agree to that."  The Court should order Plaintiffs to do so within seven days.

**Plaintiffs' Position:** These issues come before the Court as the result of Defendants' unwillingness to work with minor and young adult personal injury bellwether Plaintiffs to accommodate reasonable requests regarding parental attendance at their depositions.  Contrary to Defendants' assertion we are seeking to amend the Deposition Protocol wholesale, Plaintiffs seek only to take advantage of the provision allowing changes for certain depositions upon "agreement of the Parties without further order of the Court."  ECF 742 at IV.1. Specifically, Defendants are refusing the requests of just one individual bellwether Plaintiff that she be permitted to have a parent attend her deposition to provide support—and have shut down overtures to even negotiate over this issue (going so far as to bluntly state, "we are not trading"). Defendants have taken this position notwithstanding that this Plaintiff's claims were filed when she was a minor, and only recently (in December) reached the age of majority. Instead, Defendants insist on briefing the issues of whether: (1) bellwethers who are aged 18 and over may request the presence of a parent (or guardian) during their depositions and (2) Plaintiffs must provide notice that a loss-of-consortium Plaintiff plans to attend a bellwether Plaintiff's deposition, thus allowing Defendants to re-sequence those depositions to allow the loss-of-consortium Plaintiff to be deposed first.

By way of background, in response to deposition dates offered for then-minor bellwether Plaintiff, S.K.,[5] Defendants responded that they "intend to depose Plaintiff[] S.K. [] after they turn 18," for the purpose of avoiding the time restrictions established in this case for depositions of minor Plaintiffs. In response, Plaintiffs raised concerns about improper gamesmanship, noting that

---

[3] Defendants' motion to dismiss Plaintiffs' loss of consortium claims remains pending.  *See* ECF No. 516.

[4] Three Plaintiffs have consortium claims:  Christine D'Orazio, Elizabeth Mullen, and Jessica Smith.  Ms. D'Orazio's deposition is occurring today, and the loss of consortium plaintiff is not in attendance. Plaintiffs have also confirmed that the loss of consortium plaintiff in Ms. Smith's case will not be attending Ms. Smith's deposition.

[5] N.K., filed on behalf of minor S.K. v. Meta Platforms, Inc.; Instagram, Llc; Mark Elliot Zuckerberg; Bytedance Inc.; Bytedance Ltd.; Tiktok, Ltd.; Tiktok, Llc; and Tiktok, Inc., Case No. 4:22-md-03047-YGR (PHK).

the Plaintiff at issue is a high school student who works a part-time job and was applying to colleges, and that her parents work full time jobs. In the interest avoiding a dispute over scheduling, however, Plaintiffs eventually agreed that depositions could occur after S.K.'s 18th birthday. As part of these negotiations, Plaintiffs informed Defendants that that as a newly 18-year-old Plaintiff, she would request that a parent be allowed to attend her deposition.

After negotiations, Defendants proposed the following for bellwether depositions: (1) guardians *ad litem* for minor Plaintiffs may attend depositions; (2) loss of consortium Plaintiffs may attend depositions, provided that the loss of consortium Plaintiffs' depositions occur before the Plaintiffs' depositions, and Plaintiffs "promptly disclose the consortium Plaintiff's intention to attend," to allow the parties to re-sequence the depositions; and (3) apart from the foregoing, no other fact witnesses may attend a bellwether deposition absent agreement of the parties.

This proposal was entirely one-sided. With respect to item #1, Defendants gave up nothing, as there is no dispute that guardians *ad litem* are permitted to attend depositions by virtue of their appointments. With respect to item #2, parties (including loss of consortium Plaintiffs) are already permitted without limitation to attend depositions. *See* ECF 74 at § I.B.1. Defendants have been unable to cite any rule requiring loss of consortium Plaintiffs to provide notice weeks in advance of their intention to attend bellwether depositions—and Defendants' insistence that Plaintiffs stipulate to such a rule, without making any concessions in return, runs entirely counter to the kind of good faith negotiation Your Honor has repeatedly exhorted the parties to undertake. With respect to #3, Plaintiff's request that a newly 18-year-old Plaintiff be permitted to have a parent present for support is reasonable, and absent any legitimate basis for their refusal, Defendants position is inappropriate. Defendants refuse to accommodate this request, instead insisting on briefing these issues as to all bellwether Plaintiffs.

Two areas of dispute remain. **First**, with respect to the single personal injury bellwether at issue, the Court should permit the presence of a parent at the deposition. Plaintiffs in this litigation suffer from various mental health conditions they assert were caused by the Defendants' social media products. The bellwether who has to date requested the presence of a parent at her deposition was a minor (16) at the time her case was filed, when she was selected as a bellwether, and when depositions commenced. She could have and should have been deposed prior to turning 18, and it is only through Defendants' gamesmanship that she was not. This Plaintiff has requested the presence of a parent as a supportive figure during what will certainly be a stressful experience. This is hardly surprising, considering this Plaintiff—despite having recently reached the age of majority—is a high school student, lives at home with her parents, and relies on her parents for support. There is no legitimate basis for Defendants' refusal of this accommodation, and it is more than reasonable in light of the circumstances and anticipated substance of these depositions. Moreover, Defendants will not be prejudiced by this reasonable accommodation.

The law supports Plaintiff's position. Federal Rule of Civil Procedure 30(c)(1) provides that the "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 [rulings on evidence] and 615 [excluding witnesses]." The addition of this provision was meant to address "a recurring problem as to whether other potential deponents can attend a deposition." Fed. R. Civ. P. 30 Advisory Committee Notes (1993). The revision to the Rule provided that witnesses are not automatically excluded from a deposition, but instead, only when a party obtains a protective order under Rule 26(c)(1)(E).

*Id.* Under Rule 26, a party must show "good cause" to obtain a protective order. "The party seeking the protective order has the burden of showing that good cause exists by stating ***particular and specific facts***." *Stowe v. Alford*, No. 2:19-cv-01652 KJM AC, 2021 U.S. Dist. LEXIS 98021, at *7-9 (E.D. Cal. May 24, 2021) (emphasis added). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* Defendants cannot make that showing here—nor have they attempted to do so during the conferral process.

Defendants instead—for the first time in this briefing—claim that barring the parents of S.K. from her deposition may "promote candor" because of nebulous "harms" conjured up on the basis of unidentified "records." This briefing is an inappropriate vehicle for Defendants to raise unsubstantiated claims about Plaintiff's family for the very first time. In any event, even if Defendants' claims were true, they would not satisfy the legal standard articulated above. Indeed, the notion that Plaintiff will be more candid and less fearful *without* a parent in the room is belied by the fact that Plaintiff *is the one requesting her parent's presence*. Far from inhibiting Plaintiff's testimony, having a trusted adult in the room as she discusses deeply personal and difficult topics will only bolster Plaintiff's ability to withstand what is likely to be a wearying day.

There is no discernable threat of prejudice to Defendants as the result of a parent attending these depositions. Defendants hypothesize that parental attendance at a deposition may alter the testimony of bellwether Plaintiffs. Defendants have posited no credible basis for that assertion. Moreover, Defendants can't have it both ways—on the one hand, arguing that immediately upon a bellwether turning 18, she is an adult capable of withstanding a full day of deposition, but on the other, suggesting that she is so dependent on her parents that their mere presence will influence the substance of her sworn testimony. The crux of Defendants' argument is dependent upon a logical fallacy of false equivalency—namely that because bellwethers who have reached 18 can make legal decisions, vote, and serve in the military, they should be required to endure a full day of deposition without a parent present for support. Defendants' argument intentionally ignores the reality of this litigation, which involve allegations of serious mental health injuries, and the individual circumstances of the bellwether who has made this request. Further, Defendants' comparisons miss the mark, because while there presumably is no provision allowing for a parent to participate in voting, or serving in the military, by default, the Federal Rules permit attendance by other fact witnesses at deposition, absent a showing of good cause. Absent a protective order—which Defendants have not requested in any case—Plaintiffs should be permitted to have a supportive figure present at their depositions.

***Second***, the Court should intervene to require Defendants to comply with the previously agreed to deposition protocol with respect to loss of consortium Plaintiffs. Loss of consortium Plaintiffs are parties to their cases, a fact that Defendants do not dispute. After extensive negotiations, the parties previously agreed that parties may attend fact depositions. Stip. and Order Governing Protocol for Fact Deps. and Rule 30(b)(6)/PMQ Deps., § I.B.1 (ECF No. 742). There is no requirement that counsel notify opposing parties of a loss of consortium Plaintiff's intent to attend a deposition to permit the rescheduling of depositions. There is no greater risk that a parent-witness will learn about the substance of the questioning at the deposition in advance of their own depositions. In the scenario at issue here, Plaintiff's parents are represented by the same counsel as Plaintiff, and, as Defendants advocated for, there are no limitations on sharing the transcripts of Plaintiffs with parents in advance of their depositions. The Court should reject Defendants' attempt to relitigate this long-settled issue.