UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.:     4:22-md-03047-YGR (PHK)<br>                        4:23-cv-05448-YGR<br><br>**JOINT STATUS REPORT ON ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES' PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

　　Pursuant to the Court's Text Order of January 13, 2025 (ECF No. 1529), Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") and Plaintiff People of the State of Illinois respectfully submit this status report regarding negotiations with the Illinois Department of Children and Family Services ("DCFS") notifying the Court as follows:

**1.     "[A] chart which identifies those search terms, if any, these Parties agree on for any custodians"**

| No.[1] | Search Terms |
|---|---|
| 1 | "children's mental health" **w/100** "social media" |
| 2 | "youth mental health" **w/100** "social media" |
| 3 | "children's behavioral health transformation initiative"[2] |
| 4 | "Illinois Children's Mental Health Partnership" |
| 5 | "ICAC" |
| 6 | "COPPA" |

---

[1] We have preserved the numbering from the final search terms agreed by the other Illinois agencies, to which DCFS has agreed only in part. The non-agreed terms are in Section 4 below.

[2] On January 13, 2025, Meta offered to drop this term based on the Illinois AG's representation that documents collected from other agencies will adequately cover this initiative.

| 7 | "social dilemma" |
|---|---|
| 8 | (("social media" OR Facebook OR Instagram OR "META" OR tiktok OR Snapchat OR Bytedance OR twitter) **w/15** (complain* OR investigat*)) |
| 9 | "surgeon general" **w/50** "social media" |
| 10 | (("social media" OR Facebook OR Instagram OR "META" OR tiktok OR Snapchat OR Bytedance OR twitter) **w/25** (policy OR policies OR procedure* OR guideline*)) |
| 13 | "Social media" **AND** "copyright" **AND** "mental health" |
| 14 | "Social media" **AND** "abstract" **AND** "mental health" |
| 15 | "Social media" **AND** "abstract" **AND** "wellbeing" |
| 16 | "consumer protection" **AND** ("minor*" OR "youth*" OR "kid*" OR "teen*" OR "adolescent*" OR "preteen*" OR "pre-teen*" OR "tween*" OR U18 OR "under 18" OR U13 OR "under 13" OR "gen* z" OR "gen-z*" OR "gen z" OR "gen-a*" OR "gen* alpha" OR scholar* OR school* OR student* OR pupil*) |

**2.**    **"[A] chart which lists any alternative search methods, such as manual searches or go get 'em searches, these Parties agree on for any custodians which would replace entirely the use of search terms for any such custodians"**

The Parties have not agreed on any alternative search methods.  As set forth in Section 3 below, Meta's position is that a search-term based approach is appropriate for DCFS.

**3.**    **"[A] one-page letter, evenly split between the Parties, which sets forth the arguments from each Party on 'whether DCFS should be required to run search terms at all'"**

   **a.  DCFS's position**

Illinois DCFS's mission is to protect abused and neglected children.  DCFS investigates child abuse allegations, supports DCFS families in caring for children, ensures the well-being of children in its direct care, and provides permanent families for children when reunification is not possible.  DCFS has a strict legislative mandate, a fulsome website containing copies of applicable policies and guidelines, and a focus on providing individual-level care.  DCFS does not investigate the "why" behind children's mental health issues and its limited policy and advocacy work is focused on ensuring abused and neglected children are adequately protected.

Under Rule 26(b)(1), discovery must be "proportional to the needs of the case" and "relevant" to the claims or defenses.  The Court must balance the importance and benefit of the discovery against the burden and expense it imposes.  Rule 26(b)(2) mandates denial of inappropriate discovery.  While DCFS has repeatedly made arguments based on these principles to Meta, this Court has yet to apply the Rule 26(b)(1) factors to DCFS directly.

DCFS asserts that: 1) it has essentially no relevant material not publicly available; 2) the selected custodians' ESI contains large amounts of highly sensitive PHI, which would require a time-

consuming and burdensome review and logging process; and 3) internal communications by non-party employees of DCFS will not resolve disputed issues and are cumulative at best.

During the last meet and confer, Illinois allowed Meta to view DCFS's document repository as the parties worked collaboratively to run various search term permutations.  The results demonstrated that there is essentially no material relevant to the harms of social media, the ESI is replete with PHI, and Meta's search terms are not sufficiently targeted.

DCFS does not believe search terms are warranted and has repeatedly asked Meta to collaborate on "go get 'em" type collection efforts.  Even so, DCFS offered a final search term compromise that would generate roughly 10,000 total documents for review. DCFS simply cannot agree to review the roughly 200,000+ documents Meta's search terms generate.

### b.  Meta's position

Meta requests that the DCFS follow the same search-term based approach that the overwhelming majority of state agencies have agreed to follow, including at least *thirteen* agencies in other states that deal with child welfare issues.  DCFS has not explained how it faces a unique burden from running search terms justifying a different approach from these other agencies.

Regardless, Meta has worked to minimize the alleged burden on DCFS.  Most recently, at the in-person meet-and-confer, Meta's attorney went line-by-line through DCFS's most recent hit report and identified terms that could be cut to reduce hits, likely by well over 50%.  Meta also identified terms that could be used to exclude documents discussing individual children, which Meta is not asking for.  Separately, Meta offered to provide DCFS certainty regarding maximum burden with a "hit target" that would cap the number of documents DCFS would need to review at 100,000.  DCFS refused this offer.

DCFS has also stated that, if it were to run searches at all, the search strings must all have some connection to social media.  The Court already rejected this position when raised by other states at the December 11 DMC.  *See* ECF No. 1457 at 156:3-13.  As the Court acknowledged in the personal injury cases (*see, e.g.,* ECF No. 1070 at 5-6), alternate cause documents are relevant and discoverable. Limiting search terms to social media would miss many of these documents.

In terms of alternative methods of collection, DCFS has not clearly explained what this would involve.  The only examples they have cited as candidates for a go-get approach are documents on the DCFS website.  This would fall short of a reasonable response to Meta's requests.

**4.    "[A] chart consisting of two columns which sets forth in the first column each of the search terms (one search term per row) last proposed by Meta as a compromise of this dispute which were rejected by DCFS, and in the second column, each of the corresponding counterproposed search terms which were last proposed by DCFS as a compromise of this dispute lined up with each of the corresponding Meta proposed search terms"**

| No. | Meta Proposed Search Term | IL DCFS Search Term |
|---|---|---|
|  | **"Youth Terms"**: ("minor*" OR "youth" OR young OR "kid*" OR "teen*" OR "adolescent*" OR "preteen*" OR "pre-teen*" OR "tween*" OR underage* OR "under-age" OR "juvenile" OR U18 OR "under 18" OR U13 OR "under 13" OR "gen* z" OR "gen-z*" OR "gen z" OR "gen-a*" OR "gen* alpha" OR scholar* OR "school" OR student* OR pupil*).<br><br>**This set of terms is to be combined with each of the terms appearing in strings 20-28 below.** |  |
| 11. | ("social media" OR "social network" OR Insta OR "meta" OR Snapchat OR Bytedance OR TikTok OR Tweet OR Roblox OR Discord OR Twitch OR Netflix OR Reddit OR Pinterest OR "screen time" OR screentime OR "direct message" OR Tumblr OR telegram OR viber OR threema OR wechat OR kik OR textplus OR wickr OR YikYak OR "Yik Yak" OR finsta) **w/25** ("minor*" OR "youth*" OR young OR "kid*" OR "teen*" OR "adolescent*" OR "preteen*" OR "pre-teen*" OR "tween*" OR underage* OR "under-age" OR juvenile OR U18 OR "under 18" OR U13 OR "under 13" OR "gen* z" OR "gen-z*" OR "gen z" OR "gen-a*" OR "gen* alpha" OR scholar* OR school* OR student* OR pupil*) | No search terms |
| 12. | (Facebook OR Instagram OR Twitter OR DM) **w/15** ("minor*" OR "youth*" OR young OR "kid*" OR "teen*" OR "adolescent*" OR "preteen*" OR "pre-teen*" OR "tween*" OR underage* OR "under-age" OR juvenile* OR U18 OR "under 18" OR U13 OR "under 13" OR "gen* z" OR "gen-z*" OR "gen z" OR "gen- a*" OR "gen* alpha" OR scholar* OR school* OR student* OR pupil*) | No search terms |
| 17. | "adverse" w/200 "childhood" w/200 "experience" | No search terms |
| 18. | (Covid* OR coronavirus OR pandemic OR lockdown OR "lock* down" OR quarantine OR "social* distanc*")) **w/25** ("minor*" OR "youth*" OR young OR "kid*" OR "teen*" OR "adolescent*" OR "preteen*" OR "pre-teen*" OR "tween*" OR | No search terms |

| | | |
|---|---|---|
| | underage* OR "under- age" OR juvenile* OR U18 OR "under 18" OR U13 OR "under 13" OR "gen* z" OR "gen-z*" OR "gen z" OR "gen-a*" OR "gen* alpha" OR scholar* OR school* OR student* OR pupil*) | |
| 19. | (body w/3 (accept* OR dissatisfaction OR positiv* OR image OR dysmorph*)) | No search terms |
| 20. | Youth Terms[3] **w/25** (wellbeing OR well-being OR self-confidence OR "self confidence" OR "mental health" OR "TMH" OR "anxi*" OR "anti-anxie*" OR "DEPRESS*" OR "antidepress*" OR reclus* OR "attention defect" OR "ADHD" OR postraumatic OR "bi-polar" OR "bi polar" OR bipolar OR "BPD" OR insomnia OR lonel*) | No search terms |
| 21. | Youth Terms **w/25** ("pro-ana" OR "BMI" OR "overweight" OR fat OR obes* OR anorexi* OR bulimi* OR orthorexi* OR appetite OR dysmorph* OR binge OR purge OR suicid* OR "self harm" OR "self-harm" OR selfharm OR unalive) | No search terms |
| 22. | Youth Terms[4] **w/25** (bully* OR bullie* OR cyberbull* OR harass* OR transphob* OR homophob* OR racis* OR sexis* OR groom* OR solicit* OR pedophil* OR predator* OR sextort OR exploit* OR violen* OR assault* OR misbehav* OR rape) | No search terms |
| 23. | Youth Terms **w/25** (addic* OR dopamine OR rabbithol* OR spiral OR "social reward" OR "social approval" OR "screen time" OR screentime OR timespent OR "time spent" OR "monthly active users" OR "daily active users" OR "monthly active people" OR "daily active people" OR "weekly active users" OR "mandatory break" OR "limiting tool" OR "habit loop" OR "operant conditioning" OR "impulse control") | No search terms |
| 24. | Youth Terms **w/25** (eat* w/3 (problem* OR issue* OR trouble* OR difficult* OR disorder* OR disab* OR agitat* OR behav* OR insufficient OR depriv*)) | No search terms |

---

[3] On January 13, 2025, Meta offered to omit the words "youth" and "school" from the Youth Terms only for purposes of search string 20.

[4] On January 13, 2025, Meta offered to omit the words "youth" and "juvenile" from the Youth Terms only for purposes of search string 22.

| 25. | Youth Terms **w/25** (sleep* w/3 (problem* OR issue* OR trouble* OR difficult* OR disorder* OR disab* OR agitat* OR behav* OR insufficient OR depriv*)) | No search terms |
|---|---|---|
| 26. | Youth Terms **w/25** (negative w/3 ("appearance comparison" OR experience OR affect* OR effect*) | No search terms |
| 27. | Youth Terms **w/25** (compar w/5 (appearance OR social OR other* OR negative)) | No search terms |
| 28. | Youth Terms **w/25** (svap* OR "ecig" OR "e-cig" OR cig* OR drug* OR alcohol* OR Juul) | No search terms |
| n/a | On January 13, 2025, Meta offered to let DCFS exclude documents that hit on an agreed list of terms that, based on review of a sample set of documents, would be expected to contain child-specific information. Examples of such terms include "ACR," "QSR" and "critical event." | |
| n/a | Meta has agreed that all Illinois agencies, including DCFS, can exclude documents that hit <u>solely</u> because an email signature block contains a search term. | |

Dated: January 14, 2025                        Respectfully submitted,

                                               **COVINGTON & BURLING LLP**

                                               */s/  Ashley M. Simonsen*
                                               Ashley Simonsen (State Bar. No. 275203)
                                               COVINGTON & BURLING LLP
                                               1999 Avenue of the Stars
                                               Los Angeles, CA 90067
                                               Telephone: (424) 332-4800
                                               Facsimile: + 1 (424) 332-4749
                                               Email: asimonsen@cov.com

                                               Phyllis A. Jones, *pro hac vice*
                                               Michael X. Imbroscio, *pro hac vice*
                                               Stephen Petkis, *pro hac vice*
                                               COVINGTON & BURLING LLP
                                               One City Center
                                               850 Tenth Street, NW
                                               Washington, DC 20001-4956
                                               Telephone: + 1 (202) 662-6000
                                               Facsimile: + 1 (202) 662-6291
                                               Email: pajones@cov.com
                                               Email: mimbroscio@cov.com
                                               Email: spetkis@cov.com

                                               Paul W. Schmidt, *pro hac vice*
                                               Christopher Y.L. Yeung, *pro hac vice*
                                               COVINGTON & BURLING LLP
                                               The New York Times Building
                                               620 Eighth Avenue
                                               New York, NY 10018-1405
                                               Telephone: + 1 (212) 841-1262
                                               Facsimile: + 1 (202) 662-6291
                                               Email: pschmidt@cov.com
                                               Email: cyeung@cov.com

                                               *Attorneys for Defendants Meta Platforms, Inc.;*
                                               *Instagram, LLC; Meta Payments, Inc.; and Meta*
                                               *Platforms Technologies, LLC*

7

| | |
|---|---|
| **KWAME RAOUL**<br>Attorney General<br>State of Illinois<br><br>*s/ Matthew Davies*<br>Susan Ellis, Chief, Consumer Protection Division<br>(IL Bar No. 6256460)<br>Greg Grzeskiewicz, Chief, Consumer Fraud Bureau<br>(IL Bar No. 6272322)<br>Jacob Gilbert, Deputy Chief, Consumer Fraud<br>Bureau (IL Bar No. 6306019)<br>Matthew Davies, Assistant Attorney General,<br>Consumer Fraud Bureau (IL Bar No. 6299608), *pro hac vice*<br>Emily María Migliore, Assistant Attorney General,<br>Consumer Fraud Bureau (IL Bar No. 6336392)<br>Kevin Whelan, Assistant Attorney General,<br>Consumer Fraud Bureau (IL Bar No. 6321715), *pro hac vice*<br>Daniel B. Roth, Assistant Attorney General,<br>Consumer Fraud Bureau (IL Bar No. 6290613), *pro hac vice*<br>Office of the Illinois Attorney General<br>115 S. LaSalle Street<br>Chicago, Illinois 60603<br>312-814-2218<br>Susan.Ellis@ilag.gov<br>Greg.Grzeskiewicz@ilag.gov<br>Jacob.Gilbert@ilag.gov<br>Matthew.Davies@ilag.gov<br>Emily.Migliore@ilag.gov<br>Kevin.Whelan@ilag.gov<br>Daniel.Roth@ilag.gov<br><br>*Attorneys for Plaintiff the People of the State of Illinois* | |

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: January 14, 2025

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen