Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

*Attorney for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**DEFENDANTS' OPPOSITION TO CERTAIN CALIFORNIA AGENCIES' MOTION TO ENLARGE TIME FOR SUBSTANTIAL COMPLETION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Meta respectfully opposes the Motion for Enlargement of Time of the Office of the Governor of California, California Department of Finance, and California Department of Public Health primarily for the same reason that it opposed a similar motion by New Jersey: the motion is unnecessary because Meta is currently negotiating an extension with all of the States given their widespread failures to meet the existing substantial completion deadlines, such negotiations would resolve these California agencies' request if successful, and Meta already agreed to give these California agencies an additional three days of time to allow these negotiations to progress to resolution.  If these global extension discussions are unsuccessful, these California agencies can seek an extension at that point in time.  Piecemeal extension

requests like this undermine the parties' broader efforts to resolve the continued State violations of this Court's scheduling orders and unnecessarily burden the Court and Meta. It should be denied.

## ARGUMENT

As of their February 7, 2025 substantial completion deadline, these California agencies have produced about 8,200 documents to Meta. The day before that deadline, these California agencies told Meta they were going to violate the deadline, and asked Meta for an extension until February 21, 2025 to meet obligations that date back to September of last year.

This impending violation was not unique to these California agencies. By Meta's count, agencies from at least 14 out of the 22 States subject to agency discovery whose substantial completion deadlines have passed have violated that deadline in some form.[1] *See* ECF No. 1669 at 2 n.2. For that reason, at the time of these California agencies' request, Meta was conferring with the States' co-leadership regarding a potential agreement on schedule modifications to resolve this serious issue in a way that limits the further prejudice to Meta. The parties intend to resolve these discussions promptly. Meta agreed to grant these California agencies an additional three days—until February 10, 2025—so that the parties can determine whether they are able to reach an agreed-on schedule to present to the Court, which would grant these California agencies relief on the points it addresses in its request.

Given this status, these California agencies' motion is wholly unnecessary and needlessly burdens the Court and Meta. Piecemeal requests like this also threaten to undermine the parties' ability to negotiate an overall agreement that may be presented to the Court.

If the Court is nevertheless inclined to consider these California agencies' request for standalone relief, it should be denied on the merits because these California agencies have not set forth "good cause" for yet another extension of the document production deadline.[2] For nearly three months following this Court's September 6, 2024 order granting Meta Rule 34 agency discovery, these California agencies "refuse[d] to meet and confer with Meta at all regarding search terms and custodians—in clear and direct

---

[1] Kentucky also would have violated the deadline but for receiving an extension.

[2] The Court's original substantial completion deadline was September 20, 2024. ECF No. 606. The deadline has been extended three times: to (1) November 5, 2024 (ECF No. 1159); (2) December 23, 2024 (ECF No. 1380); and (3) February 7, 2025 for these California agencies (ECF No. ECF No. 1495-1 at 2).

2
**DEFENDANTS' OPPOSITION TO CERTAIN CALIFORNIA AGENCIES' MOTION TO ENLARGE TIME FOR SUBSTANTIAL COMPLETION**

contravention of this Court's Orders and Judge Gonzalez Rogers' Orders." ECF No. 1380 at 3. These California agencies finally changed course in December 2024, and agreed to search parameters with Meta on January 15, 2025 (*see* ECF No. 1560). At the time of this agreement, these California agencies were subject to a February 7, 2025 substantial completion deadline that the Court expected to be met: "[t]he Parties should not expect the Court to grant further extensions for completing this discovery, and the Court will view with a jaundiced eye failures to meet the deadlines set by this Order given the long pendency of this discovery, the extensive guidance previously provided by the Court, and the motions practice this discovery has inordinately spawned." ECF No. 1495.

These California agencies seek to establish the "good cause" needed for an extension under Federal Rule of Civil Procedure 6(b)(1)(A) by claiming that the "sheer computing time" to run agreed-upon searches "was far greater than expected during the meet and confer process with Meta that led to an agreement." Mot. at 4. That ignores the fact that these California agencies left themselves with little margin for error by choosing not to act on their discovery obligations for three months. While these California agencies state that they "have been working assiduously to meet this Court's discovery deadlines," *id*. at 3, that was not the case for the bulk of the time they have been subject to discovery obligations pursuant to this Court's September 6, 2024 order. Granting these California agencies another deadline extension would excuse their improper delays.

This Court also already has rejected these California agencies' last attempt to set a later substantial completion deadline. ECF No. 1495-1 at 2 (denying California's request for a February 14, 2025 deadline). These California agencies offer no good reason to reconsider that decision now.

Finally, while these California agencies claim that a continuance "works no prejudice to Meta," ECF No. 1663 at 4, that is not true. February 21, 2025—the date of their requested extension—is the deadline for Meta to serve fact witness deposition notices. *See* ECF No. 1380 at 2. Extending these California agencies' substantial completion deadline to that same date leaves Meta with no ability to ascertain the identities of potential fact deponents based on a substantially complete document production from these California agencies. Such an extension also leaves Meta with two fewer weeks in the presumptive window for Rule 30(b)(6) deposition to conduct such a deposition. *See* ECF No. 1495-1 at 3. Finally, the collective impact of various States' piecemeal extension requests prejudices Meta's broader

3

**DEFENDANTS' OPPOSITION TO CERTAIN CALIFORNIA AGENCIES' MOTION TO ENLARGE TIME FOR SUBSTANTIAL COMPLETION**

ability to defend against this litigation.  *E.g.*, ECF No. 1664 at 2–3 (detailing prejudice caused by New Jersey's extension request).  Notably, these California agencies do not offer any corresponding extension of deadlines for Meta, making clear that their no-prejudice claim is incorrect and providing ample grounds for denying their request.

The prejudicial time crunch caused by these California agencies' requested extension is compounded further by the fact that the States, including California, have broadly refused to make witnesses available in February, with only one State (New York) agreeing to do so on February 28.  The rest have requested dates in March and April, with most clustered at the very end (or even after) the current fact discovery period.  If these California agencies really require more time, they should seek broader relief that avoids prejudice to Meta.

The District Court has acknowledged that the current schedule is "ambitious," ECF No. 1608 at 4, and this Court was clear when it set these California agencies' substantial completion deadline over a month ago that further extensions were unlikely to be forthcoming.  Nothing in these California agencies' motion offers a compelling reason to deviate from this Court's prior guidance.  Deviating would cause Meta prejudice by further shortening the time that Meta will have to review these California agencies' productions and to take depositions in this case.  These California agencies' motion should be denied.

Dated: February 10, 2025               Respectfully Submitted,


                                                         COVINGTON & BURLING LLP


                                                         By:  */s/ Ashley M. Simonsen*
                                                         Ashley M. Simonsen, SBN 275203
                                                         COVINGTON & BURLING LLP
                                                         1999 Avenue of the Stars
                                                         Los Angeles, CA 90067
                                                         Telephone: (424) 332-4800
                                                         Facsimile: + 1 (424) 332-4749
                                                         Email: asimonsen@cov.com