[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING NEGOTIATED AMENDMENT OF THE DEPOSITION PROTOCOL (ECF NO. 742)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

1      Meta and the MDL/JCCP Plaintiffs (together the "Parties") hereby agree to the following
2  negotiated amendment of the Deposition Protocol entered by the Court at ECF 742.
3      WHEREAS, the current rules governing discovery allow the MDL/JCCP PISD Plaintiffs
4  240 hours of questioning time at depositions of current and former Meta employees and also
5  allow the MDL AG Plaintiffs an additional 48 hours of questioning time at depositions of current
6  and former Meta employees (ECF No. 667) (together, "the MDL Budget");
7      WHEREAS, the parties agreed to a deposition protocol that the Court entered on April 3,
8  2024 (ECF No. 742) which sets forth a provision by which MDL/JCCP Plaintiffs may cross-
9  notice into depositions noticed by state attorneys general prosecuting their claims outside of the
10 MDL ("Non-MDL AGs");
11     WHEREAS, the states attorneys general of Massachusetts, Tennessee, and Arkansas
12 ("Non-MDL Coordinated AGs") have endeavored to coordinate with the MDL/JCCP Plaintiffs to
13 promote efficiency, and have therefore participated in 21 depositions to date;
14     WHEREAS, the attorneys general of other jurisdictions besides Massachusetts,
15 Tennessee, and Arkansas ("Non-MDL Non-Coordinated AGs") have not appeared or asked
16 questions at the 21 depositions taken to date and have independently noticed depositions of other
17 former or current Meta employees;
18     WHEREAS, the Parties have an ongoing disagreement regarding whether and to what
19 extent time spent questioning current and former Meta employees by the Non-MDL Coordinated
20 AGs shall count against the MDL Budget;
21     WHEREAS, the Parties have an ongoing disagreement regarding whether and to what
22 extent MDL/JCCP Plaintiffs should be permitted to show to certain deponents certain documents
23 that Meta has designated as "HIGHLY CONFIDENTIAL" under the Court's Protective Order;
24     NOW, THEREFORE, the Parties stipulate and agree as follows:
25     1.   With respect to depositions jointly noticed by the MDL/JCCP Plaintiffs and the
26 Non-MDL Coordinated AGs that were conducted on or before February 10, 2025 ("Past
27 Depositions"), time spent questioning by the Non-MDL Coordinated AGs will not count against
28 the MDL Budget, with the exception of 3.25 hours which shall be counted against the MDL

Budget;

2. With respect to depositions jointly noticed by the MDL/JCCP Plaintiffs and the Non-MDL Coordinated AGs that are conducted between February 11, 2025 and April 4, 2025 ("Future Depositions"), the Non-MDL Coordinated AGs may lead 5 depositions and, at each such deposition, the first 5.5 hours spent questioning by the Non-MDL Coordinated AG leading each deposition will not count against the MDL Budget, but any time in excess of such 5.5 hours will count against the MDL Budget;

3. For purposes of the foregoing provision, to "lead" a deposition means either to (a) question first, or (b) question for the largest amount of time among all participating plaintiffs;

4. With respect to Future Depositions, time spent questioning by the Non-MDL Coordinated AGs in a capacity other than as lead will not count against the MDL Budget, except that for each such deposition time in excess of 1 hour conducted by the Arkansas AG's office in such a non-lead capacity will count against the MDL Budget;

5. With respect to depositions noticed by Non-MDL Non-Coordinated AGs conducted on or before April 4, 2025, Meta will provide the final transcript of each such deposition to the MDL/JCCP Plaintiffs within three business days of receipt, and the final video of each such deposition to the MDL/JCCP Plaintiffs within three business days of receipt, and Meta waives any argument that such transcripts and videos are not authentic or admissible on the ground that the MDL/JCCP Plaintiffs did not cross-notice and appear at such depositions, notwithstanding any provisions related to cross-noticing in the Deposition Protocol (ECF No. 742), but Meta reserves its rights in all other respects concerning the admissibility of such transcripts and videos at summary judgment or trial;

6. With respect to depositions noticed by Non-MDL Non-Coordinated AGs conducted after April 4, 2025, the Parties reserve their rights and will endeavor to further meet and confer on this issue;

7. At the upcoming depositions of Susan Li, Chris Cox, Nick Clegg, Alex Schultz, Adam Mosseri, and Mark Zuckerberg (the "Apex Deponents"), MDL/JCCP Plaintiffs may show the deponent any documents designated as HIGHLY CONFIDENTIAL to the extent presently

permitted by the Court's Protective Order § 7.4; and

8. At the upcoming depositions of Susan Li, Chris Cox, Nick Clegg, Alex Schultz, Adam Mosseri, and Mark Zuckerberg (the "Apex Deponents"), MDL/JCCP Plaintiffs may show the deponent any documents designated as HIGHLY CONFIDENTIAL to the extent not presently permitted by the Court's Protective Order § 7.4, provided the MDL/JCCP Plaintiffs share with Meta's counsel such documents which in good faith they are considering to actually use with the witness (not to exceed 20) three business days in advance of the deposition at which the documents will be used, and subject to Meta reserving all other objections to use of the document and any related testimony at the time of summary judgment and trial.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 11, 2025

HON. PETER H. KANG
UNITED STATES MAGISTRATE JUDGE

DATED: February 10, 2025        Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel for Personal Injury and School District/Local Government Entity Plaintiffs*

**ROB BONTA**
Attorney General
State of California

/s/ *Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000 San Francisco, CA 94102-7004 Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

/s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*pro hac vice*
Section Chief, Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

*Attorney for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109), *Pro hac vice*
Philip Heleringer (KY Bar No. 96748), *Pro hac vice*
Zachary Richards (KY Bar No. 99209), *Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ *Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Danny Rheiner, CO Reg. No. 48821
Assistant Attorney Generals
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

COVINGTON & BURLING LLP

*/s/ Michael X. Imbroscio*

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
Michael X. Imbroscio, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: mimbroscio@cov.com

Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

## ATTESTATION

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: February 10, 2025

By: */s/ Lexi J. Hazam*
Lexi J. Hazam