UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING PLAINTIFFS' NOTICES OF INTENT TO TAKE DEPOSITIONS OF THREE FORMER META EMPLOYEE WITNESSES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Plaintiffs and the Meta Defendants respectfully submit this letter brief regarding a dispute as to Plaintiffs' notices of intent to take depositions of three former Meta employee witnesses.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference and email before filing this brief. The final conferral was held on March 18, 2025 via videoconference and was attended by lead trial counsel for the Parties involved. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated: March 19, 2025

Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone: 415-956-1000

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA

**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS

DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE
ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee
Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for PI/SD Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/ *Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542,
*pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law

Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 /s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

<u>/s/ Philip Heleringer</u>
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

<u>/s/ Thomas Huynh</u>
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,

Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs*

**COVINGTON & BURLING LLP**

By:  */s/ Ashley Simonsen*
Ashley M. Simonsen, SBN 275203
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: +1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
         pschmidt@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**Plaintiffs' Position**: The Court should reject Meta's effort to run out the clock on three depositions of its former employees. Plaintiffs noticed these depositions on March 12-13, 2025, weeks before the fact discovery deadline. One of the depositions has been scheduled for early April at the request of the witness himself—a sitting member of U.K Parliament with significant demands on his time. Although Meta claims it is being prejudiced by these depositions occurring on less than 30 days' notice, the depositions will proceed regardless of Meta's objections here: all three depositions were cross-noticed by the Attorneys General of Tennessee, Massachusetts, and Arkansas, none of whom are subject to this case's April 4 fact discovery cutoff. In addition, none of these witnesses are custodians, lightening the burden on Meta's counsel to prepare. Finally, Plaintiffs have offered to conduct two of the depositions after April 4 subject to witness availability, further negating any claim of prejudice due to insufficient notice.

***Plaintiffs seek to depose three former Meta employees with relevant testimony.*** This dispute pertains to three former Meta employees: Sarah Wynn-Williams, a top government relations official for Meta; Josh Simons MP, a visiting research scientist with Meta's Responsible Artificial Intelligence Team; and Brian Boland, a vice president in charge of partnerships. All three have relevant testimony to offer. Ms. Wynn-Williams' memoir, *Careless People: A Cautionary Tale of Power, Greed, and Lost Idealism*, published only last week, includes a chapter titled "Emotional Targeting."[1] In this chapter, she writes about how Meta "commercializes and exploits [its] youngest users" and uses its teenage users' data "to target young people when they're vulnerable." Examples include work Meta did "for a beauty product company tracking when thirteen-to-seventeen-year-old girls delete selfies, so it can serve a beauty ad to them at that moment." Ms. Wynn-Williams describes how Meta "does not acknowledge" this sort of tracking after the media catches wind, but instead "pretends the opposite" by "flat-out l[ying]" to the public. Mr. Simons has offered his testimony as a former employee who understands how Meta manipulates its algorithms to benefit the company and harm its young users. Mr. Boland wrote a recent blog post calling attention to how Meta has "harmed teenage users," among other problems.

Meta's conjecture that Plaintiffs may use Ms. Wynn-Williams' deposition to obtain embarrassing testimony about unrelated topics is completely unsupported. Furthermore, it is beside the point; while portions in Ms. Wynn-Williams' book may not pertain to this case, others, in particular a chapter entitled "Emotional Targeting" containing the passages quoted above, indisputably do. Likewise, Meta attempts to argue that the Court should block Mr. Simons' deposition because this case is not about "responsible AI." But this case *is* about Meta's platform design choices, including how Meta uses machine learning (a form of AI) to hook kids to its platforms, demonstrating that the testimony Mr. Simons is willing to offer is relevant to this case.

***Meta cannot show prejudice from these depositions.*** Meta faults Plaintiffs for not noticing these depositions at least 30 days before the close of fact discovery. Plaintiffs only recently "learned of material information" giving rise to the need for these depositions, which "justifies the timing" of the notices. *In re PFA Ins. Mktg. Litig.*, 2021 WL 3476775, at *1 (N.D. Cal. Aug. 4, 2021) (Gonzalez Rogers, J.) (allowing plaintiffs to depose witness after the discovery cutoff). With

---

[1] All quotations in this paragraph come from the cited chapter, which appears on pages 333–38. Plaintiffs can provide a copy of this chapter at the Court's request.

respect to Ms. Wynn-Williams, it would have been impossible for Plaintiffs to predict the need for her testimony: she published her memoir on March 11, 2025, less than a month before the April 4 discovery cutoff. Meta cites several 2017 articles that supposedly "refuted" the allegations in Ms. Wynn-Williams' book. None of these articles mention Ms. Wynn-Williams, so it is unclear how these articles were supposed to inform Plaintiffs of a need for her testimony years ago.[2] Meanwhile, Plaintiffs' counsel first made contact with Mr. Simons only three weeks ago and notified Meta promptly after learning he would agree to testify. Finally, although Mr. Boland has been a prominent critic of Meta since his 2020 departure, his relevance to this case was cast into sharper relief by his January 2025 blog post discussing harm to teenage users. Given Plaintiffs' diligence in promptly noticing these depositions, good cause exists to permit the depositions at this juncture. *See, e.g.*, *Cellulose Material Sols., LLC v. SC Mktg. Grp., Inc.*, 2023 WL 5184134, at *4–5 (N.D. Cal. Aug. 11, 2023).

Even if Meta were correct that Plaintiffs could and should have noticed these depositions earlier, Meta cannot show prejudice. *See id.* (considering prejudice); *PFA*, 2021 WL 3476775, at *1 (same). As noted above, these depositions will proceed regardless of Meta's MDL objections. It would be unfair to MDL Plaintiffs—who include over 30 state AGs—if these other government plaintiffs were able to proceed with the depositions but Plaintiffs here were precluded from participating, due only to a procedural issue that has caused Meta zero discernible prejudice.

Meta's absolutist view of the fact discovery "deadline" is misplaced. The Parties in this litigation have made clear that, where necessary, the April 4 deadline should be extended to allow relevant discovery to take place. For instance, on February 25, 2025, Meta belatedly updated its initial disclosures to identify a witness who has worked at Meta for over a decade. Rather than dispute this amendment as untimely, Plaintiffs permitted Meta to offer this witness for deposition after the April 4 deadline.[3] Similarly, in light of various discovery infirmities by TikTok, that defendant has permitted Plaintiffs to take fact depositions for nearly **two months** after the cutoff. ECF 1756 (granting stipulation that sets May 30, 2025 deadline for TikTok depositions). Finally, just this week (on March 17), the TikTok Defendants served a Rule 45 subpoena seeking an April 4 deposition of non-party Nir Eyal.[4] This subpoena was served only 18 days before the discovery cutoff, a violation of Meta's very own rule. This delay is many times more inexplicable given that Plaintiffs listed Mr. Eyal on their initial disclosures, which they served on February 22, **2024**. Meta cannot argue with a straight face that the April 4 fact discovery deadline should be absolute while at the same time its co-Defendants benefit from flexibility on the margins that is inherent in the discovery process.

Furthermore, Plaintiffs have acted as quickly as possible to schedule these depositions. Plaintiffs

---

[2] Meta also cannot claim exoneration through a 2017 public denial, particularly given Ms. Wynn-Williams' discussions of Meta's "flat-out lie[s]" in response to outcry over the company's targeting of minors.

[3] Indeed, due to Meta's failure to provide dates, Plaintiffs are already forced to take several Meta depositions after the cutoff. This will likely include a 30(b)(6) deposition first noticed by the State AGs in January for a date in February.

[4] This deposition is not subject to the stipulated TikTok discovery extension, which applies only to "fact and 30(b)(6) witnesses of the TikTok Defendants" as noticed by Plaintiffs. ECF 1756.

informed Meta on March 12 that they intended to depose Ms. Wynn-Williams and Mr. Boland.[5] The next day, they told Meta that Mr. Simons would sit for a deposition on April 1. Mr. Simons is a sitting member of the U.K. Parliament and his availability is strictly limited. Meta and its counsel could have spent the last week preparing for this deposition instead of arguing that to do so would be unfair. During this same time, Plaintiffs have taken down several previously scheduled Meta depositions, including those of two Apex witnesses. This leaves MDL Plaintiffs plenty of time to depose these three additional witnesses within the Court-ordered limits. If Meta feels it has insufficient time to prepare before April 4, Plaintiffs are willing to depose Ms. Wynn-Williams and Mr. Boland a reasonable time after the discovery deadline.[6]

The Court should allow these three depositions to proceed over Meta's process objections.

**Meta's Position:**  Plaintiffs' untimely effort to force depositions of tangential third-party witnesses (two of whom would require transatlantic travel) on two-to-three weeks' notice should be denied.  Pursuant to the Court-Ordered deposition protocol (ECF 743, § II.E.1), "[u]nless otherwise agreed by the Parties or ordered by the Court, the deposition notice shall be served no less than thirty (30) days prior to a deposition in accordance with Section D of the Court's Standing Order for Discovery in Civil Cases, " which in turn requires service of a witness subpoena "at least thirty (30) calendar days before the scheduled deposition unless otherwise stipulated."  Late last week, Plaintiffs informed Meta of their intention to depose U.K. Member of Parliament Josh Simons, apparent U.K. resident Sarah Wynn-Williams, and Seattle-area resident Brian Boland on 19, 16, and 22 days' notice, respectively.  Simons[7] and Boland were served on 15 and 17 days' notice, while Wynn-Williams has yet to be served.[8]

---

[5] Plaintiffs served Mr. Boland, who is located in Washington State, with a Rule 45 subpoena on March 17, and they are conferring with his lawyer about the deposition. Plaintiffs are still attempting to serve Ms. Wynn-Williams. Given that Ms. Wynn-Williams may be in London, Meta raises the possibility of delays from service pursuant to the Hague Service Convention. But the procedures Meta cites, which pertain to service via a signatory country's "central authority," do not apply if a subpoena is "served by delivery to an addressee who accepts it voluntarily." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 5.

[6] As noted above, Mr. Simons informed Plaintiffs though his lawyer that he is only available to sit for his deposition on April 1.

[7] According to Plaintiffs, Simons has agreed to accept service *only* if the deposition proceeds on April 1 in London.  Plaintiffs admit that they have been surreptitiously coordinating this deposition for three weeks, rendering Meta the only party prejudiced by this short notice.

[8] Because Wynn-Williams lives in London, she would need to be served through the Hague, a process that cannot be completed on Plaintiffs' impermissible timeline.  *See United Kingdom – Central Authority (Art. 2) and Practical Information,* Hague Convention Conference on Private International Law Authorities, *available at* https://www.hcch.net/en/states/authorities/details3/?aid=526 (process usually takes "between 6 and 12 months"); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, 2021 WL 11960830, at *2 (D. Del. Oct. 15, 2021) (finding lack of diligence in seeking Hague process with only ten days remaining in discovery period).  The requirement that depositions be noticed for at least 30 days after service of a subpoena ensures that a litigant is not forced to scramble to prepare for a deposition that may never occur.

3

Meta cannot stipulate to these noticed dates in the middle of an intensive period entering the last three weeks of fact discovery. In the interval between Plaintiffs' noticing these depositions and the proposed dates, the MDL Plaintiffs are taking the depositions of eight witnesses (many calendared for two days), including Meta's CEO (Mark Zuckerberg), the Head of Instagram (Adam Mosseri), Meta's President of Global Affairs (Nick Clegg), a former employee who leaked documents to the *Wall Street Journal* (Frances Haugen), and a former employee the States interviewed as part of their pre-suit investigation (Arturo Béjar). Meta's focus is rightfully on preparing for these key depositions and to meet expert report deadlines that are just one month away, and conducting deposition discovery of PI, SD, and AG Plaintiffs. Meta should not be unreasonably diverted from those meaningful efforts to get ready for three new depositions on short notice, and when their apparent factual connection to these cases is tenuous.[9]

Plaintiffs' last-minute noticing of these witnesses is contrary not only to this Court's orders, but also to both the Court's and Plaintiffs' prior statements. Last March, when the fact discovery cut-off was December 20, the Court incentivized the parties to start noticing depositions to avoid "depo notices being sent out in September and October"—*i.e.*, three to four ***months*** before the close of fact discovery—"and then people come back to me and say, 'Oh, there's no time.'" 3/18/24 DMC Tr. at 24:14–17. And on December 19, Plaintiffs' co-lead counsel e-mailed Meta to lock in dates for remaining deponents in order "to generate some predictability for what is sure to be an extremely hectic Q1," recognizing the prejudice caused by last-minute depositions.[10]

Nor is Plaintiffs' untimeliness substantially justified. *See Woods v. Google LLC*, 2018 WL 5941122, at *3 (N.D. Cal. Nov. 14, 2018) (quashing subpoenas served three days prior to fact discovery deadline, because the party had not "show[n] good cause to pursue" late discovery); *Crayton v. Rochester Med. Corp.*, 2010 WL 392341, at *2 (E.D. Cal. Jan. 25, 2010) (quashing subpoena outside discovery period as untimely because "Plaintiff did not move to amend the discovery deadline beyond the Court's order, nor has he attempted to establish due diligence for such a request"). Chasing headlines, Plaintiffs seek to depose Wynn-Williams, a former Meta employee who recently published a memoir filled with salacious (and untrue) HR allegations.[11] The book's substance, too, is largely unrelated to this case (*e.g.*, allegations of targeting voters in the lead-up to the 2016 election and efforts to operate in China). In a single chapter (6 pages out of 382), Wynn-Williams alleges that Meta offered advertisers the ability to target teens based on their emotional state. This subsequently-refuted allegation was first made in 2017, when it was reported by *The Australian* and covered in [Wired](), [Fast Company](), [CNET](), [Independent](), [The Guardian,]() [Cosmopolitan](), and [MIT Technology Review](). *See, e.g.*, *Facebook Targets 'Insecure'*

---

[9] In any event, Plaintiffs are wrong that Meta must show prejudice as a predicate to enforcing court orders.

[10] Plaintiffs' goose-gander allegations (to the extent they even relate to Meta) are misplaced. Meta informed Plaintiffs it would be adding Monika Bickert to its initial disclosures on February 18 (*i.e.*, with 45 days left in the fact discovery period); Plaintiffs, not Meta, requested a later deposition date. That Plaintiffs could not prepare for such deposition within 45 days proves the unfairness of proceeding with these depositions on a much more compressed schedule.

[11] Wynn-Williams was recently ordered by an arbitrator to cease making disparaging statements concerning Meta, including further promotion or publication of her book. *See* Interim Award, *Meta Platforms, Inc. v. Wynn-Williams* (Mar. 12, 2025), *available at* https://about.fb.com/wp-content/uploads/2025/03/Arbitration-Interim-Award.pdf.

4

*Kids*, The Australian (May 1, 2017) (alleging incorrectly[12] that "Facebook is using sophisticated algorithms to identity [sic] and exploit Australians as young as 14, by allowing advertisers to target them at their most vulnerable, including when they feel 'worthless' and 'insecure,' secret internal documents reveal."). In fact, as the book states, Wynn-Williams "didn't know anything about this" issue until it was publicly reported. In any event, Plaintiffs made no effort to discover these facts during the discovery period. *See Cleveland v. Behemoth*, 2022 WL 22902582, at *5 (S.D. Cal. Nov. 22, 2022) (quashing late subpoenas because "Plaintiff never previously sought these records . . . during the fact discovery period").

The timing of the Simons and Boland notices is equally unjustified. Boland left Meta in November 2020 and Simons was a part-time visiting researcher until June 2022. As for Simons, Plaintiffs confirmed that a sitting U.K. Member of Parliament was available to testify with his counsel—a process they admit took three weeks—before ever informing Meta of their intention to take his deposition.[13] And Boland has been a prolific and vocal critic of Meta since at least July 2021, yet Plaintiffs waited until past their deadline for providing notice of his testimony to seek it. *See, e.g.*, *Inside Facebook's Data Wars*, N.Y. Times (July 14, 2021) (claiming to have left Facebook based on personal view that "the most senior leadership in the company does not want to invest in understanding the impact of its core products"); *see also, e.g.*, Social Media's Impact on Homeland Security: Hearing Before the S. Comm. on Homeland Sec. & Gov't Affairs, 117th Cong. 681 (2022) (Boland testifying to concerns about social media and "harmful content"). Indeed, Plaintiffs' brief admits that their desire to depose him is based on a blog post he wrote on **January 7, 2025** (which merely links to a news story about another deponent, Arturo Béjar)—leaving ample time for them to have followed this Court's orders.

By the close of fact discovery, the MDL Plaintiffs will have the deposition testimony of nearly 50 current or former Meta employees. In coordination with plaintiffs in related litigation,[14] Plaintiffs have already secured more than **350 hours** of deposition testimony of Meta witnesses. In the waning days of the fact discovery period, the parties' efforts should be devoted to completing the discovery already served, not to noticing new depositions. *Cf. Cleveland*, 2022 WL 22902582, at *3 ("'It is black letter law that parties may not issue subpoenas . . . as a means to engage in discovery after the discovery deadline has passed.'"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 WL 12316020, at *1 (N.D. Cal. Aug. 29, 2013) ("If a party could evade discovery deadlines to continue to conduct third-party discovery until the time of trial, the universe of documents relevant to the case would never be settled prior to trial.").

---

[12] *See Comments on Research and Ad Targeting*, Meta (Apr. 30, 2017), https://about.fb.com/news/h/comments-on-research-and-ad-targeting (analysis "was never used to target ads").

[13] The only substantive deposition topic Plaintiffs offer for Simons, who worked on the Responsible AI team at Meta, is a generic reference to the algorithm.

[14] Plaintiffs assert that the depositions will be taken by other plaintiffs with whom the MDL Plaintiffs are coordinating in all events. But the MDL Plaintiffs, not Arkansas, Massachusetts, or Tennessee, sought these depositions. The MDL Plaintiffs should not get to circumvent this Court's orders by leveraging other plaintiffs with whom they have a common interest only after Meta pointed out their non-compliance.

## ATTESTATION

      I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: March 19, 2025

                                          By: /s/ *Lexi J. Hazam*
                                              LEXI J. HAZAM